# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT D. BELUE,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Civil Action No.:** |
| ) | **2-06-CV-1034-WKW** |
| **A.O. SMITH ELECTRICAL** ) | |
| **PRODUCTS COMPANY, a division** ) | |
| **of A.O. SMITH CORPORATION, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## MOTION TO DISMISS

COME NOW, defendants A.O. Smith Corporation and A.O. Smith Electrical Products Company and move this Honorable Court for an Order of dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the plaintiffs' failure to state a claim against these defendants upon which relief can be granted, for failure to state a short and plain statement of the claim as required by Rule 8 of the Federal Rules of Civil Procedure.

In support of this motion, these defendants say as follows:

1.    On or about November 17, 2006, the plaintiffs filed a Complaint against these defendants and several other defendants claiming injury due to their exposure to asbestos. The Complaint does not make any allegations specifically against these defendants other than to say these defendants produced and/or manufactured electrical products including but not limited to motors.

2. The Complaint states in general terms that the decedents suffer from disease or illnesses following exposure to asbestos from products and/or machinery manufactured or sold by these defendants. The Complaint generally alleges that such products were defective in their design and marketing. No specific allegation is made as to these defendants, and no product manufactured, designed, and/or distributed by these defendants are identified anywhere in the Complaint.

The compliant does not list any more specific information regarding the plaintiffs' claims.

3. The Complaint alleges causes of action against all defendants for Alabama Extended Manufacturers Liability Doctrine, Product Liability, Negligence and Intentional Tort and Conspiracy. The Complaint is due to be dismissed for failure to state a claim against these defendants upon which relief can be granted.

4. The remainder of the Complaint is due to be dismissed because it fails to state a short and plain statement of the claim as required by Rule 8 of the Federal Rules of Civil Procedure. The Complaint is a shotgun complaint and is due to be dismissed.

In <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293 (11th Cir. 2002), the Eleventh Circuit described the problems associated with a shotgun complaint:

> FN9. This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("Shotgun pleadings ... impede[ ] the due administration of justice and, in a very real sense, amount[ ] to obstruction of justice.") (internal citation omitted); Magluta v. Samples, 256 F.3d 1282, 1284- 85 (11th Cir. 2001) (per curiam) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [this court has] condemned repeatedly, beginning at least as early as 1991" because "[i]t is in no sense the 'short and plain statement of the claim' required by Rule 8"); Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll., 77 F.3d 364, 366 (11th Cir. 1996) ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (internal citation omitted); Pelletier v. Zweifel, 921 F.2d 1465, (11th Cir. 1991) (describing "quintessential shotgun pleadings" complete with "rambling recitations" and "factual allegations that could not possibly be material" that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted").

Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296, FN 9 (11th Cir. 2002).

5. The Complaint does not list when, where, or how the plaintiffs used any product manufactured, sold, designed, or marketed by these defendants. The Complaint does not state whether these defendants manufactured, sold, designed, or marketed any product. The Complaint does not list what product these defendants allegedly manufactured, sold, designed, or marketed.

6. These defendants are unable to respond to any of the allegations of the Complaint without a location and time of any alleged exposure to asbestos. These defendants are unable to respond to the Complaint without information regarding

whether it manufactured, sold, designed, or marketed any product that may have been used by the plaintiffs.  These defendants are unable to respond to the allegations of the Complaint without information regarding the product apparently in question.  The Complaint is due to be dismissed for its failure to state a short and concise statement of the claim as required by Rule 8 of the Federal Rules of Civil Procedure.

    7.    The allegations of some or all of the plaintiffs are due to be dismissed because they are abated by prior pending suit.

    8.    These defendants hereby reserve the right to join in other arguments made by other defendants in any motions to dismiss that may be filed at a later date.

WHEREFORE, PREMISES CONSIDERED, these defendants move this Honorable Court for an Order of dismissal for failure to state a claim upon which relief can be granted and for failure to state a short and concise statement of the claim against this defendant.  In the alternative, these defendants move for a more definite statement to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/ James L. Pattillo
JAMES L. PATTILLO
ASB-2746-A49-P
E-mail: jpattillo@NWKT.com

          NORMAN, WOOD, KENDRICK
             & TURNER
Financial Center - Suite 1600
505 Twentieth Street North
Birmingham, AL  35203
Telephone: (205) 328-6643
Fax:  (205) 251-5479

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **ROBERT D. BELUE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No.:** |
| | ) | **2-06-CV-1034-WKW** |
| **A.O. SMITH ELECTRICAL** | ) | |
| **PRODUCTS COMPANY, a division** | ) | |
| **of A.O. SMITH CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record:

    Respectfully submitted,

    s/ James L. Pattillo
    JAMES L. PATTILLO
    ASB-2746-A49-P
    E-mail: jpattillo@NWKT.com


    NORMAN, WOOD, KENDRICK
       & TURNER
    Financial Center - Suite 1600
    505 Twentieth Street North
    Birmingham, AL  35203
    Telephone: (205) 328-6643
    Fax:  (205) 251-5479