THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **ROBERT D. BELUE;** | ) | |
| | ) | |
| **JACK BOYER;** | ) | |
| | ) | |
| **BETTY COX,** Individually and as | ) | |
| Representative of the Estate of **HAROLD W.** | ) | **CIVIL ACTION** |
| **COX, SR.;** | ) | Case No. |
| | ) | |
| **JOHNNY A. DAVIS;** | ) | 2:06-CV-1034-WKW |
| | ) | |
| **ETHEL EVANS,** Individually and as | ) | |
| Representative of the Estate of **MELVIN** | ) | |
| **EVANS;** | ) | |
| | ) | |
| **ISSAC L. GIBSON;** | ) | |
| | ) | |
| **PATRICIA HOLCOMBE,** Individually and as | ) | **JURY DEMAND** |
| Representative of the Estate of **JOSEPH** | ) | |
| **JAMES HOLCOMBE, SR.;** | ) | |
| | ) | |
| **SARA JONES,** Individually and as | ) | |
| Representative of the Estate of **CHARLES R.** | ) | |
| **JONES;** | ) | |
| | ) | |
| **BARBARA JONES,** Individually and as | ) | |
| Representative of the Estate of **WALTER** | ) | |
| **JONES;** | ) | |
| | ) | |
| **JUDY PARTAIN,** Individually and as | ) | |
| Representative of the Estate of **MAVIS** | ) | |
| **KELLY;** | ) | |
| | ) | |
| **WANDA C. MILLER, individually and as** | ) | |
| **Representative for the Estate of FRANK T.** | ) | |
| **MILLER;** | ) | |
| | ) | |
| **RONALD NORRIS;** | ) | |

**PENELOPE PERAKIS;**                              )
                                                  )
**WALTER POWELL;**                                )
                                                  )
**JAMES PRUITT;**                                 )
                                                  )
**DONNA CAGLE,** Individually and as              )
Representative of the Estate of **EDWIN**         )
**SEMEVOLOS;**                                    )
                                                  )
**ROGER SEYMORE;**                                )
                                                  )
**FRANK WALTHER;**                                )
                                                  )
**LILLIAN H. WILLIAMS**, Individually and as      )
Representative for the Estate of **MANUEL R.**    )
**WILLIAMS, SR.**                                 )
                                                  )
           Plaintiffs                             )
                                                  )
vs.                                               )
                                                  )
**ASBESTOS DEFENDANTS:**                          )
                                                  )
**A.O. SMITH ELECTRICAL PRODUCTS**               )
**COMPANY, a division of A.O. SMITH**            )
**CORPORATION;**                                 )
                                                  )
**A.O. SMITH CORPORATION;**                       )
                                                  )
**ALBANY INTERNATIONAL;**                         )
                                                  )
**ALLIS-CHALMERS CORPORATION;**                   )
                                                  )
**AMERICAN STANDARD, INC.;**                      )
                                                  )
**ARVINMERITOR, INC.;**                           )
                                                  )
**ASTEN JOHNSON, INC.**, individually and        )
as successor-in-interest to **ASTEN, INC.,**     )

successor-in-interest by way of name change )
to **ASTEN GROUP, INC.,** formerly trading )
as **ASTEN-HILLS MANUFACTURING** )
**CO.;** )
)
**BAYER CROPSCIENCE, INC.,** individual )
and as successor to **AVENTIS** )
**CROPSCIENCE USA, INC.** f/k/a **RHONE-** )
**POULENCE AG CO.,** f/k/a **AMCHEM,** )
**PRODUCTS, INC., BENJAMIN FOSTER** )
**CO.;** )
)
**BELL & GOSSETT,** a subsidiary of **ITT** )
**INDUSTRIES;** )
)
**BECHTEL CONSTRUCTION** )
**COMPANY;** )
)
**BONDEX INTERNATIONAL INC.;** )
)
**BORG WARNER CORPORATION** by its )
successor in interest, **BORGWARNER** )
**MORSE TEC INC.;** )
)
**BP AMERICA,** as successor in interest to )
**AMOCO CHEMICAL COMPANY,** )
**AMOCO CHEMICALS COMPANY,** )
**PLASKON ELECTRONIC MINERALS,** )
**AVISUNCORP., CARBORUNDUM,** )
**ATLANTIC RICHFIELD** )
**COMPANY/ARCO METALS,** as successor )
in interest to **ANACONDA AMERICAN** )
**BRASS COMPANY, AMERICAN BRASS** )
**COMPANY,** and **ANACONDA** )
**COMPANY;** )
)
**BP AMOCO CHEMICAL COMPANY;** )
)
**BUFFALO PUMP INC.;** )
)

3

CLARK-RELIANCE CORPORATION;    )
)
CLEAVER BROOKS, a division of AQUA    )
CHEM;    )
)
CONWED CORPORATION;    )
)
COOPER INDUSTRIES, LLC, f/n/a    )
COOPER INDUSTRIES, INC., individually    )
and as successor-in-interest to CROUSE-    )
HINDS;    )
)
CRANE CO., individually and as successor in    )
interest to DEMING PUMP,    )
CYCLOTHERM, HYDRO-AIRE, LEAR    )
ROMEC, RESISTOFLEX, SWARTWOUT    )
CO., STOCKHAM VALVE COMPANY,    )
WEINMAN PUMP COMPANY,    )
CHEMPUMP, and BURKS PUMPS;    )
)
CRANE PUMPS SYSTEMS, individually    )
and as successor to all pump companies    )
acquired by CRANE;    )
)
CUTLER HAMMER, currently referred to as    )
EATON ELECTRICAL, INC.;    )
)
EATON CORPORATION;    )
)
EMERSON ELECTRIC CO.;    )
)
EXTECO, INC., f/k/a THERMO    )
ELECTRIC CO., INC.;    )
)
FMC CORPORATION, individually and on    )
behalf of its former CONTRUCTION    )
EQUIPMENT GROUP, and former    )
PEERLESS PUMP DIVISION, COFFIN    )
TURBO PUMPS, and CHICAGO PUMP,    )
business;    )

**FLAME REFRACTORIES, INC.;**

**FOSECO, INC.;**

**FOSTER-WHEELER CORPORATION;**

**GARLOCK SEALING TECHNOLOGIES L.L.C.;**

**GENERAL ELECTRIC CO.;**
**GOODYEAR TIRE AND RUBBER CO.;**

**GOULDS PUMPS INC.;**

**HARNISCHFEGER CORPORATION;**

**HOBART BROTHERS COMPANY;**

**HONEYWELL, INC.,** specifically excluding liability for **NARCO,** individually and as successor to **ALLIED SIGNAL, BENDIX, WHEELABRATOR, RUST ENGINEERING, AND ALLIED CHEMICAL;**

**IMO INDUSTRIES, INC.,** formerly **IMO DE LAVAL,** formerly **TRANSAMERICA DE LAVAL TURBINE;**

**INDUSTRIAL HOLDINGS CORPORATION,** f/k/a **THE CARBORUNDUM COMPANY;**

**INGERSOLL-RAND COMPANY;**

**ITT INDUSTRIES INC.;**

**JOHN CRANE, INC.,** f/k/a **JOHN CRANE PACKING COMPANY;**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

KAISER GYPSUM COMPANY, INC.;                    )
                                                )
KELLY-MOORE PAINT COMPANY,                      )
INC.;                                           )
                                                )
THE LINCOLN ELECTRIC COMPANY;                   )
                                                )
MAREMONT CORPORATION;                           )
                                                )
METROPOLITAN LIFE INSURANCE                     )
COMPANY;                                        )
                                                )
NIKKO MATERIALS USA, INC., d/b/a                )
GOULD ELECTRONICS, INC.,                        )
individually and as successor in interest to    )
GOULDS, INC., IMPERAL                           )
CORPORATION, EASTMAN                            )
CORPORATION, IMPERIAL EASTMAN                   )
CORPORATION, ITE CIRCUIT                        )
BREAKER COMPANY, and CENTURY                    )
ELECTRIC;                                       )
                                                )
OGLEBAY NORTON COMPANY;                         )
                                                )
OWENS-ILLINOIS, INC.;                           )
                                                )
P&H CRANES;                                     )
                                                )
PNEUMO ABEX LLC, successor in interest          )
to ABEX CORPORATION;                            )
                                                )
RAPID AMERICAN  CORPORATION;                    )
                                                )
ROCKWELL AUTOMATION, successor               )
by merger to ALLEN-BRADLEY CO., LLC;            )
                                                )
SQUARE D COMPANY;                               )
                                                )
                                                )

**SUNBEAM PRODUCTS**                    )
**INCORPORATED**, f/k/a **SUNBEAM**     )
**CORPORATION;**                        )
                                        )
**SURFACE COMBUSTION;**                 )
                                        )
**TH AGRICULTURE & NUTRITION,**         )
**LLC;**                                )
                                        )
**THE MARLEY-WYLAIN COMPANY,**          )
d/b/a **WELL-MCLAIN COMPANY, INC.;**    )
                                        )
**UNION CARBIDE CORPORATION;**          )
                                        )
**UNIROYAL FIBER AND TEXTILE &**        )
**DIVISION OF UNIROYAL, INC.;**         )
                                        )
**VIACOM INC.,** successor by merger to **CBS**   )
**CORPORATION** f/k/a **WESTINGHOUSE**  )
**ELECTRIC CORPORATION;**               )

        Defendants.

## AMENDED COMPLAINT

Plaintiffs allege and complain against the above-named Defendants, and each demands a jury trial of all issues and causes of actions:

## JURISDICTION

This Court has subject jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiffs are resident citizens of the State of Alabama, Georgia, Texas, Massachusetts, Pennsylvania, and Utah, and Defendants are corporations whose principal places of business are in states other than those listed. The

7

amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the Court.

## STATUTE OF LIMITATIONS

"Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit, and statutes of limitations are considered substantive" *Van Buskirk v Cary Canandian Mines, Ltd.*760 F.2d 481(3rd Cir. Pa., 1985). Therefore, the Alabama Statute of limitations, and other related statutes, apply to this case.

### BACKGROUND FACTS — THE PLAINTIFFS

1.      Plaintiff **ROBERT D. BELUE,** a resident of Rogersville, Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as a Laborer at General Motors in Cleveland, Ohio in 1956; as a Laborer at National Carven in Cleveland, Ohio in 1957; as an Electrician at Monsanto Corporation in Decatur, Alabama from 1964-1966; as a Contractor

at Amoco in Decatur, Alabama from 1978-1999; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Asbestosis on or about October 13, 2006.

2.    Plaintiff **JACK BOYER,** a resident of Reading, Pennsylvania, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Unpacker at Ted Smith Appliances in Reading, Pennsylvania from 1942-1945; as a Carpenter at Carpenters Local 492 in Reading Pennsylvania in 1950; as a Carpenter at WN Moyer in Quakertown, Pennsylvania in the 1950's; as a Carpenter at Johns Manville in Reading, Pennsylvania in the 1950's; as a Maintenance person in the Reading School District in Reading, Pennsylvania from 1960-1987; as a Laundryman in the Navy aboard the USS Hydrus from 1944-1946; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Asbestosis on or about January 1, 2005.

3.    Plaintiff Betty Cox's Decedent, **HAROLD W. COX, SR.** a former resident of Dora, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died.  Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment Decedent worked, including but not limited to, U.S. Air Force in Trenton, New Jersey and Libya as a Communications Expert; at Bama Demolition in Birmingham, Alabama from 1964-1967 as a Foreman; at Hancock Hauling in Birmingham, Alabama in 1968 as a Driver; at W.J. Bullock in Fairfield, Alabama from 1970-1971 as a Smelter/Driver; as a Self-employed Truck Driver from 1995-1997; at Landspan Truck Lines in Atlanta, Georgia in 1972 as a Truck Driver; at G&B Trucking in Clanton, Alabama, from 1992-1994 as a Bus Driver; at Crow Bus Lines in Dothan, Alabama in 1990 as a Tour Bus Driver; at Bama Wrecking Company in Birmingham, Alabama from 1969-1970; at Southern States Demo in Birmingham, Alabama from 1973-1975 as a Demolition Expert; at Gaston Energy Resources in Birmingham, Alabama from 1976-1977 as a Loader; at W.J. Bullock in Fairfield, Alabama from 1978-1982 as a Shipping Clerk; at

Salvage One Demolition in Birmingham, Alabama from 1984-1986 as a

Foreman; at E and L Bus Leasing in Alabaster, Alabama from 1987-1988 as a

Tour Bus Driver; around furnaces, boilers, turbines and other industrial

equipment in his workplace, which contained significant amounts of asbestos-

containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to

asbestos and asbestos-containing materials and products, on or about, February

2, 2005.  This case is brought by his spouse, Betty Cox, a resident of Dora,

Alabama.

4.      Plaintiff **JOHNNY A. DAVIS,** a resident of Red Bay, Alabama

contracted one or more asbestos-related diseases including Asbestosis.

Plaintiff was continually exposed to asbestos-containing products, produced,

manufactured, specified for use, installed, distributed, sold and/or placed into

the stream of commerce by defendants as specified herein during his

employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but

not limited to, as a Laborer at Johns Manville in Waukegan, Illinois from

1968-1973; as a Laborer in the U.S. Army on Cargo Ships in Virginia, Alaska,

Texas; around furnaces, boilers, turbines, and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Asbestosis on or about July, 13, 2006.

5.    Plaintiff Ethel Evans' Decedent **MELVIN EVANS** a former resident of Whatley, Alabama, contracted one or more asbestos-related diseases including Cancer from which he died.  Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, MW Smith Lumber in Jackson, Alabama from 1960-1968 as a Loader of Lumber; McMillan Bloedell in Pine Hill, Alabama from 1968-1987 as a Press Operator;  around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, November 12. 2005.  This case is brought by his spouse, Ethel Evans, a resident of Whatley, Alabama.

6.     Plaintiff **ISAAC L. GIBSON,** a resident of Valley, Alabama,
contracted one or more asbestos-related diseases including Other Cancer.
Plaintiff was continually exposed to asbestos-containing products, produced,
manufactured, specified for use, installed, distributed, sold and/or placed into
the stream of commerce by defendants as specified herein during his
employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but
not limited to, as a Worker at Lanier Mill in Fairfax, Alabama from 1989 -
2006; as a Laborer/Machinist at Riverdale Mill in Riverview, Alabama from
1957-1989; around furnaces, boilers, turbines, and other industrial equipment
in his workplace, which contained significant amounts of asbestos-containing
products and materials.

Plaintiff was diagnosed with Other Cancer on or about September 28,
2005.

7.     Plaintiff, Patricia Holcombe's Decedent **JOSEPEH JAMES
HOLCOMBE, SR.,** a former resident of Chickasaw, Alabama, contracted one
or more asbestos-related diseases including Lung Cancer from which he died.
Decedent was continually exposed to asbestos-containing products, produced,
manufactured, specified for use, installed, distributed, sold and/or placed into

the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, as a Machinist, a filter stripper/soda operator at Courtaulds from 1976 – 2001 in Axis, Alabama; as a Meter Reader for Prichard Water Works from 2002 – 2003 in Pritchard, Alabama; as a Laborer filling oil tanks for Mobile Rosin Oil Company, from 2003 – 2004; as a Roofer for Campbell Roofing from in 2004 in Fort Wilson Beach, Florida; and in Saraland, Alabama in 2005; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, February 25, 2005. This case is brought by his spouse, Patricia Holcombe, a resident of Chickasaw, Alabama.

8.    Plaintiff Sara Jones' Decedent **CHARLES R. JONES** a former resident of Wadley, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, a Laborer at Amoco Fabrics and Fibers in Roanoke, Alabama from 1994-2004; as a Laborer at Sharmet Mills in Valley, Alabama from 1990-1994; as a Laborer at Hanley Mills in Roanoke, Alabama in 1980; as a Laborer at Laynette Mills in Valley, Alabama; in the U.S. national Guard in South Carolina from 1958-1968; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 12, 2004. This case is brought by his spouse, Sara Jones, a resident of Wadley, Alabama.

9.      Plaintiff, Barbara Jones's Decedent **WALTER JONES** a former resident of Phenix City, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, U.S. Airforce as a Welder and Truck Driver in Georgia; as a Plant Worker at Uniroyal Tire in Opelika, Alabama from 1960-1991; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 25, 2004. This case is brought by his spouse and personal representative Barbara Jones, a resident of Phenix City, Alabama.

10.    Plaintiff, Judy Partain's Decedent **MAVIS KELLY** a former resident of Warrior, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, U.S. Army at Maryland, Georgia and North Carolina from 1940-1960 as a Major; at Raybestos in Manheim, Pennsylvania in 1944 as an Assembly Worker; at Hayes Aircraft in 1945 in Birmingham, Alabama from 1953-1960 as an Assembly Worker/Welder; at Harrington Grocery in Warrior, Alabama as the Owner and Remodeler; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 18, 2004. This case is brought by his Personal Representative, Judy Partain, a resident of Warrior, Alabama.

11.    Plaintiff, Wanda C. Miller's Decedent **FRANK T. MILLER** a former resident Scottsboro, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

17

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, as a machine operator and spreader operator for Warren Brothers Paving from 1957 – 1965 in Nashville, Tennessee; a laborer as a lineman and pot man at Consolidated Aluminum from 1965 – 1970 in New Johnsonville, Tennessee; as a pot room supervisor for Revere Cooper & Brass from 1970 – 1982 in Scottsboro, Alabama; as a security guard for Norandal Aluminum from 1982 – 1985 in Scottsboro, Alabama; as a machine operator, a saw man and a fork lift operator at Norandal Aluminum from 1985 – 1999 in Scottsboro, Alabama; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, August 8, 2005. This case is brought by his spouse and Personal Representative, Wanda C. Miller, a resident of Scottsboro, Alabama.

12.     Plaintiff **RONALD NORRIS,** a resident of Erda, Utah, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into

the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Inspector at Kennecott in Magna, Utah from 1955-1987; as a Delivery Person at Utah Pizza Crust Company in Salt Lake City, Utah from 1957-1958; as a Yard Worker at Davis Lumber & Hardware in Hunterm, Utah from 1951-1954; as a Hauler of Grain at Lewis Brothers Stage in Hunter, Utah from 1952-1954; as a Ranch Hand at Phil Marine in Big Pine, Wyoming in 1954; as a Laborer at Salt-Air Highway in 1955; as a Laborer at Stokematic in Salt Lake City, Utah in 1958; as a Press Operator at Western paper in Salt Lake City, Utah in 1963; as a Machinist at Kedman Company in Salt Lake City, Utah from 1963-1964; as a Ruffneck at Phillips Oil Drilling in Ft. Briger, Wyoming in 1968; as a Sheetmetal Worker at Salmon National Forrest in Salmon, Idaho in 1968; as a Sheetmetal Worker at Midwest in Murray, Utah in 1968; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Pleural Disease on or about November 22, 2004.

19

13.    Plaintiff **PENELOPE PERAKIS,** a resident of Medford, Massachusetts, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Engraver at Navy Yard in Charlestown, Massachusetts in 1949; as a Taper of Pipes at General Electric in Lynn, Massachusetts from 1949-1952; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Pleural Disease on or about January 1, 2005.

14.    Plaintiff **WALTER POWELL,** a resident of Columbus, Georgia, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

20

During the course of his employment, Plaintiff worked, including but not limited to, as an Engineer in the U.S. Army in Fort Leonardwood, Missouri from 1970-1973; as an Engineer in the U.S. Army in Vietnam from 1970-1973; as an Engineer in the U.S. Army at Fort Benning, Georgia from 1970-1973; as an Engineer in the U.S. Army at Fort Knox, Kentucky from 1970-1973; as a Machine Operator at Columbus Foundries in Columbus, Georgia from 1974-2006; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Lung Cancer on or about November 19, 2004.

15.    Plaintiff **JAMES R. PRUITT,** a resident of Crossville, Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as a Cutter/Welder at Shiticker Construction in Guntersville, Alabama from 1986-1987; as a Cutter Welder at Yancy & Yancy in

21

Albertville, Alabama from 1982-1986; as a Cutter/Welder at Invesco in Ider,

Alabama from 1981-1982; as a Cutter/Welder at Georgia Renduring in Rome,

Georgia from 1962-1963; as a Builder of Roads at Pendergrass Construction

in Decatur, Alabama from 1956-1958; as a Welder at Garwood Industries in

Wayne, Michigan from 1954-1956; as a Welder/Mad in Nova, Michigan for

six months; as a Drill Press Operator at Murray Bodies in Detroit, Michigan in

1953; as a Truck Driver in the US Army in Arlington, Virginia from 1958-

1960; as a Packing Person at Colonial Poultry in Albertville, Alabama in

1952; as a Grinder at A.J. Stove Foundry in Gadsden, AL from 1952-1953; as

a Mechanic at Burgreen Construction in Crossville, Alabama from 1956-1958;

as a Cutter/Welder at Geraldine Rendering in Geraldine, Alabama from 1963-

1975; as a Self-employed Cutter/Welder in Crossville, Alabama from 1976-

1981; around furnaces, boilers, turbines, and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing

products and materials.

Plaintiff was diagnosed with Asbestosis on or about December 20, 2004.

16.     Plaintiff, Donna Cagle's Decedent **EDWIN SEMEVOLOS** a

former resident of New Market, Alabama, contracted one or more asbestos-

related diseases including Lung Cancer from which he died.  Decedent was

continually exposed to asbestos-containing products, produced, manufactured,

specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, U.S. Army at Ft. Sheriden, Illinois from 1958-1960 as an Installer of Missiles; at Midas Muffler in Huntsville, Alabama as a Specialist; at DePaul Hospital in New Orleans, Louisiana from 1960-1960 as a Boiler Room Operator; at St. Vincent's Infant in New Orleans, Louisiana from 1970-1972 as a Boilermaker; in Sara Mayo Hospital in New Orleans, Louisiana from 1971-1972 as a Boilermaker; at National Gypsum Company in New Orleans, Louisiana from 1972-1973 as a Boilermaker; at Goodyear Tire Company in Minot, North Dakota from 1973-1974 as an Installer; at Trinity Medical Center in Minot, North Dakota from 1973-1978; at Midas Muffler in Huntsville, Alabama from 1979-1983 as an Installer; as a Self-Employed Sheet Metal Worker in Huntsville, Alabama from 1983-2002; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, February

11, 2005. This case is brought by his personal representative Donna Cagle, a resident of New Market, Alabama.

17.    Plaintiff **ROGER SEYMORE**, a resident of Mobile, Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as a laborer for Alan Seymore General Contractor from 1966 – 1974 in Sykesville, Maryland; as a paratrooper in the U.S. Army from 1974 – 1975 in North Carolina, Georgia; as an equipment operator for Carroll County from 1976 – 1978 in Westminster, Maryland; ran a printing press for McGregor Printing Company from 1978 – 1980 in Westminster, Maryland; as a truck driver for J.J. Hook Trucking Company during the 1980's in Lawnsdown, Maryland; as a truck driver for TRX from 1984 – 1988 in New Oxford, Pennsylvania; as a truck driver for Fendley Transportation from 1990 – 1992 in Fairhope, Alabama; worked in maintenance for Courtalds Chemical Plant from 1992 – 2001 in Axis, Alabama; as an equipment operator for Ben Rattcliff Construction from 2004 – 2005 in Mobile, Alabama; as a heavy

equipment operator for Northrop Shipyard in 2005 in Pascagoula, Mississippi; as a heavy equipment operator for SJ&L Contractor from 2005 to present in Mobile, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Lung Cancer on or about March 14, 2005.

18.    Plaintiff **FRANK WALTHER,** a resident of Coppell, Texas, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Electrician at National Value Manufacturing in Pittsburg, Pennsylvania from 1960-1990; as a Maintenance Person at Heritage Health Care in Bountiful, Utah from 1992-2005; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

25

Plaintiff was diagnosed with Lung Cancer on or about January 4, 2005.

19.    Plaintiff Lillian H. Williams' Decedent **MANUEL R. WILLIAMS, SR.** a former resident of Warrior, Alabama, contracted one or more asbestos-related diseases including Asbestosis from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, the US Army Infantry as a machine gunner from 1953 – 1954 at Ft. Rucker, Alabama and in Korea; at Southern Bell Telephone and Telegraph Company in asbestos insulation in Birmingham, Alabama; at the Gorgas Steam Plant as an asbestos insulator for over a year in Jasper, Alabama; at the Pratt Steam Plant in asbestos insulation for over a year in Pratt, Alabama; at the 3M Chemical Plant for over one year in asbestos insulation in Decatur, Alabama; at the Winter's Creek Steam Plant "Hot Shooting" maintenance for four years in Stevenson, Alabama, before he retired in 1990, round furnaces, boilers, turbines and other industrial

equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, January 30, 2005. This case is brought by his spouse and personal representative Lillian H. Williams, a resident of Morris, Alabama.

## BACKGROUND FACTS — THE DEFENDANTS

20.    The Plaintiffs adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

21.    The term "Producer Defendant" refers to each and every one of those defendants which produced and/or manufactured asbestos-containing products and/or materials and placed the asbestos-containing products and/or materials into the stream of commerce.

22.    The following defendants are "Producer Defendants". (The asbestos-containing products produced by each defendant that have been identified at plaintiffs workplace, during his employment years there, are set out hereinbelow).

23.    **A.O. SMITH ELECTRICAL PRODUCTS COMPANY**, a division of **A.O. SMITH CORPORATION** is a New York corporation whose principal place of business is 11270 West Park Place, 1 Park Plaza, Milwaukee, Wisconsin 53224

- Asbestos containing products, including but not limited to Electrical Products including, but not limited to Motors.

24.    **A.O. SMITH CORPORATION** is a New York corporation whose principal place of business is 11270 West Park Place, 1 Park Plaza, Milwaukee, Wisconsin  53224.

- Asbestos containing products, including but not limited to Electrical Products including, but not limited to Motors.

25.    **ALBANY INTERNATIONAL** is a New York corporation whose principal place of business is 1373 Broadway, Albany, New York 12204.

- Asbestos containing products, including but not limited to Paper Machine Clothing.

26.    **ALLIS-CHALMERS CORPORATION** is a Delaware Corporation whose principle place of business is 1126 South 70th Street, West Allis, Wisconsin, 53214.

- Asbestos containing products, including but not limited to Boilers.

27.    **AMERICAN STANDARD, INC**. is a Delaware corporation whose principal place of business is One Centennial Avenue, Piscataway, New Jersey 08855.

- Asbestos containing products, including but not limited to Air Conditioning Systems;

- Asbestos containing products, including but not limited to Plumbing Products;

- Asbestos containing products, including but not limited to Automotive Breaking Systems.

28.    **ARVINMERITOR, INC.** is a Nevada Corporation whose principal place of business is 2135 West Maple Road, Troy, Michigan, 48084.

- Asbestos containing products, including but not limited to Asbestos brakeshoes;

- Asbestos containing products, including but not limited to Friction materials.

29.    **ASTEN JOHNSON, INC.**, individually and as successor-in-interest to **ASTEN, INC.**, successor-in-interest by way of name change to **ASTEN GROUP, INC.**, formerly trading as **ASTEN-HILLS MANUFACTURING CO.** is a Delaware corporation whose principal place of business is 1013 Centre Road, Wilmington, Delaware 19805.

- Asbestos containing products, including but not limited to Asbestos

  Felt;

- Asbestos containing products, including but not limited to Bestmesh

  Felt;

- Asbestos containing products, including but not limited to Calcot Felt;

- Asbestos containing products, including but not limited to Syncot Felt;

- Asbestos containing products, including but not limited to Synbest

  Felt;

- Asbestos containing products, including but not limited to Thermesh

  Felt;

- Asbestos containing products, including but not limited to Ventmesh

  Felt.

30.    **BAYER CROPSCIENCE, INC.,** individual and as successor to

**AVENTIS CROPSCIENCE USA, INC.** f/k/a **RHONE-POULENCE AG**

**CO.,** f/k/a **AMCHEM, PRODUCTS, INC., BENJAMIN FOSTER CO**. is a

New York corporation whose principal place of business is 600 Madison

Avenue, New York, NY  10022.

- Asbestos containing products, including but not limited to Benjamin

  Foster Products;

- Asbestos containing products, including but not limited to Roofing

   Products.

31.    **BECHTEL CONSTRUCTION COMPANY** is a Nevada

Corporation whose principal place of business is 50Beale Street, San Francisco,

California, 94105.

- Asbestos containing products, including but not limited to Contractor

   liability defendant.

32.    **BELL & GOSSETT**, a subsidiary of **ITT INDUSTRIES** is an

Indiana corporation whose principal place of business is 4 West Red Oak

Lane, White Plains, New York 10604.  8200 N. Austin Avenue, Morton

Grove, Illinois 60053.

- Asbestos containing products, including but not limited to

   Compressors.

33.    **BONDEX INTERNATIONAL INC.** is an Ohio corporation

whose principal place of business is 20 Casey Street, Gilroy, California 95020.

- Asbestos containing products, including but not limited to Paper

   Products;

- Asbestos containing products, including but not limited to Drywall

   Products.

34.    **BORG WARNER CORPORATION** by its successor in interest,

**BORGWARNER MORSE TEC INC**. is an Ohio corporation whose principal

place of business is 200 S. Michigan Street, Chicago, Illinois 60604.

- Asbestos containing products, including but not limited to Brake

  Linings (1971 – 1975);

- Asbestos containing products, including but not limited to Clutch

  Linings (1928 – 1980's).

35.    **BP AMERICA**, as successor in interest to **AMOCO**

**CHEMICAL COMPANY, AMOCO CHEMICALS**

**COMPANY, PLASKON ELECTRONIC MINERALS, AVISUN**

**CORP., CARBORUNDUM, ATLANTIC RICHFIELD COMPANY/ARCO**

**METALS**, as successor in interest to **ANACONDA AMERICAN BRASS**

**COMPANY, AMERICAN BRASS COMPANY, AND ANACONDA**

**COMPANY** is a Delaware corporation whose principal place of business is 200

East Randolph Drive, Chicago, Illinois, 60601

- Asbestos containing products, including but not limited to Grinding

  products.

36.    **BP AMOCO CHEMICAL COMPANY** is a Delaware

corporation whose principal place of business is 200 East Randolph Drive,

Chicago, Illinois, 60601.

- Asbestos containing products, including but not limited to Grinding
   products.

37.    **BUFFALO PUMP INC.** is a Delaware corporation whose
principal place of business is 874 Oliver Street, North Tonawanda, New York
14120.

- Asbestos containing products, including but not limited to Pumps.

38.    **CLARK-RELIANCE CORPORATION** is a Delaware
corporation whose principal place of business is 16633 Foltz Industrial
Parkway, Strongsville, Ohio 44149.

- Asbestos containing products, including but not limited to Electric
   Motors.

39.    **CLEAVER BROOKS,** a division of **AQUA CHEM** is a
Wisconsin corporation whose principal place of business is 7800 North 113th
Street, Milwaukee, Wisconsin 53201.

- Asbestos containing products, including but not limited to Boilers.

40.    **CONWED CORPORATION** is a Delaware corporation whose
principal place of business is 315 Park Avenue South, 20th Floor
New York, New York 10010.

- Asbestos containing products, including but not limited to Ceiling
   tiles.

41.  **COOPER INDUSTRIES, LLC,** f/n/a **COOPER INDUSTRIES, INC.,** individually and as successor-in-interest to **CROUSE-HINDS** is an Ohio corporation whose principal place of business is Wolf & 7th Streets, Syracuse, NY 13221.

- Asbestos containing products, including but not limited to Electrical Products;

- Asbestos containing products, including but not limited to Chico Belden wire and cable;

- Asbestos containing products, including but not limited to Crouse-Hinds electrical products ;

- Asbestos containing products, including but not limited to Chico packing;

- Asbestos containing products, including but not limited to Arrow-Hart electrical products;

- Asbestos containing products, including but not limited to Bussman electrical products;

- Asbestos containing products, including but not limited to Cooper lighting products;

- Asbestos containing products, including but not limited to McGraw-Edson electrical products.

42.    **CRANE CO.**, individually and as successor in interest to **DEMING PUMP, CYCLOTHERM, HYDRO-AIRE, LEAR ROMEC, RESISTOFLEX, SWARTWOUT CO., STOCKHAM VALVE COMPANY, WEINMAN PUMP COMPANY, CHEMPUMP,** and **BURKS PUMPS** is an Alaska corporation whose principal place of business is 100 Stamford Place, Stamford, Connecticut 06902.

- Asbestos containing products, including but not limited to Gaskets;

- Asbestos containing products, including but not limited to Hydraulic Packing;

- Asbestos containing products, including but not limited to Ring Packing;

- Asbestos containing products, including but not limited to Rope Packing;

- Asbestos containing products, including but not limited to Yarn.

43.    **CRANE PUMPS & SYSTEMS, INC.,** individually and as successor to all pump companies acquired by **CRANE** is a Delaware corporation whose principal place of business is 420 Third Street, Piqua, Ohio, 45356.

- Asbestos containing products, including but not limited to Pumps;

- Asbestos containing products, including but not limited to Valves.

44.     **CUTLER HAMMER**, currently referred to as **EATON ELECTRICAL, INC.** is a Delaware corporation whose principal place of business is 4201 N. 27th Street, Milwaukee, Wisconsin 53216.

- Asbestos containing products, including but not limited to Electrical Products.

45.     **EATON CORPORATION** is a Delaware corporation whose principal place of business is 1209 Orange Street, Wilmington, Delaware 19801.

- Asbestos containing products, including but not limited to Industrial
   Automation Products.

46.     **EMERSON ELECTRIC CO.** is a Missouri corporation whose principal place of business is 8000 W. Florissant Avenue, Saint Louis, Missouri 63136.

- Asbestos containing products, including but not limited to Motors;

- Asbestos containing products, including but not limited to Starters;

- Asbestos containing products, including but not limited to Electrical
   Products.

47.     **EXTECO, INC.**, f/k/a **THERMO ELECTRIC CO., INC.** is a Delaware corporation whose principal place of business is 109 North 5th Street, Saddle Brook, New Jersey 07663.

- Asbestos containing products, including but not limited to Electrical
  Wire.

48.    **FLAME REFRACTORIES, INC.** is a Florida Corporation
whose principal place of business is 339 Park Street, Jacksonville, Florida,
32204-3000.

- Asbestos containing products, including but not limited to Hot Top
  Refractories.

49.    **FMC CORPORATION**, individually and on behalf of its former
**CONTRUCTION EQUIPMENT GROUP**, and former **PEERLESS PUMP
DIVISION, COFFIN TURBO PUMPS**, and **CHICAGO PUMP**, business is
a Delaware corporation whose principal place of business is 200 E. Randolph
Drive, Chicago, Illinois 60601.

- Asbestos containing products, including but not limited to Pumps;

- Asbestos containing products, including but not limited to Valves;

- Asbestos containing products, including but not limited to Cranes.

50.    **FOSECO, INC.** is a New York corporation whose principal
place of business is 277 Park Avenue, New York, New York 10017.

- Asbestos containing products, including but not limited to "Hot Tops"
  Insulating cements.

51.    **GARLOCK SEALING TECHNOLOGIES L.L.C.** is a

Delaware corporation whose principal place of business is 1666 Division Street,

Palmyra, New York 14522.

- Asbestos containing products, including but not limited to Asbestos

  Cloth (1907 – 1980);

- Asbestos containing products, including but not limited to Gaskets

  (1907 – 1980);

- Asbestos containing products, including but not limited to Packing

  (1907 – 1980);

- Asbestos containing products, including but not limited to Ring Packing

  (1907 – 1980);

- Asbestos containing products, including but not limited to Rope

  Packing (1907 – 1980);

- Asbestos containing products, including but not limited to Sheet

  Packing (1907 – 1980);

- Asbestos containing products, including but not limited to Sheet

  Gaskets (1907 – 1980);

- Asbestos containing products, including but not limited to Valve

  Packing (1907 – 1980).

52.  **GENERAL ELECTRIC CO.** is a New York corporation whose principal place of business is 1 River Road, Schnecectady, New York 12301.

- Asbestos containing products, including but not limited to Cable;

- Asbestos containing products, including but not limited to Furnaces;

- Asbestos containing products, including but not limited to Turbines;

- Asbestos containing products, including but not limited to Wire;

- Asbestos containing products, including but not limited to Welding Electrodes;

- Asbestos containing products, including but not limited to Welding Machines.

53.  **GOODYEAR TIRE AND RUBBER CO.** is a Delaware corporation whose principal place of business is 1144 E. Market Street. Department 616, Akron, Ohio  44316.

- Asbestos containing products, including but not limited to Gaskets.

54.  **GOULDS PUMPS INC.** is a Delaware corporation whose principal place of business is 300 Willow Block Office Park, Fairport, New York 14450.

- Asbestos containing products, including but not limited to ITE electrical products including breakers

- Asbestos containing products, including but not limited to Century motors.

55.    **HARNISCHFEGER CORPORATION** is a Wisconsin corporation whose principal place of business is 4400 W. National Avenue, Milwaukee, Wisconsin 53201.

- Asbestos containing products, including but not limited to Cranes.

56.    **HOBART BROTHERS COMPANY** is an Ohio corporation whose principal place of business is 3600 W. Lake Avenue, Glenview, Illinois 60025-5811.

- Asbestos containing products, including but not limited to Welding Products

- Asbestos containing products, including but not limited to Welding Flux;

- Asbestos containing products, including but not limited to Welding Electrodes;

- Asbestos containing products, including but not limited to Welding Machines;

- Asbestos containing products, including but not limited to Welding Rods.

57.   **IMO INDUSTRIES, INC.,** is an Delaware corporation whose principal place of business is 8730 Stony Point Parkway, #150, Richmond, Virginia, 23235.

- Asbestos containing products, including but not limited to Turbines.

58.   **INDUSTRIAL HOLDINGS CORPORATION**, f/k/a **THE CARBORUNDUM COMPANY** is a New York corporation whose principal place of business is 101 Hudson Street, Jersey City, New Jersey 07302.

- Asbestos containing products, including but not limited to Grinding Mills.

59.   **INGERSOLL-RAND COMPANY** is a New Jersey corporation whose principal place of business is 200 Chestnut Ridge Road, Woodcliff, New Jersey 070677.

- Asbestos containing products, including but not limited to Air Compressors;

- Asbestos containing products, including but not limited to Impact Wrenches;

- Asbestos containing products, including but not limited to Blowers;

- Asbestos containing products, including but not limited to Industrial Products;

- Asbestos containing products, including but not limited to Pumps.

60. **ITT INDUSTRIES INC.** is an Indiana corporation whose principal place of business is 4 West Red Oak Lane, West Plains, New York 10604.

 - Asbestos containing products, including but not limited to Compressors.

61. **JOHN CRANE, INC.,** f/k/a **JOHN CRANE PACKING COMPANY** is a Delaware corporation whose principal place of business is 6400 West Oakton Street, Morton Grove, Illinois 60053.

 - Asbestos containing products, including but not limited to Gaskets;

 - Asbestos containing products, including but not limited to Packing.

62. **KAISER GYPSUM COMPANY, INC.** is a Washington corporation whose principal place of business is P. O. Box 8019 Walnut Creek, California 94596.

 - Asbestos containing products, including but not limited to Cover-Tex Wall Texture;

 - Asbestos containing products, including but not limited to Dual Purpose Joint Compound;

 - Asbestos containing products, including but not limited to Finishing Compound;

- Asbestos containing products, including but not limited to Joint
  Compound;

- Asbestos containing products, including but not limited to Kaiser
  Mineral Fiberboard;

- Asbestos containing products, including but not limited to K-Spray
  Ceiling Texture (1961 – 1975);

- Asbestos containing products, including but not limited to Masonry
  Cement;

- Asbestos containing products, including but not limited to Null-A-Fire
  Board (1969 – 1978);

- Asbestos containing products, including but not limited to One-Day
  Joint Compound;

- Asbestos containing products, including but not limited to Plastic
  Cement;

- Asbestos containing products, including but not limited to Plastic
  Cement;

- Asbestos containing products, including but not limited to Plastic Gun
  Cement;

- Asbestos containing products, including but not limited to Premix
  Finishing Compound.

63.   **KELLY-MOORE PAINT COMPANY, INC.** is a California corporation whose principal place of business is 987 Commercial Street, San Carlos, California 94070.

- Asbestos containing products, including but not limited to Bedding Cement (1960 – 1970);

- Asbestos containing products, including but not limited to Deco-Tex Ceiling Texture (1964 – 1978);

- Asbestos containing products, including but not limited to Paco All-Purpose Joint Compound (1960 – 1978);

- Asbestos containing products, including but not limited to Paco Finishing Compound (1960 – 1977);

- Asbestos containing products, including but not limited to Paco Joint Cement;

- Asbestos containing products, including but not limited to Paco Joint Compound (1960 – 1978);

- Asbestos containing products, including but not limited to Paco Quik-Set Joint Compound (1963 – 1978);

- Asbestos containing products, including but not limited to Paco Ready Mix Joint Compound (1963 – 1978);

- Asbestos containing products, including but not limited to Paco Spray
  Texture;

- Asbestos containing products, including but not limited to Paco Taping
  Compound (1970 – 1977);

- Asbestos containing products, including but not limited to Paco
  Texture;

- Asbestos containing products, including but not limited to Paco Texture
  Paint;

- Asbestos containing products, including but not limited to Paco
  Topping Compound (1963 – 1977);

- Asbestos containing products, including but not limited to Paco Wall
  Texture (1960 – 1978);

- Asbestos containing products, including but not limited to Paco-Tex
  Wall Texture.

64.    **THE LINCOLN ELECTRIC COMPANY** is an Ohio
corporation whose principal place of business is 22801 St. Clair Avenue,
Cleveland, Ohio 44114.

- Asbestos containing products, including but not limited to Welding
  Rods;

- Asbestos containing products, including but not limited to Welding

  Flux.

65.    **MAREMONT CORPORATION** is an Illinois corporation

whose principal place of business is One Noblitt Plaza, Columbus, Indiana

47202.

- Asbestos containing products, including but not limited to Brake

  Linings;

- Asbestos containing products, including but not limited to Brake

  Shoes.

66.    **METROPOLITAN LIFE INSURANCE COMPANY** is a New

York corporation whose principal place of business is 1 Madison Avenue, New

York, New York 10010.

- Insurance company.

67.    **NIKKO MATERIALS USA, INC., d/b/a GOULD**

**ELECTRONICS INC.,** individually and as successor in interest to **GOULDS,**

**INC., IMPERIAL CORPORATION, EASTMAN CORPORATION,**

**IMPERIAL EASTMAN CORPORATION, ITE CIRCUIT BREAKER**

**COMPANY, AND CENTURY ELECTRIC** is an Arizona Corporation whose

principal place of business is 34929 Curtis Boulevard, Eastlake, Ohio, 449095.

- Asbestos containing products, including but not limited to Electrical;

- Asbestos containing products, including but not limited to Motors and breakers.

68.    **OGLEBAY NORTON COMPANY,** is a Delaware corporation whose principal place of business is North Point Tower, 1001 Lakeside Avenue, 15th Floor, Cleveland, Ohio, 44114.

- Asbestos containing products, including but not limited to Hot Top Refractories.

69.    **OWENS-ILLINOIS, INC.** is a Delaware corporation whose principal place of business is One Segate Tax 5, Toledo, Ohio 43666.

- Asbestos containing products, including but not limited to Kaylo Block Insulation (1944 – 1958);

- Asbestos containing products, including but not limited to Kaylo Pipe Covering (1944 – 1958).

70.    **P&H CRANES** is a Wisconsin corporation whose principal place of business is 4400 W. National Avenue, Milwaukee, Wisconsin 53201.

- Asbestos containing products, including but not limited to Cranes.

71.    **PNEUMO ABEX LLC,** successor in interest to **ABEX CORPORATION** is a Delaware corporation whose principal place of business is One Liberty Lane, Hampton, New Hampshire 03842.

- Asbestos containing products, including but not limited to Industrial
  Automotive;

- Asbestos containing products, including but not limited to Aerospace
  Segments.

72.    **RAPID AMERICAN CORPORATION** is a Delaware corporation whose principal place of business is 888 Seventh Avenue, New York, New York 10106.

- Asbestos containing products, including but not limited to Cements;

- Asbestos containing products, including but not limited to Pipe
  Covering.

73.    **ROCKWELL AUTOMATION**, successor by merger to **ALLEN-BRADLEY CO., LLC** is a Delaware corporation whose principal place of business is 777 E. Wisconsin Avenue, Suite 1400, Milwaukee, Wisconsin 53202.

- Asbestos containing products, including but not limited to Pumps;

- Asbestos containing products, including but not limited to Valves.

74.    **SQUARE D COMPANY** is a Michigan corporation whose principal place of business is 1415 South Roselle Road Palatine, Illinois 60067

- Asbestos containing products, including but not limited to Electrical Products;

- Asbestos containing products, including but not limited to Braker Boxes;

- Asbestos containing products, including but not limited to Braker Panels;

- Asbestos containing products, including but not limited to Crane Brakes.

75. **SUNBEAM PRODUCTS INCORPORATED,** fka **SUNBEAM CORPORATION** is a Delaware corporation whose principal place of business is 100 West Tenth Street, Wilmington, Delaware, 19801.

- Asbestos containing products, including but not limited to Furnaces.

76. **SURFACE COMBUSTION** is an Ohio corporation whose principal place of business is 2375 Dorr Street, Toledo, Ohio, 43607.

- Asbestos containing products, including but not limited to Furnaces.

77. **TH AGRICULTURE & NUTRITION, LLC** is a Delaware corporation whose principal place of business is 100 W. 10th Street, Wilmington, Delaware 19801.

- Asbestos containing products, including but not limited to Fiber.

78.  **THE MARLEY-WYLAIN COMPANY**, d/b/a **WELL-MCLAIN COMPANY, INC.** is an Iowa corporation whose principal place of business is 1900 Shawnee Mission Parkway, Mission Woods, Kansas 66205.

- Asbestos containing products, including but not limited to Boilers;

- Asbestos containing products, including but not limited to Fuel Oil Heaters.

79.  **UNION CARBIDE CORPORATION** is a New York corporation whose principal place of business is 335 Madison Avenue, New York, NY  10017.

- Asbestos containing products, including but not limited to Asbestos containing products, Bakelite Panels (1939 – 1974);

- Asbestos containing products, including but not limited to Panelboard (1939 – 1974);

- Asbestos containing products, including but not limited to Calidria – Raw Fiber;

- Asbestos containing products, including but not limited to Welding Flux.

80.  **UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.** is a New Jersey corporation whose principal place of business is 70 Great Hill Road, Naugatuck, Connecticut, 06770.

- Asbestos containing products, including but not limited to Asbestos cloth.

81.    **VIACOM INC.**, successor by merger to **CBS CORPORATION** f/k/a **WESTINGHOUSE ELECTRIC CORPORATION** is a Delaware corporation whose principal place of business is 1515 Broadway, New York, New York 10036

- Asbestos containing products, including but not limited to all kinds of electrical products;

- Asbestos containing products, including but not limited to Wire;

- Asbestos containing products, including but not limited to Cable;

- Asbestos containing products, including but not limited to Gaskets;

- Asbestos containing products, including but not limited to Packing;

- Asbestos containing products, including but not limited to Panels;

- Asbestos containing products, including but not limited to Paper;

- Asbestos containing products, including but not limited to Turbines;

- Asbestos containing products, including but not limited to Transformers;

- Asbestos containing products, including but not limited to Terminals;

- Asbestos containing products, including but not limited to Breakers;

- Asbestos containing products, including but not limited to Motors;

- Asbestos containing products, including but not limited to Micarta;

- Asbestos containing products, including but not limited to Welding Rods;

- Asbestos containing products, including but not limited to Welding Electrodes;

- Asbestos containing products, including but not limited to Welding Machines.

82.    The term "Specifying Defendant" refers to each and every one of those defendants which specified the use of asbestos-containing products and/or materials on equipment, including both equipment it produced, manufactured, distributed, sold, and/or placed into the stream of commerce and equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by others.

83.    The term "Distributor Defendant" refers to each and every one of those defendants which distributed, sold and/or placed into the stream of commerce asbestos-containing products and/or materials, including both their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

84.    The term "Contractor Defendant" refers to each and every one of those defendants which installed asbestos-containing products and/or materials

52

at the worksites, including both their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

85.    The following defendant is both a "Producer Defendant" and a "Contractor Defendant":

86.    **FOSTER-WHEELER CORPORATION** is a New York corporation whose principal place of business is 110 Lookerman Square, Dover, Delaware 19904.

- Asbestos containing products, including but not limited to Boilers;

- Asbestos containing products, including but not limited to Contract Units;

- Asbestos containing products, including but not limited to Appartemart Boiler Parts;

87    The following defendants are both "Distributor Defendants" and "Contractor Defendants":

88.    **HONEYWELL, INC.**, specifically excluding liability for **NARCO**, individually and as successor to **ALLIED SIGNAL, BENDIX, WHEELABRATOR, RUST ENGINEERING**, AND **ALLIED CHEMICAL** is a Delaware corporation whose principal place of business is Honeywell Plaza, Minneapolis, Minnesota 55408.

- Asbestos containing products, including but not limited to Pumps and Valves;

- Asbestos containing products, including but not limited to Electrical Products (controls, wires, etc.).

89.    Each defendant is sued (a) in its individual capacity, (b) as a successor in interest to each of those entities specifically identified herein as the Defendant's predecessor in interest, (c) as a successor in interest to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's predecessor in interest, (d) as an alter ego to each of those entities specifically identified herein as the Defendant's adjunct or instrumentality, and (e) as an alter ego to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's adjunct or instrumentality.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

90.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

91.    The Defendants acted by and through their agents, servants, and employees, and are liable for the conduct of their agents, servants, and employees. Whenever this complaint refers to Defendants' actionable conduct,

it includes the conduct of Defendants' agents, servants, and employees.

92.    Whenever this complaint refers to asbestos-containing products and/or materials, it includes, without limitation, all products and/or materials containing any amount of any form of asbestos and/or any form of talc.

93.    The Defendants, at all times relevant to this complaint, knew, or in the exercise of ordinary care should have known, that asbestos was poisonous and harmful to human beings and that asbestos-containing products and/or materials posed a serious health hazard to humans, particularly in connection with the human lungs and respiratory system but also in connection with other vital organs.

94.    Plaintiffs and/or Plaintiffs' Decedents were injured and/or died as a direct and proximate consequence of the conduct of the Defendants, which were negligent in some or all of the following respects:

A.    Producing and/or manufacturing and placing into the stream of commerce asbestos-containing products and/or materials.

B.    Distributing, selling, and/or placing into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

C.    Installing asbestos-containing products and/or materials at

the Worksites, including both their own asbestos-containing products and/or materials produced or manufactured by others.

      D.    Specifying the use of asbestos-containing products and/or materials on equipment, including both, equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendants, and on equipment produced, manufactured, distributed, sold, and/or placed into the stream of commerce by others.

      E.    Marketing asbestos-containing products and/or materials to industries which Defendants knew, or should have known, would expose workers and their families to dust from such asbestos-containing products and/or materials.

      F.    Failing to properly design and manufacture asbestos-containing products and/or materials.

      G.    Failing to properly test asbestos-containing products and/or materials before they were released for consumer use.

      H.    Failing to develop and to utilize a substitute material for asbestos-containing products and/or materials.

      I.    Failing to specify for use on equipment safe substitutes for asbestos-containing products and/or materials.

      J.    Failing to timely and adequately warn Plaintiffs Decedent of

the dangerous characteristics and serious health hazards associated with secondary exposure to asbestos-containing products and/or materials.

K.    Failing to provide Plaintiffs Decedent's with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect the Plaintiffs Decedent from being harmed and disabled by secondary exposure to asbestos-containing products and/or materials.

L.    Failing to take precautions to protect Plaintiffs Decedent from exposure to asbestos-containing products and/or materials while Plaintiffs Decedent was an invitee on premises occupied, controlled, and/or owned by the Defendants.

M.    Failing to place timely and adequate health warnings on the containers of asbestos-containing products and/or materials, and/or on the asbestos-containing products and/or materials themselves, and/or on equipment requiring or calling for the use of asbestos-containing products and/or materials.

N.    Failing to take reasonable precautions or to exercise reasonable care to publish, to adopt, and to enforce a safety plan and/or safe method of handling and installing asbestos-containing products and/or materials.

O.    Failing to recall and/or to remove from the stream of

commerce asbestos-containing products and/or materials despite knowledge of their unsafe and dangerous nature.

P.    Engaging in a conspiracy or conspiracies to affirmatively misrepresent and/or to suppress material facts about the dangers of exposure to asbestos fibers and the seriousness of the health hazard posed by asbestos fibers.

Q.    Specifically disregarding the safety of Plaintiffs Decedent and fraudulently concealing from Plaintiffs Decedent the dangerous nature of the asbestos fibers to which Plaintiffs Decedent was exposed.

R.    Otherwise (a) causing and/or contributing to cause Plaintiffs Decedent to be exposed to asbestos-containing products and/or materials and/or (b) failing to prevent Plaintiffs Decedent from being secondarily exposed to asbestos-containing products and/or materials.

95.    The Defendants' actions were negligent, reckless, and willful and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including Plaintiffs Decedent, who was exposed to asbestos-containing products and/or materials in his workplace.

## COUNT ONE

96.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this

complaint as if fully set forth herein.

97.    The initial cause of action for personal injury and wrongful death is grounded in the Alabama Extended Manufacturer's Liability Doctrine.

98.    The asbestos-containing products and/or materials to which Plaintiffs Decedent was exposed were unreasonably dangerous when applied to their intended use in the usual and customary manner in that:

       A.    The asbestos fibers contained in the asbestos-containing products and/or materials are highly carcinogenic and otherwise injurious to the tissue of the human body when inhaled into the respiratory system or ingested into the digestive system.

       B.    The asbestos fibers contained in the asbestos-containing products and/or materials are fibrous by nature and increase in friability with exposure to heat or friction or by mere passage of time, so that such asbestos fibers are subject to being readily inhaled or ingested into the respiratory and digestive systems of person in the vicinity thereof.

99.    The Defendants caused the unreasonably dangerous asbestos-containing products and/or materials to enter the market, as a result of which Plaintiffs Decedent was exposed and suffered grave and progressive bodily injuries and death.

100.    The Defendants knew or should have known in the exercise of

ordinary care and diligence that the asbestos-containing products and/or materials were unreasonably dangerous. Nevertheless, the Defendants made no effort to recall the asbestos-containing products and/or materials from any buildings, including, without limitation, the Worksites. The Defendants thus allowed Plaintiffs Decedent to be exposed to the asbestos-containing products and/or materials without warning of the dangers thereof or taking preventive measures to protect Plaintiffs Decedent from asbestos exposure, as a proximate result of which Plaintiff's Decedent suffered grave and progressive bodily injury and death.

## COUNT TWO

101.  The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

102.  The second cause of action for personal injury and wrongful death is grounded in legal theories of negligence and intentional tort.

103.  The Defendants acted tortiously in concert with one another, and in some instances, intentionally, to advance, to pursue or to implement agreements concerning the misrepresentation, concealment, and/or destruction of scientific and legal evidence concerning the health hazards of asbestos.

104.  The Defendants reached an agreement or understanding to inflict a

wrong against Plaintiffs Decedent and other similarly situated individuals. Moreover, the Defendants' minds met on the object or course of action, amounting to some mutual mental action coupled with an intent to commit the acts which resulted in the injuries and death to Plaintiffs Decedent. In short, the Defendants hatched a preconceived plan with unity of design and purpose to misrepresent, conceal and/or destroy scientific and/or legal evidence concerning the health hazards of asbestos. They intended to engage in a course of conduct which resulted in injuries, and the course of conduct was known to them through their officers, directors, agents, servants, and managers.

105. The Defendants' liability is joint for all of the tortious conduct and resultant injuries, as well as for the wanton behavior of each Defendant, including the wantonness of co-conspirators not sued herein.

106. The Defendants acted in concert along with other co-conspirators not sued herein with the intent to deceive and to misinform Plaintiffs Decedents and others about the health hazards of asbestos.

107. Plaintiffs Decedents and others similarly situated were the targets of the intentional acts of deception and misrepresentation.

108. In particular, the Defendants, acting through their own medical departments and in conjunction with those of their co-conspirators, including their trade associations, investigated the health hazards faced by workers,

thereby learning, or in the exercise of reasonable care, having to learn, of the hazards of asbestos.

109. Acting maliciously, the Defendants initially suppressed and misrepresented the results of investigations, actively concealing the information from customers, from the users of the asbestos-containing products and/or materials, from their own workers, from the employees of contractors working upon their premises, and from governmental and medical authorities. Ultimately, however, the Defendants conspired to destroy or to alter records of knowledge in order to prevent the scientific and medical evidence from being discovered by the victims of their conspiracy and to forestall regulatory efforts and legislation intended to protect innocent workers from the invisible dusty death.

110. Each Defendant either, (a) actively took part in the suppression, concealment, misrepresentation, and eventual destruction of data and evidence, and/or (b) furthered the plan or plans by cooperation, and/or (c) lent aid or encouragement to the actual wrongdoers, and/or (d) ratified and adopted the wrongdoers' acts done for their benefit.

111. The acts of the Defendants in furtherance of their plan of deception were done intentionally or negligently, and in concert, rendering them each jointly and severally liable for the wanton behavior of the other Defendants and

coconspirators not sued herein with whom they acted in concert.

112.  As a result of the conspiratorial acts described above, the dangers of asbestos to the human respiratory and digestive systems were hidden from industry in particular and society in general, with the consequences (a) that asbestos-containing products and/or materials were installed in virtually every plant and building in the United States and a large part of the rest of the industrialized world, (b) that safe substitutes were not developed by industry until after plants and buildings had already been made hazardous by the application or installation of numerous asbestos-containing products and/or materials, and (c) that a large number of people who have come into contact with asbestos-containing products and/or materials have become ill or died as a result of the inhalation or ingestion of asbestos fibers.

113.  Plaintiffs Decedent was among those who worked in the hidden danger of asbestos, sometimes unaware of the presence of asbestos and always unaware of the carcinogenic and other adverse properties of asbestos fibers. As a proximate consequence of the conspiratorial acts of the Defendants in affirmatively misrepresenting and/or suppressing evidence concerning the carcinogenic and other adverse properties of the asbestos-containing products and/or materials, some of which were installed in or applied to the Worksites, Plaintiffs Decedent was caused to be exposed to, and was unable to protect

himself from the asbestos fibers, and consequently, Plaintiffs Decedent was exposed to asbestos in his work environment, and thereby suffered grave and progressive bodily injuries and death.

## COUNT THREE

114.  The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

115.  The third cause of action for personal injury and wrongful death is grounded in a legal theory of negligence and intentional tort.

116.  Plaintiffs Decedents were exposed to dangerous and carcinogenic asbestos fibers.

117.  The Defendants knew or should have known that Plaintiffs Decedents, in the course of their employment, were being exposed to asbestos-containing products and/or materials which would injure Plaintiffs Decedents, and the Defendants owed a duty of care to Plaintiffs Decedents to protect them from the dangers of exposure to the asbestos-containing products and/or materials.

118.  The Defendants specifically disregarded the safety and health of Plaintiffs Decedents and failed to protect them from the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed by (a) failing to

warn Plaintiffs Decedents that they was being exposed to dangerous asbestos-containing products, and by (b) failing to remove the dangerous asbestos-containing products and/or materials promptly after the Defendants became aware of their presence and the dangers thereof.

119. The Defendants further concealed from Plaintiffs Decedents the carcinogenic and other adverse effects of the asbestos fibers to which they were exposed in their work environment.

120. As a proximate result of the conduct of the Defendants, Plaintiffs Decedents were exposed to dangerous and carcinogenic asbestos fibers which caused them grave bodily injury and death.

## COUNT FOUR

121. The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

122. The fourth cause of action for wrongful death is based on legal theories of product liability, combined and concurring negligence, intentional tort, and conspiracy.

123. As a result of Defendants' actions, Plaintiffs Decedents were exposed to unreasonably dangerous, defective, negligently manufactured and marketed asbestos-containing products and/or materials, which caused grave

and progressive bodily injury to Plaintiffs Decedents and which proximately caused the death of Plaintiffs Decedents.

124.    Plaintiffs assert that they have filed suit either within the applicable State statute of limitations period, and/or within the appropriate limitations period as its commencement date is modified by 42 U.S.C. § 9658 (a)(1), (b)(4)(A) (CERCLA) and as held in *Kowalski v. The Goodyear Tire & Rubber Company, 841 F. Supp. 104, 107 (W.D.N.Y. 1994).*

## JURY DEMAND AND AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs hereby demands a trial by struck jury on all of the issues which have been or may hereafter be raised in any of the pleadings, whether filed by or on behalf of the Plaintiffs or any of the Defendants, and further demands judgment jointly and severally against all of the Defendants in an amount to be assessed by the jury as proper and just, together with all special and general damages permitted under applicable law as the Court deems proper and just.

This 13th Day of December, 2006.

Respectfully submitted,


  s/   G. Patterson Keahey, Jr.
G. Patterson Keahey, Jr. ASB-6357-A64G
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209

Telephone:  (205) 871-0707
Facsimile:  (205) 871-0801
E-mail: info@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed electronically with the

Clerk of the Court using the CM/ECF system on this 13th day of December,

2006, and will be served by electronic mail or by US Mail postage prepaid to

the following:

Stephen Christopher Collier    ccollier@hplegal.com, vberrong@hplegal.com

Laura DeVaughn Goodson    goodsonld@fpwk.com, aleservice@fpwk.com

G. Patterson Keahey, Jr    info@mesohelp.com

Frank E. Lankford, Jr    fel@hfsllp.com, tdc@hfsllp.com

James Laurens Pattillo    jpattillo@nwkt.com

American Standard, Inc.
1201 Peachtree Street NE
Atlanta, GA 30361

Asten Johnson, Inc.
4399 Corporate Road
Charleston, SC 29405

Bayer Cropscience, Inc.
C. T. Corporation System
1201 Peachtree Street
Atlanta, GA 30361

Bell & Gossett
8200 N. Austin Avenue
Morton Grove, IL 60053

Bondex International Inc.
50 W. Broad Street
Columbus, OH 43215

Borg Warner Corporation
3850 Hamlin Road
Auburn Hills, MI 48326

Buffalo Pump Inc.
874 Oliver Street
North Tonawanda, NY 14120

Clark-Reliance Corporation
16633 Foltz Industrial Parkway
Strongsville, OH 44136

Cleaver Brooks
11950 West Lake Park Drive
Milwaukee, WI 53224

Conwed Corporation
315 Park Avenue South 20th Floor
New York, NY 10010

Crane Co.
CT Corporation
1201 Peachtree Street NE
Atlanta, GA 30361

Crane Pumps Systems
420 Third Street
Piqua, OH 45356

Cutler Hammer
c/o The Corporation Company
2000 Intersate Park Drive Suite 204
Montgomery, AL 36109

Eaton Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Emerson Electric Co.
180 Cherokee Street NE
Marietta, GA 30060

Exteco, Inc.
109 North Fifth Street
Saddle Brook, NJ 07663

FMC Corporation
1201 Peachtree Street, NE
Atlanta, GA 30301
Flame Refractories, Inc.
200 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Foseco, Inc.
1209 N. Orange Street
Wilmington, DE 19801

Foster-Wheeler Corporation
830 Bear Tavern Road
Trenton, NJ 08628

Garlock Sealing Technologies L.L.C.
225 Hillsborough Street
Raleigh, NC 27603

Goodyear Tire and Rubber Co,
CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, AL 36104

Hobart Brothers Company
500 W. Main Street
Troy, OH 45373!

ITT Industries, Inc.
111 Eighth Avenue
New York, NY 100 11

Imo Industries, Inc.
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Industrial Holdings Corporation
Prentice-Hall Corporation Systems, Inc.
89 State Street
Albany, NY 12207

Ingersoll-Rand Company
180 Cherokee Street NE
Marietta, GA 30060

John Crane, Inc.
1201 Orange Street
Wilmington, DE 19801

Kaiser Gypsum Company, Inc.
818 West 7th Street
Los Angeles, CA 90017

Metropolitan Life Insurance Company
One MetLife Plaza
27-01 Queens Plaza North
Long Island City, NY 11101

Nikko Materials USA, Inc.
34929 Curtis Boulevard
Eastlake, OH 44909

Oglebay Norton Company
1001 Lakeside Avenue, 15th Floor
Cleveland, OH 44114

P&H Cranes
4400 W. National Avenue
Milwaukee, WI 53201

Rockwell Automation
1201 S. 2nd Street
Milwaukee, WI 53204

Sunbeam Products Incorporated
631 Lakeland East Dr.
Flowood, MS 39232-! 8815

Surface Combustion
1700 Indian Wood Circle
Maumee, OH 43537

The Lincoln Electric Company
22801 St. Clair Avenue
Cleveland, OH 44117

The Marley-Wylain Company
500 Blaine Street
Michigan City, IN 46360-2388

Union Carbide Corporation
30600 Telegraph Road
Bingham Farms, MI 4805

Uniroyal Fiber and Textile & Division of Uniroyal, Inc.
830 Bear Tavern Road
West Trenton, NJ 08608

Viacom Inc.
Westinghouse Building, Gateway Center
11 Stanwix Street
Pittsburgh, PA 15222

                                              _s/_   G. Patterson Keahey, Jr._____