IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT D. BELUE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CASE NO.: 2:06-CV-1034-WKW |
| ) | |
| **ALBANY INTERNATIONAL CORP., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

COMES NOW the defendant, designated as Albany International Corporation, and in response to the plaintiffs' Complaint states as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

This defendant denies the material allegations of the plaintiffs' Complaint and demands strict proof thereof.

### THIRD DEFENSE

The venue of this action is improper.

### FOURTH DEFENSE

The venue as to this defendant is improper.

### FIFTH DEFENSE

This defendant pleads the affirmative defense of contributory negligence.

### SIXTH DEFENSE

This defendant pleads the affirmative defense of assumption of the risk.

## SEVENTH DEFENSE

This defendant pleads the affirmative defense of the applicable statute of limitations.

## EIGHTH DEFENSE

This defendant pleads the affirmative defense of lack of jurisdiction.

## NINTH DEFENSE

This defendant adopts and incorporates by reference all affirmative defenses raised by any other defendant in this action.

## TENTH DEFENSE

Plaintiffs' claims may be barred by virtue of judgments or settlements.

## ELEVENTH DEFENSE

Plaintiffs' claims may be barred by virtue of prior pending litigation in this or other jurisdictions.

## TWELFTH DEFENSE

This defendant pleads the affirmative defense of laches and estoppel.

## THIRTEENTH DEFENSE

This defendant denies that plaintiffs' decedents' deaths were proximately caused by any acts or omissions of this defendant and demands strict proof thereof.

## FOURTEENTH DEFENSE

This defendant pleads the affirmative defense of a superceding cause.

## FIFTEENTH DEFENSE

This defendant pleads the affirmative defense of an intervening cause.

## SIXTEENTH DEFENSE

This defendant pleads the affirmative defense of a superceding intervening cause.

## SEVENTEENTH DEFENSE

This defendant pleads the affirmative defense of intervening acts of independent third-parties.

## EIGHTEENTH DEFENSE

This defendant pleads the affirmative defense of payment by a collateral source.

## NINETEENTH DEFENSE

This defendant is entitled to a full credit for any amounts received by the plaintiffs or to be received by the plaintiffs from any other source from which the plaintiffs may have a recovery arising out of any and all claims made against the defendants in the instant lawsuit or certain third-parties, including, but not limited to, any settlement or compromise of any claim for alleged injuries and damages with any of the co-defendants or with any other third-party, including claims in bankruptcy.

## TWENTIETH DEFENSE

At all times material to the Complaint, the products were manufactured at a time when the state-of-the-art was such that the defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos and, therefore, had no duty to warn. Moreover, any products manufactured by this defendant were manufactured in a manner consistent with the then existing state-of-the-art.

## TWENTY-FIRST DEFENSE

This defendant pleads the affirmative defense of notice to the plaintiffs' employers.

## TWENTY-SECOND DEFENSE

This defendant pleads the affirmative defense of lack of causal relationship between its actions and/or inactions and the damages complained of in the plaintiffs' Complaint.

## TWENTY-THIRD DEFENSE

This defendant pleads the affirmative defense of release and/or waiver.

## TWENTY-FOURTH DEFENSE

This defendant pleads the affirmative defense of unauthorized, unintended, or improper misuse of the product in question.

## TWENTY-FIFTH DEFENSE

This defendant denies that it is guilty of any act, wanton or otherwise, which would give rise to a claim for punitive damages or an award of punitive damages against this defendant.

### TWENTY-SIXTH DEFENSE

This defendant denies that is guilty of any negligent or wanton conduct which proximately caused or contributed to the damages complained of in the plaintiffs' Complaint.

### TWENTY-SEVENTH DEFENSE

This defendant denies causation and demands strict proof thereof.

### TWENTY-EIGHTH DEFENSE

The plaintiffs cannot recover punitive damages against this defendant because such an award, which is penal in nature, would violate defendant's constitutional rights protected under the United States and Alabama Constitutions unless defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

### TWENTY-NINTH DEFENSE

The failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against a joint tort-feasor, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against this defendant for acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that this defendant did not commit, in contradiction of the rights afforded it by the Fourteenth Amendment to the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

### THIRTIETH DEFENSE

This defendant avers that the law of the State of Alabama, by imposing joint and several liability on this defendant for the acts of others operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity or culpability of other defendants jointed in this action and thereby deprives this defendant of his property without due process of law in contravention of Amendments Five and Fourteen to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama.

### THIRTY-FIRST DEFENSE

This defendant avers that §6-11-21 <u>Alabama Code</u> (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by plaintiffs in this case.

## THIRTY-SECOND DEFENSE

This defendant avers that the public policy of the State of Alabama as set forth in §6-11-21 <u>Alabama Code</u> (1975) established a maximum limit on punitive damages recoverable (if any) by plaintiffs and that plaintiffs cannot recover more than the limit established by the public policy of this state.

## THIRTY-THIRD DEFENSE

This defendant denies any acts of omission or commission which give rise to plaintiffs' recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under <u>Alabama Code</u> §6-11-21, it is void as the proximate result of §6-11-21 of the <u>Alabama Code</u> (1975).

## THIRTY-FOURTH DEFENSE

There can be no recovery of punitive damages against this defendant because such recovery would violate, jointly and individually:

(a)     Amendment Eight of the Constitution of the United States;

(b)     Amendment Fourteen of the Constitution of the United States;

(c)     The Fifth Amendment of the Constitution of the United States;

(d)     The Tenth Amendment of the Constitution of the United States;

(e)     Article One, Section 15 of the Constitution of Alabama of 1901;

(f)     Article One, Section 7 of the Constitution of Alabama of 1901; and

(g)     The Federal and State Common Law.

## THIRTY-FIFTH DEFENSE

The Complaint fails to allege with sufficient particularity the date on which the plaintiffs allegedly discovered or should have discovered his injuries were caused by exposure to asbestos products.

## THIRTY-SIXTH DEFENSE

There can be no recovery against this defendant under any provision of §6-2-30 <u>Code of Alabama</u> (1975) either alone or in conjunction with any other provision of Alabama law, because §6-2-30 is unconstitutional as it violates:

(a) Amendment Eight of the Constitution of the United States;

(b) Amendment Fourteen of the Constitution of the United States;

(c) The Fifth Amendment of the Constitution of the United States;

(d) The Tenth Amendment of the Constitution of the United States;

(e) Article One, Section 15 of the Constitution of Alabama of 1901; and

(f) Article One, Section 13 of the Constitution of Alabama of 1901.

### THIRTY-SEVENTH DEFENSE

There can be no recovery against this defendant because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or expressed warranty, separately and jointly, would operate as an ex post facto imposition of legal liability and duty and thus would violate this defendant's constitutional rights under:

(a) Amendment Eight of the Constitution of the United States;

(b) Amendment Fourteen of the Constitution of the United States;

(c) The Fifth Amendment of the Constitution of the United States;

(d) The Tenth Amendment of the Constitution of the United States;

(e) Article One, Section 15 of the Constitution of Alabama of 1901;

(f) Article One, Section 7 of the Constitution of Alabama of 1901;

(g) Such an imposition of liability and/or duty operates as an ex post facto law and expressed violation of the United States Constitution;

(h) The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/or liability without notice would be an act which is an expressed contravention of the Fifth and Fourteenth Amendments of the United States Constitution;

(i) To the extent that recovery is had and money is actually paid by this defendant, this defendant would be deprived of its property without due process of law and expressed violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(j) The other provisions of the Constitution of the United States; and

    (k)    The other provisions of the Constitution of the State of Alabama.

### THIRTY-EIGHTH DEFENSE

There can be no recovery against this defendant based on the Alabama Extended Manufacturer's Liability Doctrine because any culpable conduct of this defendant, the existence of which is strenuously denied, occurred prior to the recognition of this doctrine would violate, separately and jointly:

    (a)    Amendment Fourteen of the Constitution of the United States;

    (b)    Article One, Section 7 of the Constitution of Alabama of 1901;

    (c)    The Fifth Amendment of the Constitution of the United States; and

    (d)    The Tenth Amendment of the Constitution of the United States;

### THIRTY-NINTH DEFENSE

This defendant pleads the statutory caps on punitive damages as set out in the Alabama Code.

### FORTIETH DEFENSE

The plaintiffs should not recover punitive damages of this defendant for that punitive damages violates the Constitution of the United States and the Constitution of the State of Alabama.

### FORTY-FIRST DEFENSE

The plaintiffs should not recover punitive damages of this defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

### FORTY-SECOND DEFENSE

The plaintiffs should not recover punitive damages of this defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

### FORTY-THIRD DEFENSE

The plaintiffs should not recover punitive damages of this defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

## FORTY-FORTH DEFENSE

The plaintiffs should not recover punitive damages of this defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

## FORTY-FIFTH DEFENSE

The plaintiffs should not recover punitive damages of this defendant, since the Complaint alleges intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said defendants.

## FORTY-SIXTH DEFENSE

A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

## FORTY-SEVENTH DEFENSE

A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

## FORTY-EIGHTH DEFENSE

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

### FORTY-NINTH DEFENSE

Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiffs satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e) The award of punitive damages in this case constituted a deprivation of property without due process of law.

### FIFTIETH DEFENSE

Plaintiffs' attempt to impose punitive damages or extra contractual damages on this

defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

### FIFTY-FIRST DEFENSE

The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States constitution.

### FIFTY-SECOND DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

### FIFTY-THIRD DEFENSE

This defendant specially pleads the limitations set forth in Section 6-11-21 of the Alabama Code.

### FIFTY-FOURTH DEFENSE

This defendant pleads the $250,000 cap and avers that the abolishment of the cap by the Alabama Supreme Court was unconstitutional and without effect.

### FIFTY-FIFTH DEFENSE

This defendant avers that the Alabama Supreme Court cannot abolish the $250,000 cap for punitive damages established by the legislature and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

### FIFTY-SIXTH DEFENSE

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on these defendants.

### FIFTY-SEVENTH DEFENSE

This defendant avers all the defenses set out by the United States Supreme Court in BMW of North American v. Gore, 517 U.S. 559 (1996).

### FIFTY-EIGHTH DEFENSE

Defendant acted reasonably and with due care toward plaintiffs and/or plaintiffs' decedents.

**FIFTY-NINTH DEFENSE**

This defendant at no time breached any legal duty owed to plaintiffs.

**SIXTIETH DEFENSE**

To the extent plaintiffs allege exposure to defendant's products at a government or contract shipyard, or at any other location at which products were supplied pursuant to government specification, all such products sold by defendant were manufactured in accordance with mandatory government specifications and are thus cloaked with immunity.

**SIXTY-FIRST DEFENSE**

This defendant issued no warranty in connection with the alleged sale or manufacture of products and any such alleged sale is not subject to the warranty provisions.

**SIXTY-SECOND DEFENSE**

The Complaint is barred by the exclusive remedy provisions of the Alabama Workers' Compensation Act, or the workers' compensation act of any other applicable state to the extent plaintiffs' decedents were employed by this defendant.

**SIXTY-THIRD DEFENSE**

Plaintiffs lack standing to assert a cause of action pursuant to the Hazardous Substances Act as said Act confers no private right of action for civil damages and defendant's products are not hazardous.

**SIXTY-FOURTH DEFENSE**

This Court lacks in personam jurisdiction over this defendant because this defendant lacks sufficient minimum contacts with this State and has never engaged in the manufacture, sale or distribution of asbestos or asbestos-containing products.

**SIXTY-FIFTH DEFENSE**

This Court lacks in personam jurisdiction over this defendant due to insufficiency of process and insufficiency of service of process.

**SIXTY-SIXTH DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

## SIXTY-SEVENTH DEFENSE

Inasmuch as the plaintiffs are unable to identify the manufacturer of the product which allegedly caused the injuries, plaintiffs fail to state a claim upon which relief can be granted since, if relief were granted in the absence of product identification, it would contravene defendant's constitutional rights to substantive and procedural due process of law and equal protection as preserved by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Alabama, and would contravene defendant's constitutional rights to protect against the taking of private property for public use without just compensation as preserved by the Fourteenth Amendment of the United States Constitution and by Article I, Section 12, of the Constitution of the State of Alabama.

## SIXTY-EIGHTH DEFENSE

Plaintiffs are barred from instituting suit against this defendant under the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

## SIXTY-NINTH DEFENSE

Defendant was engaged in the design, planning, supervision or construction of an improvement to real property and plaintiffs' claims are barred by the Statute of Repose.

## SEVENTIETH DEFENSE

This defendant pleads as an affirmative defense lack of capacity on the part of the plaintiffs to bring this suit.

## SEVENTY-FIRST DEFENSE

This defendant pleads as an affirmative defense the statute of repose.

## SEVENTY-SECOND DEFENSE

This court lacks jurisdiction over this defendant's person or property. *Inter alia*, there is no showing of any connection between plaintiffs'/plaintiffs' decedents' alleged injuries and this defendant's activities in the State of Alabama.

## SEVENTY-THIRD DEFENSE

This action is barred in whole or in part by the doctrine of shifting responsibility.

## SEVENTY-FOURTH DEFENSE

This action cannot be maintained on substantive or jurisdictional statutes or legal theories which did not exist prior to the dates on which plaintiffs/plaintiffs' decedents used this defendant's

products, in that such statutes are inapplicable to this action, and in that the application of such legal theories to this action would be unconstitutionally retroactive.

### SEVENTY-FIFTH DEFENSE

At all times relevant hereto, this defendant was in full compliance with the standards and/or specifications issued by the United States Government with respect to asbestos-containing products. These standards and/or specifications required the use of asbestos. Therefore, this action is barred in whole or in part because this defendant, in supplying any products allegedly contacted by plaintiffs/plaintiffs' decedents, relied upon the specifications of the United States Government or other governmental entities regarding the composition of said products.

### SEVENTY-SIXTH DEFENSE

This action is barred in whole or in part because this defendant reasonably relied upon the care and skill of plaintiffs'/plaintiffs' decedents' employers or labor unions, and/or other learned intermediaries.

### SEVENTY-SEVENTH DEFENSE

Plaintiffs' Complaint fails to state a cause of action against this defendant as succeeding to the debts and liabilities of any other manufacturer of asbestos-containing products. Similarly, plaintiffs' Complaint fails to state a cause of action for punitive damages arising from the activities of any predecessor corporation.

### SEVENTY-EIGHTH DEFENSE

This defendant is not a joint tortfeasor with any other defendant herein, and, accordingly, this defendant may not be jointly and severally liable with other defendants.

### SEVENTY-NINTH DEFENSE

This action fails to name as a defendant a potentially indispensable party to the litigation, to-wit: That collection of companies known as the "Manville Group."

### EIGHTIETH DEFENSE

This defendant asserts that plaintiffs' claims are or may be barred or otherwise limited or affected by the application of provisions of the law or statutes of states other that the State of Alabama where plaintiffs'/plaintiffs' decedents' alleged exposure may have occurred.

### EIGHTY-FIRST DEFENSE

Plaintiffs' claims are barred by reason of accord and satisfaction.

## EIGHTY-SECOND DEFENSE

Plaintiffs' claims are barred by *res judicata* and collateral estoppel.

## EIGHTY-THIRD DEFENSE

Plaintiff has been improperly joined in this lawsuit.

## EIGHTY-FOURTH DEFENSE

This defendant has been improperly joined with the other defendants in this lawsuit.

## EIGHTY-FIFTH DEFENSE

Plaintiffs have brought this action in an improper or inappropriate forum.

## EIGHTY-SIXTH DEFENSE

Plaintiffs' Complaint improperly commingles allegations against all defendants such that it is impossible for any individual defendant to answer plaintiffs' overly broad and vague allegations directed against all defendants as a group.

## EIGHTY-SEVENTH DEFENSE

If plaintiffs/plaintiffs' decedents suffered legal injuries, which this defendant specifically denies, said injuries were not caused or contributed to by plaintiffs'/plaintiffs' decedents' exposure to defendant's asbestos-containing products, but rather by plaintiffs'/plaintiffs' decedents' exposure to dangerous or hazardous chemicals, fumes, products, substances, or dust which were present at plaintiffs'/plaintiffs' decedents' workplace or elsewhere.

## EIGHTY-EIGHTH DEFENSE

If plaintiffs/plaintiffs' decedents suffered from any injuries as alleged in the Complaint, which this defendant specifically denies, plaintiffs/plaintiffs' decedents failed to make reasonable efforts to mitigate plaintiffs'/plaintiffs' decedents' own injuries and damages.

## EIGHTY-NINTH DEFENSE

This defendant denies the existence of express warranty, implied warranty, privity, and breach of warranty.

## NINETIETH DEFENSE

If plaintiffs/plaintiffs' decedents used tobacco products, this use was a failure to exercise ordinary care for plaintiffs'/plaintiffs' decedents' safety and was the sole or primary cause of his

injuries. This negligence of the plaintiffs/plaintiffs' decedents in using tobacco products or the negligence of third parties engaged in the sale, manufacture, or distribution of tobacco products is a partial or a complete bar to all claims asserted in plaintiffs' Complaint.

### NINETY-FIRST DEFENSE

This defendant pleads the failure to join necessary and indispensable parties and the intervening negligence and intervening causation of entities not parties to this action as a partial or a complete bar to all claims asserted in plaintiffs' Complaint.

### NINETY-SECOND DEFENSE

This defendant's asbestos-containing products, if any, were supplied to plaintiffs'/plaintiffs' decedents' employers pursuant to contract, and such products conformed in every material respect to specifications established by said employers.

### NINETY-THIRD DEFENSE

Plaintiffs' claims are preempted by applicable state and federal statutes, laws, and regulations.

### NINETY-FOURTH DEFENSE

Liability may not be imposed upon this defendant based on a theory of enterprise or market share liability. To the extent plaintiffs' claims are based upon such theories, they are barred.

### NINETY-FIFTH DEFENSE

Under the doctrine of judicial estoppel, plaintiffs are precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation and are, therefore, precluded from alleging the material facts necessary to state a cause of action against this defendant.

### NINETY-SIXTH DEFENSE

At the time the defendant's products of which plaintiffs complain left defendant's control, a practical and technically feasible alternative design or formulation was not available without substantially impairing the usefulness or intended purpose of such products. Therefore, defendant's products were not defective in design or manufacture.

### NINETY-SEVENTH DEFENSE

Any exposure of the plaintiffs/plaintiffs' decedents to this defendant's product or products was so minimal as to be insufficient to establish to a reasonable degree of medical probability that such exposure to the product or products was a contributing cause of plaintiffs'/plaintiffs' decedents' injuries.

## NINETY-EIGHTH DEFENSE

Any damages claimed by plaintiffs that have not accrued are purely speculative, uncertain, and contingent and therefore cannot be recovered in this action.

## NINETY-NINTH DEFENSE

Defendant asserts the change of the product's condition as a defense.

## ONE HUNDREDTH DEFENSE

Defendant asserts the military contractor's defense.

## ONE HUNDRED-FIRST DEFENSE

This defendant reserves the right to supplement and amend its Answer as discovery progresses.

Respectfully submitted,

**s/Keith J. Pflaum**
Keith J. Pflaum
Bar Number: ASB-3002-A54K
Attorney for Defendant, Albany International
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790
Telephone: (205) 980-5000
Fax: (205) 980-5001
E-mail: kjp@phm-law.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on <u>December 14, 2006</u>, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**G. Pattern Keahey, Jr., Esq.**
**James L. Pattillo, Esq.**

                                                       **s/Keith J. Pflaum**
                                                       Keith J. Pflaum
                                                       Bar Number: ASB-3002-A54K
                                                       Attorney for Albany International
                                                       Porterfield, Harper, Mills & Motlow, P.A.
                                                       22 Inverness Center Parkway, Suite 600
                                                       P.O. Box 530790
                                                       Birmingham, AL 35253-0790
                                                       Telephone: (205) 980-5000
                                                       Fax: (205) 980-5001
                                                       E-mail: kjp@phm-law.com