THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT BELUE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.:** |
| | ) | |
| **vs.** | ) | **2:06-CV-1034-WKW** |
| | ) | |
| **A.O. SMITH ELECTRICAL** | ) | |
| **PRODUCTS COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT
OF THE GOODYEAR TIRE AND RUBBER CO.**

Defendant, The Goodyear Tire and Rubber Co. ("Goodyear"), moves this Court for an

Order of dismissal pursuant to Rules 12(b)(1), (3) and (6) of the Federal Rules of Civil Procedure

or, in the alternative, for an Order requiring plaintiffs' to amend their complaint to provide a

more definite statement of their claims against this defendant.   In support of this motion,

Goodyear says as follows:

**I.       Subject Matter Jurisdiction**

1.       On or about November 17, 2006, the fifteen plaintiffs filed a complaint against

Goodyear and approximately sixty-two other defendants.  The plaintiffs allege jurisdiction based

on 28 U.S.C. §1332.  See Complaint at ¶ "Jurisdiction".  Plaintiffs purport to be residents of

Alabama, Georgia, Texas, Massachusetts, Pennsylvania, South Carolina, South Dakota,

Mississippi and Utah.  *Id.*  At least one of the defendants, Standard Equipment Company, Inc.,

has a principal place of business in Alabama.  See Exhibit 2 to Motion to Dismiss for Lack of

Subject Matter Jurisdiction by Defendants Asten Johnson, Inc., Industrial Holdings Corp. f/k/a

The Carborundum Company, and Ingersoll-Rand Company [Document 57]. Therefore, plaintiffs' complaint is due to be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

2.      Pursuant to 28 U.S.C. §1332(a)(1), a federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. The diversity statutes confer jurisdiction to a federal court only in civil actions "between citizens of different states." *Id*. Corporate citizenship, for the purposes of diversity jurisdiction, is determined by a corporation's place of incorporation and its principal place of business. 28 U.S.C. §1332(c)(1).

3.      "When a federal court's jurisdiction is premised upon diversity of citizenship between the parties, the plaintiff bears the obligation of *demonstrating in the complaint* that complete diversity of citizenship exists between the parties." *Camper & Nicholsons International, Ltd. v. Blonder Marine & Charter Inc.*, 793 F. Supp. 318, 319 (S.D. Fla. 1992) (emphasis added); *see also Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806); *Seyler v. Steuben Motors Inc.*, 462 F.2d 181 (3rd Cir. 1972); *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). Furthermore, "because a corporation is a citizen of both the state of incorporation and the state which is its principal place of business, a plaintiff who fails to allege the principal place of business of a corporation has failed to sufficiently allege the corporation's citizenship." *Camper*, 793 F. Supp. at 319. Where jurisdiction "depends upon the citizenship of the parties it is not enough that it does appear that they are not citizens of the same State, but the facts necessary to give the [district court] jurisdiction must be distinctly alleged." *Assessors v. Osbornes*, 76 U.S. 567, 574-75, 19 L. Ed. 748 (1869); *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313 (5th Cir. 1980).

B WLW 733065 v1
2902295-000044 12/18/2006

## II.    Improper Venue

4.    Pursuant to 28 U.S.C. §1391(a) a civil action based on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

5.    Plaintiffs' complaint fails to include any venue averment.  Furthermore, a reading of the complaint does not demonstrate that venue is proper under any provision of §1391(a).  Plaintiffs do not identify in any way where the alleged exposures occurred in the Middle District of Alabama, any aspect of the nature and extent of alleged exposure, or the products to which they were allegedly exposed.  Moreover, the plaintiffs do not allege that any defendant is a resident of this judicial district, and the complaint does not show that all defendants are subject to personal jurisdiction, either through specific or general minimum contacts.

6.    It is impossible to decipher from the complaint whether venue is proper in the Northern District of Alabama.  Accordingly, the action is due to be dismissed for improper venue.  Fed. R. Civ. P. 12(b)(3).

## II.    Failure to State a Claim Upon Which Relief Can Be Granted

7.    Plaintiffs' complaint fails to set forth a short and plain statement of the claim as to this defendant as is required by Rule 8 of the Federal Rules of Civil Procedure.  Instead, the complaint improperly uses a "shotgun" approach to pleading, directing allegations in the direction of all the defendants collectively.  See *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th

B WLW 733065 v1
2902295-000044 12/18/2006

Cir. 2001).  In *Magluta*, the Eleventh Circuit expressed its vigorous disapproval of shotgun

complaints, like the one filed by the plaintiffs herein, as follows:

> The complaint is a quintessential "shotgun pleading of the kind we have
> condemned repeatedly, beginning at least as early as 1991.  It is in no sense the
> "short and plain statement of the claim" required by Rule 8 of the Federal Rules
> of Civil Procedure.  Fed. R. Civ. P. 8(a)(2).  It is fifty-eight pages long.  It names
> fourteen defendants, and all defendants are charged in each count.  The complaint
> is replete with allegations that "the defendants" engaged in certain conduct,
> making no distinction among the fourteen defendants charged, though geographic
> and temporal realities make plain that all of the defendants could not have
> participated in every act complained of.  Each count incorporates by reference the
> allegations made in a section entitled "General Factual Allegations--which
> comprises 146 numbered paragraphs--while also incorporating the allegations of
> any count or counts that precede it.  The result is that each count is replete with
> factual allegations that could not possibly be material to that specific count, and
> that any allegations that are material are buried beneath innumerable pages of
> rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s
> requirement that discrete claims should be plead in separate counts, and is the
> type of complaint that we have criticized time and time again. [Citations omitted]

*Id*. at 1284.  The Court's description of the plaintiffs' complaint in *Magluta* is strikingly similar

to the complaint filed in this case.  Both contain lengthy general factual allegations that are

repetitive, vague, unnecessary, and, more importantly, not tied to any specific defendant.

Plaintiffs should be ordered to replead their complaint, so that it sets forth a short, plain

statement of its claims against defendant, if any exists.

8.      No specific allegation is made against any individual defendant in plaintiffs'

entire complaint.  "Where a complaint alleges no specific act or conduct on the part of the

defendant except for his name appearing in the caption, the complaint is properly dismissed,

even under the liberal construction to be given pro se complaints."  *Potter v. Clark*, 497 F.2d

1206, 1207 (7th Cir. 1974).

9.      The fifteen plaintiffs have each identified various different worksites, many of

which were located outside of the State of Alabama.  Despite providing a summary work history

4

for each plaintiff, the Complaint does not allege which plaintiff claims exposures to which defendant's specific products, much less where, when and how each alleged exposure occurred. In doing so, plaintiffs have failed to identify what equipment or product was provided by any defendant, where it was provided, when plaintiffs were exposed to it, how it was defective, or any other information to give this defendant, or any other defendant, fair notice of the basis for plaintiffs' claims.

10.    Plaintiffs' allegations are so broad and vague that this defendant cannot prepare a reasonable response to the complaint, except to simply deny the material allegations of the complaint altogether.  The absence of any factual allegation directed against a named defendant entitles that defendant to have the complaint dismissed as to him.  *Clark v. Sierra*, 837 F.Supp. 1179, 1182 (M.D. Fla. 1993).  Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted.

## III.    Plaintiffs Failed to Plead Fraud with Particularity

11.    Fed. R. Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  It has been said that this rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants "against spurious charges of immoral and fraudulent behavior."'  *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation omitted).  The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of Fed. R. Civ. P. 9(b).  See, e.g., *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1210 (11th Cir. 2001); *Hendley v. American National Fire Ins. Co.*, 842 F.2d 267, 269 (11th Cir. 1988); *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 970 (5th Cir. 1981).

B WLW 733065 v1
2902295-000044 12/18/2006

12.     To satisfy the particularity requirement, a plaintiff must aver "(1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff[ ], and (4) what the defendant[ ] obtained as a consequence of the fraud." *United States ex rel Clausen v. Lab Corp. of America*, 290 F.3d 1301, 1310 (11th Cir. 2002) (citations omitted). In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which form the basis of plaintiff's claim against that particular defendant. See, *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1381 (11th Cir. 1997); see also, *Friedlander v. Nims*, 755 F.2d at 813.

13.     Here, Plaintiffs generally allege that the Defendants misrepresented, concealed, and/or destroyed scientific evidence regarding alleged health hazards of asbestos. However, plaintiffs fail to identify the precise statements made, the time, place, and individual responsible for the statements, and what the defendant[s] gained by the alleged misrepresentation. Not only do plaintiffs fail to plead any particularities as to the alleged fraudulent conduct of The Goodyear Tire and Rubber Co., but they also fail to plead with particularity as to *any* of the named defendants. Given plaintiffs' failure to set forth specific facts as to each named defendant, their Complaint is due to be dismissed for failure to comply with Fed. R. Civ. P. 9(b).

WHEREFORE, Defendant, The Goodyear Tire and Rubber Co., respectfully moves this Court to dismiss plaintiffs' complaint against it for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. In the alternative, this defendant moves for a more definite statement to comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure.

B WLW 733065 v1
2902295-000044 12/18/2006

Respectfully submitted,


 /s/ William L. Waudby_____
One of the Attorneys for Defendant,
Goodyear Tire and Rubber Co.


Of Counsel:

William L. Waudby
BAKER, DONELSON, BEARMAN
   CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203
bwaudby@bakerdonelson.com
205.244.3894 - direct telephone
205.488.3737 - direct facsimile


## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to counsel of record.


 /s/ William L. Waudby_____
Of Counsel

B WLW 733065 v1
2902295-000044 12/18/2006