THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT BELUE; et al., )<br>  )<br>  Plaintiffs, )<br>  )<br>vs. )<br>  )<br>A.O. SMITH ELECTRICAL PRODUCTS )<br>COMPANY, a division of A.O. SMITH )<br>CORPORATION; et al.; )<br>  )<br>  Defendants. ) | Civil Action No. 06-CV 0134-WKW |

### DEFENDANTS ITT CORPORATION f/k/a ITT INDUSTRIES, INC. AND BELL AND GOSSETT, a subsidiary of ITT CORPORATION f/k/a ITT INDUSTRIES, INC.S' MOTION TO DISMISS AND JOINDER IN CERTAIN DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COME NOW the defendants ITT Corporation f/k/a ITT Industries, Inc. and Bell and Gossett a subsidiary of ITT Corporation f/k/a ITT Industries, Inc., (hereinafter, "Defendants" or "moving Defendants") and pursuant to Rule 12 of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss all claims asserted against moving Defendants in the Plaintiffs' Complaint. As grounds for said motion, Defendants state the following:

### INTRODUCTION

This is an asbestos lawsuit filed on behalf of fifteen plaintiffs against sixty-three defendants. Plaintiffs' complaint is based upon various state law theories including, but not limited to, strict liability, negligence, fraud, and wrongful death. It does not appear from the face of the complaint that any of plaintiffs' claims arise under federal law. In fact, the complaint expressly states that jurisdiction in the federal district court is based

upon diversity jurisdiction. (Complaint, at pg. 7). For the reasons set forth below, plaintiffs' complaint is due to be dismissed in its entirety against defendants.

    A.    **Plaintiffs fail to allege an injury from any product that was allegedly provided by moving defendants or allege any specific product of moving defendants.**

Even though the Plaintiffs attempt to refine their exposure allegations by asserting that Defendants "produced and/or manufactured asbestos-containing products and/or materials and placed the asbestos-containing products and/or materials into the stream of commerce," Plaintiffs fail to identify any specific product of ITT Corporation f/k/a ITT Industries, Inc. and Bell and Gossett a subsidiary of ITT Corporation f/k/a ITT Industries, Inc., where they were allegedly provided, how each Plaintiff was supposedly exposed to it, specifically when each Plaintiff was supposedly exposed to it, how it was supposedly defective, or any other information to give Defendants fair notice of the basis for Plaintiffs' claims. (Complaint, ¶ 17).

The absence of any specific acts, conduct, or factual allegations directed against a named Defendant entitles that Defendant to have the Complaint dismissed against it. *Clark v. Sierra,* 837 F. Supp. 1179, 1182 (M. D. Fla. 1993); *Potter v. Clarke,* 497 F.2d 1206, 1207 (7th Cir. 1974).

Accordingly, the Plaintiffs' claims are due to be dismissed for failure to plead facts with the required specificity with respect to Moving defendants

    B.    **Plaintiffs do not allege any specific claims against moving defendants**

Plaintiffs fail to delineate the specific claims against moving defendants from the claims made against other Defendants. Plaintiffs make general allegations against all Defendants and do not aim any specific allegations towards any specific Defendant.

Plaintiffs fail to allege a single fact as to which of the fifteen Plaintiffs used which of the Defendants' products, when or how they used them, or which causes of action are alleged against which Defendant.

In failing to delineate the specific claims against moving defendants from the claims made against other Defendants, Plaintiffs' Complaint fails to satisfy the requirements of Rule 8 of the *Federal Rules of Civil Procedure*. Rule 8(a) requires a plaintiff to plead "...a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) states "[e]ach averment of a pleading shall be simple, concise and direct."

Furthermore under Rule 8, a pleading must give a defendant fair notice of a claim which it has been called upon to defend, as well as the grounds upon which the plaintiffs' claims rest. Even under the liberal pleadings standard of Rule 8(a) of the *Federal Rules of Civil Procedure,* Plaintiffs' allegations are so broad and vague that these Defendants cannot prepare a reasonable response to the Complaint, except to deny the material allegations of the Complaint.

In short, Plaintiffs' failure to properly delineate the issues and claims made against specific Defendants creates a situation that will "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. Florida,* 117 F.3d 1258, 1263 (11th Cir. 1997).

Accordingly, Plaintiffs' claims against moving defendants are due to be dismissed.

**C.     Plaintiffs' claims should be severed because there are significant differences in the work histories, worksites, occupations, lengths of employment, alleged injuries, and alleged exposure periods.**

Here, fifteen Plaintiffs allege generally that they were "continually exposed to asbestos-containing products." Certain Plaintiffs allege exposure at various workplaces throughout the nation during differing times to products purportedly associated with the named Defendants. None of the Plaintiffs allege **any** facts purporting to establish that their right to relief arises out of the same transaction or occurrence or series of transactions or occurrences. Rather, Plaintiffs seek to require Defendants and this Court to presume that all of these Claims arise out of a common set of facts and that there are common questions of law with respect to each of their claims.

In pertinent part, Rule 20(a) of the *Federal Rules of Civil Procedure* permits "persons to join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or **arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."** (emphasis added). A detailed discussion of improper joinder is set forth in *Crossfield Products Corp. v. Irby,* 910 So. 2d 498 (Miss. 2005).

In *Crossfield*, the Mississippi Supreme Court reversed the denial of Defendants' Motion to Sever Plaintiffs' Claims based on improper joinder under Rule 20, *Mississippi Rules of Civil Procedure*. There, nine Plaintiffs joined together in filing suit against 258 named Defendants as well as 200 fictitious parties for alleged injuries suffered from exposure to asbestos while employed at Ingalls Shipyard in Pascagoula, Mississippi. *Id.* at 499. Plaintiffs alleged that from 1930 through the present date that each of the

defendants mined, designed, evaluated, manufactured, furnished, or sold adhesives, construction materials, insulation, fiber or other products that contained asbestos and/or assisted others in doing so in the construction and repair of manufacturing plants and equipment. *Id.* All the plaintiffs suffered from asbestosis in varying degrees. *Id.* They did claim exposure while working at a common place of employment, Ingalls Shipyard. However, during the span of 24 years, the plaintiffs were employed at different times. *Id.* The plaintiffs also had different job descriptions, different work-stations and different job duties. *Id.* Each plaintiff worked around different products made by various manufacturers for different lengths of times. *Id.* at 499-500. Some of the plaintiffs could have been exposed to asbestos at other jobs. *Id.* at 500. Each plaintiff had a different history, medically and otherwise. *Id.* Given the foregoing, the *Crossfield* Court determined that the plaintiffs did not have "a distinct litigable event that link[ed] them together." *Id.* at 501.

Indeed, the factors shared by all plaintiffs was the alleged exposure to asbestos at the Ingalls Shipyard. However, the events giving rise to the litigation were "quite different" for each plaintiff. *Id.* The common element of workplace was not enough to link the parties together in litigation. As such, the joinder of plaintiffs' claims was improper. *Id.*

In this action, there are significant differences in the work histories, worksites, occupations, diseases, lengths of employment, medical backgrounds and histories, injuries, and exposure periods. Applying the reasoning set forth in *Crossfield* to the facts in this action, it is even more obvious that these totally unrelated claims must be severed if the Complaint, or portions thereof, are not dismissed.

    **D.**    **Plaintiffs' claims should be severed because of the lack of common relief.**

In this action, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims.

It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. *See, Cherokee Elec. Coop. v. Cochran,* 706 So. 2d 1188, 1193 (Ala. 1997). Because of the mix of personal injury and wrongful death claims, the claims must be severed for any Plaintiff not dismissed.

    **E.**    **Plaintiffs' complaint is due to be dismissed for lack of subject matter jurisdiction.**

These Defendants adopt and incorporate the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendants Asten Johnson, Inc., and others as if set out herein in full, including all factual and legal arguments raised in support thereof.

    **F.**    **Affirmative Defenses**

Pursuant to Fed. R. Civ. P. 12(h), Defendants assert the following affirmative defenses:

1. The allegations against moving Defendants are due to be dismissed based upon a lack of jurisdiction over the person.

2. The allegations against moving Defendants are due to be dismissed based upon improper venue.

3. The allegations against moving Defendants are due to be dismissed based upon insufficiency of process.

4. The allegations against moving Defendants are due to be dismissed based upon insufficiency of service of process.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully requests this Honorable Court to dismiss the Plaintiffs' claims with prejudice on the grounds enumerated above.

Respectfully submitted on this the  18th  day of December, 2006,

           s/Timothy W. Knight_____
           s/Lucy W. Jordan_____
Timothy W. Knight (ASB-5824-170T)
Lucy W. Jordan (ASB-4426-U69J)
Attorneys for Defendants
ITT Corporation f/k/a ITT Industries, Inc. and Bell and Gossett a subsidiary of ITT Corporation f/k/a ITT Industries, Inc.

**OF COUNSEL:**

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
(205) 968-9900

**ORAL ARGUMENT IS REQUESTED**

**CERTIFICATE OF SERVICE**

I hereby certify that on December   , 2006, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing electronically:

G. Patterson Keahey, Jr.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
*Attorney for Plaintiffs*

           Timothy W. Knight_____
OF COUNSEL