IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT D. BELUE, et al., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 2:06CV1034-WKW |
| A.O. SMITH ELECTRICAL PRODUCTS COMPANY, et al., | ) ) ) ) |
| Defendant. | ) |

## MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT AND/OR NOTICE OF "TAG-ALONG ACTION"

**COMES NOW** the defendant FMC Corporation on behalf of its former Construction Equipment Group, former Turbo Pump Operation, and former Peerless Pump and Chicago Pump business, improperly sued as, FMC Corporation, individually and on behalf of its former Construction Equipment Group, and former Peerless Pump division, Coffin Turbo Pumps, and Chicago Pump business (hereafter "FMC"), and pursuant to Rules 12(b)(3), (6) and/or 12(e) of the Federal Rules of Civil Procedure, moves the Court to enter an order dismissing the Complaint against it and/or or in the alternative, to enter an order directing the plaintiff to replead the vague and ambiguous allegations asserted against it the complaint in a manner that complies with Rule 8(a) of the Federal Rules of Civil Procedure. In support of this motion, FMC shows unto the Court as follows:

1. The Complaint fails to state a claim upon which relief may be granted.
2. The Complaint is barred by the applicable statute of limitations.
3. The Complaint is barred by res judicata and/or collateral estoppel principles.
4. Venue is improper in this Court.
5. Upon information and belief, this case should be transferred to the United States

1528461

District Court, Eastern District of Pennsylvania, for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407 as a "tag-along action" pursuant to the order entered on July 29, 1999 by the Judicial Panel on Multi-District Litigation.

6.  The Complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure inasmuch as the Complaint is devoid of any specific allegations of wrongdoing levied against FMC at any specific point in time. Instead, the Complaint sets forth allegations on behalf of 15 plaintiffs against 64 defendants concerning workplace exposures to asbestos which occurred in numerous states over a timeframe dating back some 64 years in some cases. Accordingly, the Complaint as presently pled, is so vague and ambiguous that the defendant "cannot reasonably be required to frame a responsive pleading." Rule 12(e) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** FMC moves the Court to enter an order dismissing the Complaint against it and/or alternatively to enter an order directing the plaintiff to replead the Complaint with specific factual allegations which would put this defendant on notice of the wrongdoing alleged against it, and the time and place at which said alleged wrongdoing occurred. Additionally, FMC requests the Court to take judicial notice that this case is subject to transfer pursuant to 28 U.S.C. § 1407.

s/Allan R. Wheeler
C. Paul Cavender ASB-8784-E67C
Allan R. Wheeler ASB-4726-R49A

Attorneys for FMC Corporation

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1528461                                    2

3

## CERTIFICATE OF SERVICE

    I hereby certify on this 20th day of December, 2006 that the foregoing **MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT AND/OR NOTICE OF "TAG-ALONG ACTION"** has been filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                        s/Allan R. Wheeler
                        OF COUNSEL