**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **ROBERT D. BELUE, et al.**,            ) | CIVIL ACTION NO. |
|                                                           ) | |
|                                                           ) | 2:06CV1034-WKW |
|                                                           ) | |
|              Plaintiffs,                       ) | |
|                                                           ) | |
| vs.                                                  ) | **JURY DEMAND** |
|                                                           ) | |
| **A.O. SMITH ELECTRICAL PRODUCTS** ) | |
| **COMPANY, a division of A.O. Smith** ) | |
| **CORPORATION; et al.**,                ) | |
|                                                           ) | |
|              Defendant.                      ) | |

**ANSWER OF EMERSON ELECTRIC CO. TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant EMERSON ELECTRIC CO. ("Defendant"), by and through its attorneys, and for its answer to Plaintiffs' Complaint, admits, denies, and alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiffs' Complaint contains numerous legal conclusions and statements of law that require no response in this Answer. Defendant, however, in no way concedes the validity of the legal conclusions and statements of law contained in the Complaint, and expressly reserves the right to contest each and every legal conclusion and statement of law contained therein at the appropriate time.

**JURISDICTION**

Defendant denies any and all liability to Plaintiffs. Defendant is without any information as to Plaintiffs' states of residence and is without sufficient information to admit or deny whether the amount in controversy exceeds $75,000. Therefore, Defendant denies the paragraph in Plaintiffs' Complaint under the Jurisdiction heading.

## STATUTE OF LIMITATIONS

In response to the paragraph in Plaintiffs' Complaint under the Statute of Limitations heading, Defendant asserts that the applicability of the statute limitation(s) to Plaintiffs' claims is an issue of law which must be determined by the Court. Therefore, no response to this paragraph is necessary at this time. Defendant, however, reserves the right to file a dispositive motion on this issue at the appropriate time.

## BACKGROUND FACTS—THE PLAINTIFFS

1-15. In response to paragraphs 1 through 15 of Plaintiffs' Complaint, Defendant denies that its products caused or contributed to the Plaintiffs' injury, if any, illness, if any, disease, if any. Defendant further denies that its products caused or contributed to Plaintiffs' decedents' deaths and therefore denies all liability to Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 1-15 of Plaintiffs' Complaint and therefore denies the same.

## BACKGROUND FACTS—THE DEFENDANTS

16. In response to paragraph 16, Defendant incorporates by reference as though fully set forth herein, its responses to all of the preceding paragraphs of Plaintiffs' Complaint.

17. Paragraph 17 consists of a term of art with a definition crafted by Plaintiffs' counsel, to which no response is required. To the extent a response is deemed necessary, Defendant denies that it manufactured or produced any products which caused or contributed to the Plaintiffs' injuries, if any, diseases, if any, or the Plaintiffs' decedents' deaths.

18. In response to paragraph 18, Defendant denies that it manufactured or produced any products which caused or contributed to the Plaintiffs' injuries, if any, diseases, if any, or the Plaintiffs' decedents' deaths.

19-41.  Defendant is without sufficient information to admit or deny paragraphs 19 through 41 of Plaintiffs' Complaint and therefore denies the same.

42.  In response to paragraph 42, Defendant admits that it is a Missouri corporation and that its address is 8000 W. Florissant Avenue, Saint Louis, Missouri but denies the remaining allegations in paragraph 42.

43-78.  Defendant is without sufficient information to admit or deny paragraphs 43 through 78 of Plaintiffs' Complaint and therefore denies the same.

79.  Paragraph 79 consists of a term of art with a definition crafted by Plaintiffs' counsel, to which no response is required.  To the extent a response is deemed necessary, Defendant denies any and all liability to Plaintiffs.

80.  Paragraph 80 consists of a term of art with a definition crafted by Plaintiffs' counsel, to which no response is required.  To the extent a response is deemed necessary, Defendant denies any and all liability to Plaintiffs.

81.  Paragraph 81 consists of a term of art with a definition crafted by Plaintiffs' counsel, to which no response is required.  To the extent a response is deemed necessary, Defendant denies any and all liability to Plaintiffs.

82-85.  Defendant is without sufficient information to admit or deny paragraphs 82 through 85 of Plaintiffs' Complaint and therefore denies the same.

86.  Paragraph 86 consists of statements to which no response is required.  To the extent a response is deemed necessary, Defendant denies paragraph 86.

87.  In response to paragraph 87, Defendant incorporates by reference as though fully set forth herein, its responses to all of the preceding paragraphs of Plaintiffs' Complaint.

88-92.  Defendant denies paragraphs 88 through 92 as applied to it.

## COUNT ONE

93. In response to paragraph 93, Defendant incorporates by reference as though fully set forth herein, its responses to all of the preceding paragraphs of Plaintiffs' Complaint.

94. In response to paragraph 94, Defendant denies any liability to Plaintiffs.

95-97. Defendant denies paragraphs 95-97 as applied to it.

## COUNT TWO

98. In response to paragraph 98, Defendant incorporates by reference as though fully set forth herein, its responses to all of the preceding paragraphs of Plaintiffs' Complaint.

99. Defendant denies all liability to plaintiff.

100-110. Defendant denies the allegations contained in paragraphs 100-110 as applied to it.

## COUNT THREE

111. In response to paragraph 111, Defendant incorporates by reference as though fully set forth herein, its responses to all of the preceding paragraphs of Plaintiffs' Complaint.

112. In response to paragraph 112, defendant denies all liability to Plaintiffs.

113. Defendant is without sufficient knowledge or information to admit or deny paragraph 113 and therefore denies the same.

114-117. Defendant denies paragraph 114 through 117 as applied to it.

## COUNT FOUR

118. In response to paragraph 118, Defendant incorporates by reference as though fully set forth herein, its responses to all of the preceding paragraphs of Plaintiffs' Complaint.

119. In response to paragraph 119, Defendant denies all liability to Plaintiffs.

120. Defendant denies paragraph 120 as applied to it.

121.   Paragraph 121 contains a conclusion of law to which no response is required.  To the extent a response is deemed necessary Defendant asserts that some or all of Plaintffs' claims may be untimely and reserves the right to file a dispositive motion on this issue.

**BY WAY OF FURTHER ANSWER AND FOR ITS AFFIRMATIVE DEFENSES, DEFENDANT ALLEGES AS FOLLOWS:**

## PRELIMINARY STATEMENT

Plaintiffs' Complaint is vague and conclusory in nature.  As such, it does not contain essential detailed factual allegations.  When the material facts are determined through the discovery process, it may well be that the claims asserted are barred by affirmative defenses that Defendant cannot anticipate at this stage of the proceedings.  Furthermore, Defendant recognizes the possibility that discovery may reveal that some of the affirmative defenses asserted herein may not apply.  Therefore, Defendant reserves its right to amend its Answer as more information about the Plaintiffs' claims becomes available.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue some or all of their claims.

## THIRD AFFIRMATIVE DEFENSE

Venue is improper, or in the alternative, venue would be more appropriate in another forum.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed injuries and damages were caused, in whole or in part, by the actions or omissions of others for whose conduct Defendant is not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Defendant, or at the instruction or subject to the control of Defendant with regard to any of the actions described in the Complaint. Accordingly, Defendant is not liable for any acts or omissions of such third parties as a matter of law.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the rule of repose.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs and Plaintiffs' Decedents were guilty of abuse or misuse of the products involved in this action and said abuse or misuse proximately caused or contributed to cause Plaintiffs' alleged injuries and damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant denies that its conduct was a proximate cause of Plaintiffs' alleged injuries and damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are barred by the bulk supplier doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant had no duty to warn of dangers of which employers of Plaintiffs and Plaintiffs' Decedents were or should have been aware.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is vague and conclusory in nature. As such, it does not contain essential detailed factual allegations. When the material facts are determined through the discovery process, it may well be that the claims asserted are barred by applicable doctrines of limitation or repose. For that reason, Defendant raises and asserts as a defense the statute of limitations applicable to each of the claims raised in Plaintiffs' Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of Plaintiffs and Plaintiffs' Decedents.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery must be barred, in whole or in part, to the extent that Plaintiffs and Plaintiffs' Decedents failed to mitigate the alleged injuries or damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant had no duty to maintain Plaintiffs' Decedents' work environments in a safe condition.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is duplicative of actions filed in other jurisdictions and is therefore due to be abated or dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the design, manufacture, inspection, packaging, and/or labeling of Defendant's products are, and have always been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the-art.

### NINETEENTH AFFIRMATIVE DEFENSE

The product at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine or strict liability in tort because of each of the following:

(a) It had been altered or modified prior to the incident and was not in substantially the same condition at that time as when it left the manufacturer or distributor;

(b) The product was not unreasonably dangerous;

(c) The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated;

(d) The manufacture and design of the product was well in keeping with the state of the art at the time of the manufacture of the product; and

(e) The product was not unreasonably dangerous because the benefits of the product outweighed any of the attendant risks.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant contends that the Alabama Extended Manufacturer's Liability Doctrine is constitutionally void as to Defendant and as applied to acts and circumstances in this case.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint impermissibly splits a single cause of action and is therefore due to be dismissed.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, Defendant states that it would be entitled to a full credit, offset, *pro rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event Plaintiffs settle with any defendant, pursuant to the applicable statutes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendant in this case.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred, in whole or in part, to the extent that any alleged dangers claimed by Plaintiffs were open and obvious.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous, which Defendant denies, Plaintiffs and Plaintiffs' Decedents were aware thereof and unreasonably proceeded to make use of the product in that condition.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of release.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiffs and Plaintiffs' Decedents did not justifiably or reasonably rely on activities attributed by Plaintiffs to Defendant in the Complaint, and that any injuries or damages complained of in the Complaint were not caused by Defendant's alleged actions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the injuries alleged in the Complaint resulted from a preexisting and/or unrelated medical condition and not from any act or omission by Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant denies Plaintiffs' Decedents' injuries or deaths were causally related to any act or omission of Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

Section 6-5-410 of the Code of Alabama (1975) is violates the United States and Alabama Constitutions in that it deprives Defendants of their right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than Defendants or Defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of Defendants, if any.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

While denying that Plaintiffs are entitled to any relief whatsoever, if Defendant is required to pay any monetary award to Plaintiffs, Defendant claims a set-off against any monies received by Plaintiffs for their alleged injuries or damages, including, but not limited to, any insurance or workers compensation proceeds.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the intervention of a learned intermediary or intermediaries whose acts, omissions, or fault, if any, are the proximate cause of Plaintiffs' injuries, damages, or losses, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that any harm caused by Defendant's products was caused by an inherent aspect of the product which could not be eliminated without compromising the usefulness of the product.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to Plaintiffs without substantially impairing the usefulness or intended purpose of the product.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims violate the due process provisions of the United States Constitution and the correlative provisions of the Alabama Constitution to the extent that they seek to deprive Defendant of procedural and substantive safeguards, including traditional defenses to liability.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the Excessive Fines and Penalties clause of the United States Constitution and the correlative provisions of the Alabama Constitution. These claims also violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the correlative provisions of the Alabama Constitution.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack in clarity in Alabama's standards for awarding punitive damages.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Any claim for punitive damages, on its face or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the due process clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defense.

**FORTIETH AFFIRMATIVE DEFENSE**

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this case would violate Defendant's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

With respect to Plaintiffs' demands for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards which arose in the decisions of <u>BMW</u> v. <u>Gore</u>, 116 U.S. 1589 (1996) and <u>State Farm Mut. Auto Ins. Co.</u> v. <u>Campbell</u>, 123 S. Ct. 1513 (2003).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' demands for punitive damages may result in multiple damage awards to be assessed for the same act or omission against Defendant, such award would contravene Defendant's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and Article 1, Section 9 of the Alabama Constitution.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

The procedures pursuant to which punitive damages are awarded subject Defendant to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrine of *res judicata*.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrine of collateral estoppel.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrine of judicial estoppel.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that it did not participate in, authorize, ratify or benefit from the alleged wrongful acts that are asserted in the Complaint.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges affirmatively that the Wrongful Death Act of Alabama is constitutionally void as to defendants and as applied to the acts and circumstances in this case in that:

(a) It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action.

(b) It operates to deny to defendants a fair opportunity to have the jury assess damages based on defendants' culpability for negligence which cannot be segregated from allegations of negligence against other defendants.

(c) In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

(d) In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as is germane, that no person shall be deprived of property except by due process of law.

## FIFTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Defendant invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other

forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, and limitations on compensatory and punitive damages.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Defendant invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendant adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to Defendant.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute is unconstitutional both on its face and as applied to Defendant in this action.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges affirmatively that the Wrongful Death Statute, 6-5-410 of the Code of Alabama (1975), as it applies to joint tortfeasors is unconstitutional in that it is punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by the tortfeasor.  Therefore, this Act, as it applies to joint tortfeasors, denies each and every defendant equal protection of the laws and violates the United States Constitution.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges affirmatively that the Wrongful Death Act of Alabama violates the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability a defendant had, if any.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint should be dismissed for failure to join an indispensable party.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

Some or all of the damages sought in Plaintiffs' Complaint constitute impermissible double recovery for the alleged injuries.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant denies any and all liability asserted against it by Plaintiffs, where based in whole or part on its status as a successor, successor in business, successor in product line, assignee, predecessor, predecessor in business, predecessor in product line, parent, alter ego, subsidiary, or other derivative status.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to allege facts indicating that the substantive law of Alabama, including the Alabama Wrongful Death Act, is applicable in this case.

                                    /s/ Brandy R. Owens
                            One of the Attorneys for Defendant
                                  Emerson Electric Co.

OF COUNSEL:
Melody H. Eagan (HUR009)
W. Larkin Radney IV (RAD008)
Natasha L. Wilson (WIL326)
Brandy R. Owens (OWE033)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

      This is to certify that on this 20th day of December, , a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

      G. Patterson Keahey, Jr., Esq.
      Law Offices of G. Patterson Keahey, P.C.
      One Independence Plaza
      Suite 612
      Birmingham, AL  35209

and on the 20th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Alabama using the CM/ECF system.

                                 /s/ Brandy R. Owens
                                 Of Counsel