IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT D. BELUE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.** |
| ) | **2:06CV1034-WKW** |
| **ASBESTOS DEFENDANTS:** ) | |
| **A.O. SMITH ELECTRICAL PRODUCTS** ) | |
| **COMPANY, a division of A.O. SMITH** ) | |
| **CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ANSWER OF DEFENDANT ROCKWELL AUTOMATION, INC., SUCCESSOR BY MERGER TO ALLEN-BRADLEY CO., LLC

Defendant Rockwell Automation, Inc., successor by merger to Allen-Bradley Co., LLC, (hereinafter "Defendant") responds to the plaintiffs' Complaint as follows:

### JURISDICTION

Defendant admits that its principal place of business is in a state other than Alabama, Georgia, Texas, Massachusetts, Pennsylvania, South Carolina, South Dakota, Mississippi, and Utah. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### STATUTE OF LIMITATIONS

This paragraph states a conclusion of law to which no response is required.

### BACKGROUND FACTS – THE PLAINTIFFS

1-15.  Defendant denies the allegations of paragraphs 1 through 15 of the Complaint directed to this Defendant. Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraphs 1 through 15.

## BACKGROUND FACTS – THE DEFENDANTS

16. Defendant realleges and adopts by reference each of its above responses as if fully set forth herein.

17. Paragraphs 17 of the Complaint sets forth a definition to which no response is required. To the extent that this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

18. To the extent that paragraph 18 includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 19 through 68 of the Complaint.

69. Defendant admits that it is a Delaware corporation with its principal place of business in Wisconsin. Defendant denies the remaining allegations of paragraph 69 of the Complaint.

70-78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 70 through 78 of the Complaint.

79-81. Paragraphs 79 through 81 of the Complaint set forth definitions to which no response is required. To the extent that these paragraphs include any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

82-85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 82 through 85 of the Complaint.

86. Paragraph 86 of the Complaint states conclusions of law to which no response is required. To the extent this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

### **DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY**

87. Defendant realleges and adopts by reference each of its above responses as if fully set forth herein.

88. Paragraph 88 of the Complaint states conclusions of law to which no response is required. To the extent this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

89. The statement in paragraph 89 of the Complaint requires no response. To the extent that this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

90. Defendant denies the allegations of paragraph 90 of the Complaint directed to this Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

91. Defendant denies the allegations of paragraph 91 of the Complaint directed to this Defendant, including all subparts.

92. Defendant denies the allegations of paragraph 92 of the Complaint directed to this Defendant.

## COUNT ONE

93. Defendant realleges and adopts by reference each of its above responses as if fully set forth herein.

94. Paragraph 94 of the Complaint states a conclusion of law to which no response is required. To the extent that this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

95. Defendant denies the allegations of paragraph 95 of the Complaint directed to this Defendant.

96. Defendant denies the allegations of paragraph 96 of the Complaint directed to this Defendant.

97. Defendant denies the allegations of paragraph 97 of the Complaint directed to this Defendant.

## COUNT TWO

98. Defendant realleges and adopts by reference each of its above responses as if fully set forth herein.

99. Paragraph 99 of the Complaint states a conclusion of law to which no response is required. To the extent that this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

100. Defendant denies the allegations of paragraph 100 of the Complaint.

101. Defendant denies the allegations of paragraph 101 of the Complaint.

102. Defendant denies the allegations of paragraph 102 of the Complaint.

103. Defendant denies the allegations of paragraph 103 of the Complaint.

104. Defendant denies the allegations of paragraph 104 of the Complaint.

105. Defendant denies the allegations of paragraph 105 of the Complaint.

106. Defendant denies the allegations of paragraph 106 of the Complaint.

107. Defendant denies the allegations of paragraph 107 of the Complaint.

108. Defendant denies the allegations of paragraph 108 of the Complaint.

109. Defendant denies the allegations of paragraph 109 of the Complaint, including all subparts.

110. Defendant denies the allegations of paragraph 110 of the Complaint.

## **COUNT THREE**

111. Defendant realleges and adopts by reference each of its above responses as if fully set forth herein.

112. Paragraph 112 of the Complaint states a conclusion of law to which no response is required. To the extent that this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

113. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Complaint.

114. Defendant denies the allegations of paragraph 114 of the Complaint directed to this Defendant.

115. Defendant denies the allegations of paragraph 115 of the Complaint directed to this Defendant.

116. Defendant denies the allegations of paragraph 116 of the Complaint directed to this Defendant.

117. Defendant denies the allegations of paragraph 117 of the Complaint directed to this Defendant.

## COUNT FOUR

118. Defendant realleges and adopts by reference each of its above responses as if fully set forth herein.

119. Paragraph 119 of the Complaint states a conclusion of law to which no response is required. To the extent that this paragraph includes any allegations of material fact directed to this Defendant, Defendant denies all such allegations.

120. Defendant denies the allegations of paragraph 120 of the Complaint directed to this Defendant.

121. Paragraph 121 of the Complaint states a conclusion of law to which no response is required.

## JURY DEMAND AND AD DAMNUM

Defendant denies that the plaintiffs are entitled to any relief requested.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statutes of limitations and/or rule of repose.

## THIRD DEFENSE

This Defendant avers that to the extent that the decision of the Supreme Court of Alabama in Lankford v. Sullivan, Long & Hagerty, 416 So. 2d 996 (Ala. 1982), held unconstitutional the product liability statute of repose established by § 6-5-502(c) of the Alabama Code, that decision was in error and was itself an unconstitutional exercise of legislative authority by the judicial branch. The Supreme Court of Alabama should revisit the propriety and effectiveness of § 6-5-502(c), reverse its holding in Lankford, and declare that the product liability statute of repose is constitutional, enforceable, and in effect. See Baugher v. Beaver Construction Co., 791 So. 2d 932 (Ala. 2000).

## FOURTH DEFENSE

To the extent that the statute of repose described in §6-5-502(c) is not currently in effect to bar the Plaintiffs' claims, this Defendant avers that a general, twenty-year rule of repose would nevertheless apply, as explained by the Alabama Supreme Court in *Ex parte National Life Insurance Co.*, 825 So. 2d 758 (Ala. 2002).

## FIFTH DEFENSE

Plaintiffs' claims are or may be barred by the doctrines of laches.

## SIXTH DEFENSE

Plaintiffs' losses, if any, resulted, in whole or in part, from plaintiffs' or their decedents' own negligence, and any recovery is accordingly barred by the doctrine of contributory negligence.

## SEVENTH DEFENSE

Plaintiffs' or their decedents' damages, if any, resulted from the actions of third parties over whom Defendant exercised no control and had no duty to control.

## EIGHTH DEFENSE

Plaintiffs' recovery is barred, or should be reduced, due to their or their decedents' assumption of risk and/or their unforeseeable use or misuse of the product.

## NINTH DEFENSE

Defendant had no duty to warn plaintiffs or their decedents of the potential hazards of asbestos exposure to the extent that those hazards were not known and should not reasonably have been known to Defendant.

## TENTH DEFENSE

Defendant is not liable to the plaintiffs because its products complied with the state of the art.

## ELEVENTH DEFENSE

To the extent that plaintiffs received or receive payment from any alleged joint tortfeasor in satisfaction of any of the injuries and/or claims against this Defendant and/or other alleged joint tortfeasors (including but not limited to any pro tanto settlement), the Complaint and each and every count and cause of action alleged therein is barred, or should be offset, by the defenses of payment and accord and satisfaction.

## TWELFTH DEFENSE

Plaintiffs' claims are barred for lack of standing.

## THIRTEENTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by waiver and/or release.

## FOURTEENTH DEFENSE

To the extent that the decedents' alleged injuries were not proximately related to the alleged acts or omissions set forth in this Complaint, this Defendant denies that the plaintiffs are entitled to maintain an action.

## FIFTEENTH DEFENSE

Alabama's Wrongful Death Statute is unconstitutional both on its face and as applied to this Defendant in the present case.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of abatement, judicial estoppel, and/or prior pending action.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred or due to be abated, in whole or in part, because plaintiffs have impermissibly split their causes of action in violation of applicable law.

## NINETEENTH DEFENSE

The averments contained in the Complaint are vague and fail to apprise this Defendant adequately of the claim or claims against which it must defend.

## TWENTIETH DEFENSE

The Plaintiffs' claims should be dismissed or transferred due to improper or inconvenient venue. By answering the Complaint, this Defendant does not waive its right to object to venue and to seek transfer to a proper venue.

## TWENTY-FIRST DEFENSE

The Plaintiffs' claims are barred by the "sophisticated user" doctrine.

## TWENTY-SECOND DEFENSE

In the event Plaintiffs suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any action on the part of this Defendant and the alleged damages, injuries, and/or losses of Plaintiffs.

## TWENTY-THIRD DEFENSE

The products made the subject of this action were not in substantially the same condition at the time of the Plaintiffs' alleged injuries as when said products left the control of this Defendant and entered the stream of commerce.

## TWENTY-FOURTH DEFENSE

The Plaintiffs' claims are impermissibly joined to the prejudice of this Defendant and should be severed prior to trial.

## TWENTY-FIFTH DEFENSE

This Defendant has acted at all times in good faith, with due care, and without malice or intent to injure the Plaintiffs or their decedents.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs are seeking recovery for benefits that Plaintiffs are entitled to receive or actually receive from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## TWENTY-SEVENTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; the right to counsel provided by the Sixth Amendment to the Constitution of the United States; the

right to trial by jury of the Seventh Amendment to the Constitution of the United States; the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 22, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

     a)     There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, this Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

     b)     The procedures to be followed would permit an award of punitive damages against this Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

     c)     The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

     d)     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against this Defendant under present Alabama law;

     e)     The standards of conduct upon which punitive damages are sought against this Defendant are vague and ambiguous;

  f) The procedures used by courts under Alabama law and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

  g) The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

  h) The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

  i) Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

  j) Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against this Defendant;

  k) Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

  l) Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

  m) Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

n)      Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

o)      An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law;

p)      An award of punitive damages would constitute deprivation of property without due process of the law.

## TWENTY-EIGHTH DEFENSE

The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violates the due process rights secured to this Defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive this Defendant of its property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

## TWENTY-NINTH DEFENSE

The Defendant hereby specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damage awards established by *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## THIRTIETH DEFENSE

The procedures pursuant to which punitive damages are awarded in Alabama in the wrongful death context fail to provide a reasonable and proportionate relationship between the amount of punitive damages awarded and a) the amount of harm to the plaintiffs and b) a rationale underlying the compensatory damages calculation, in

contravention of the holding in *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

### THIRTY-FIRST DEFENSE

The procedures pursuant to which punitive damages are awarded in Alabama impermissibly enable punitive damages to be calculated based on conduct occurring outside the State of Alabama, thus contravening the holdings of *BMW v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### THIRTY-SECOND DEFENSE

Defendant restates and incorporates all affirmative defenses of any other defendant as if fully set out verbatim herein.

Defendant reserves the right to amend its Answer to add or supplement affirmative defenses as may be appropriate.

Dated this the ____ day of December 2006.

/s/ Helen Kathryn Downs
Helen Kathryn Downs

/s/ William D. Jones III
 William D. Jones III

/s/Mary Brunson Whatley
Mary Brunson Whatley

Attorneys for Rockwell Automation, Inc.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203-2618
Telephone: (205) 458-9400
Facsimile:  (205) 458-9500
E-mail:   hkd@jbpp.com
              wdj@jbpp.com
              mbw@jbpp.com

          **OF COUNSEL**

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the above and foregoing by electronically filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, on this the ____ day of December 2006.

      /s/ William D. Jones III
      Of Counsel

W0584753.DOC