IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT D. BELUE, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>A. O. SMITH ELECTRICAL PRODUCTS COMPANY, a division of A.O. SMITH CORPORATION, et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:06 CV1034-WKW |

## DEFENDANT SURFACE COMBUSTION, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rules 8(e), 12(b)(1), (3) and (6), and 12(e) of the Federal Rules of Civil Procedure, SURFACE COMBUSTION, INC., by and through counsel, moves the Court for an Order of Dismissal, or, in the alternative, for an Order requiring the Plaintiffs to provide a more definite statement of their claims against this Defendant. In support of this Motion, Surface Combustion, Inc. states the following:

**I.    JURISDICTION.**

1. The Plaintiffs premise jurisdiction in this case upon 28 U.S.C. § 1332. (*See* Plaintiff's Complaint at pp.7-8). The fifteen (15) Plaintiffs purport to be residents of a number of states, among them, Alabama. (*See* Plaintiff's Complaint at ¶¶ 1, 3, 4, 5, 6, 7, 8, 9, 13, 14). At least one named Defendant is also a resident of the State of Alabama. (*See* Exhibit 2 to Certain Defendants Motion to Dismiss for lack of subject matter jurisdiction [Document 57]). Because federal district courts are courts of limited jurisdiction, a federal district court may exercise subject

matter jurisdiction over a civil action alleging state law claims only if the action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Because this case does not involve complete diversity, the Plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

## II.   IMPROPER VENUE.

2. Under 28 U.S.C. § 1391(a) a civil action based on diversity of citizenship may be brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or admissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

3. The Plaintiffs' Complaint contains no allegations suggesting that venue is proper in the Middle District of Alabama. Accordingly, the action is due to be dismissed for improper venue. FED. R. CIV. P. 12(b)(3).

## III.   FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

4. Rule 8 of the Federal Rules of Civil Procedure requires parties submitting pleadings which seek relief to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The Plaintiffs' Complaint, which is 62 pages long, fails to make any specific allegations of wrongdoing against Surface Combustion at a specific point in time. On the contrary, the Complaint sets forth vague allegations on behalf of 15 different Plaintiffs against 64 different Defendants concerning alleged exposure to asbestos which apparently occurred in

numerous states over several decades. These allegations are too vague for Surface Combustion to frame a responsive pleading. FED. R. CIV. P. 12(e); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (striking complaint that was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of").

5. No factual allegations are directed against any particular Defendant. Accordingly, the Complaint is due to be dismissed for failing to state a claim upon which relief can be granted.

### III. FRAUD MUST BE PLED WITH PARTICULARITY.

6. Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In order or satisfy the particularity requirement in the Eleventh Circuit, the Plaintiff must identify precisely what statements were made, the time, the place, and the substance of the statements, and an identification of what was obtained as a result of the false representations. *United States ex rel Clausen v. Lab Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). The Plaintiffs' Complaint does not conform to the mandatory requirements of Rule 9(b). On the contrary, the Plaintiffs simply allege that the Defendants misrepresented, suppressed, or destroyed scientific evidence regarding alleged health hazards. These vague allegations fail to state the contents or substance of any alleged representations or promises, the facts misrepresented, or an

3

identification of what was obtained by a given Defendant. Neither Surface Combustion nor any other Defendant has been identified by name as having suppressed or misrepresented anything. Because the Plaintiffs have failed to set forth specific facts supporting their allegations of fraud, the Complaint fails to conform to Federal Rule of Civil Procedure 9(b).

## IV. NON WAIVER OF DEFENSES.

7. The vague allegations of the Plaintiffs' Complaint makes it impossible for Surface Combustion to determine appropriate affirmative defenses. By seeking the dismissal of this Complaint, Surface Combustion does not waive its right to raise certain other defenses which may be applicable, including, but not limited to a defense that the Plaintiffs' claims are barred by the applicable statute of limitations.

## V. CONCLUSION.

9. The Court should dismiss the Plaintiffs' Complaint for its failure to comply with the Federal Rules of Civil Procedure. The Plaintiffs' Complaint is due to be dismissed. Alternatively, at a minimum, the Plaintiffs should be required to provide a more definite statement of their claims.

WHEREFORE, based on the foregoing, Defendant Surface Combustion, Inc., respectfully moves this Court to dismiss the Plaintiffs' Complaint against it for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which a relief can be granted. In the alternative, Surface Combustion moves the Court for a more definite statement to comply with the requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure.

B DWM 733587 v1
1038803-000001 12/22/2006

      Respectfully submitted on the ___ day of ____December____, 2006.

                                            /s/ David W. McDowell
                                            G. STEVEN HENRY
                                            (ASB - 4718N68)
                                            DAVID W. McDOWELL
                                            (ASB - 7713-L69D)
                                            Attorneys for Surface Combustion, Inc.

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:   (205) 328-0480
Facsimile:    (205) 322-8007

## CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of December, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITS, P.C.

By:  /s/ David W. McDowell
     (ASB- 7713-L69D)
     One of the Attorneys for Surface Combustion, Inc.

B DWM 733587 v1
1038803-000001 12/22/2006