IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT D. BELUE, ET AL.                                         PLAINTIFFS

V.
                                                                CIVIL ACTION NO.:
                                                                CV 2:06-CV-1034-WKW

A.O. SMITH ELECTRICAL PRODUCTS
COMPANY, ET AL.                                                 DEFENDANTS

**MOTION TO DISMISS OR ALTERNATIVELY, MOTION FOR SEVERANCE
AND TRANSFER AND/OR FOR MORE DEFINITE STATEMENT**

COME NOW the Defendants, The Marley-Wylain Company d/b/a Weil-McLain Company, Inc. ("Weil-McLain"), Borg-Warner Corporation, by and through its Successor in Interest, BorgWarner Morse TEC, Inc. ("Borg Warner"), and Exteco, Inc. f/k/a Thermo Electric Company, Inc. ("Exteco"), by and through the undersigned counsel, and moves this Court for an Order of Dismissal pursuant to Rules 12(b)(3) and (6) of the *Federal Rules of Civil Procedure* for improper venue and failure to state a claim against this Defendant upon which relief can be granted and, alternatively, for severance and transfer of improperly joined claims pursuant to Rules 20 and 21 of the *Federal Rules of Civil Procedure*; and, in the alternative, for an Order, pursuant to Rule 12(e), directing the Plaintiffs to re-plead the vague and ambiguous allegations asserted in the Complaint to comply with Rules 8(a) and 10(b). In support of this motion, Movants show as follows:

1) On or about November 17, 2006, 15 <u>separate and distinct</u> Plaintiffs, living and deceased, through alleged "estate representatives", who reside or resided in six different states[1] filed this lawsuit against Weil-McLain, Borg Warner, and Exteco. Contained in the Complaint

---

[1] Plaintiffs allege that they reside in nine different states (See Plaintiffs' Complaint at p. 7).

are alleged claims of various medical conditions, including asbestosis, lung cancer, cancer, "other" cancer, and pleural disease as a result of unsubstantiated claims of exposure to asbestos containing products over a 65 year period. Moreover, there are more than 50 separate and distinct alleged employers, and at least 85 worksites in the United States and abroad, including Vietnam and Lybia, where the various distinct plaintiffs were allegedly exposed to asbestos containing products.

    2) Attached as Exhibit "A" is a chart outlining the particulars, vague and ambiguous as they may be, of each claim set forth against Weil-McLain, Borg Warner, and Exteco. Apparent from this chart are that each of these claims are separate and distinct and are improperly joined in this Court and should, at the very least, be severed from each other and transferred to their appropriate venues if not dismissed outright.

### FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

    3) Movants are generally and broadly identified by the Plaintiffs as a "Producer Defendant" (Complaint ¶17) and are generally claimed to have manufactured boilers and fuel oil heaters (Weil-McLain), brake clutches and linings (Borg-Warner), and electrical wire (Exteco) that "have been identified at plaintiffs workplace, during his employment years there . . . ." (Complaint ¶18). No specific allegations are made against Movants, but rather general conclusory statements. Plaintiffs' Complaint does not provide a short and plain statement of the claim as to the Movants as is required by Rule 8 of the *Federal Rules of Civil Procedure*. Additionally, Plaintiffs' general and indirect allegations of fraud (misrepresentation and concealment) on the part of Movants are not plead with specificity as required by Rule 9 of the *Federal Rules of Civil Procedure*. Indeed, Plaintiffs' Complaint fails to set forth facts sufficient for Movants to even frame a proper defense, leaving

Movants to guess what, if anything, it has done to injure Plaintiffs, and when, where, and how.

Finally, Weil-McLain, Borg-Warner, and Exteco respectfully note that certain of the Plaintiffs have failed to allege standing to pursue claims in this action. Specifically, Rule 17 of the *Federal Rules of Civil Procedure* allows an executor or administrator of the estate of a deceased person to pursue an action on behalf of that person's estate. From the face of the Complaint, it appears that certain Plaintiffs propose to act in both their individual capacities as well as on behalf of a decedent. However, the Complaint fails to properly allege standing or capacity on the part of any Plaintiff seeking relief on behalf of a decedent's estate. Ala. Code § 6-5-410 (1975) requires that all wrongful death actions be filed by the "personal representative" of the deceased within two years of his/her death. In order to act as a personal representative one must have been appointed such by the applicable probate court that has jurisdiction of the estate of the deceased. If each personal representative did not have an order of appointment and did not file suit as such duly authorized personal representative within two years of the date of the death of the pertinent deceased, their claims are barred by Ala. Code §6-5-410(1975). See, e.g., *Buck v. City of Rainsville*, 572 So.2d 419, 424 (Ala. 1990). It is impossible to ascertain from a reading of the Complaint whether any Plaintiff has complied with the statute.

Additionally, certain Plaintiffs' claims appear to be time-barred on the face of the Complaint under Alabama law. Accordingly, those claims are not properly before the Court and, likewise, state claims for which those plaintiffs may not, under any set of circumstances, obtain relief from this defendant.[2]

---

[2] Plaintiff Jack Boyer claims exposure from 1942 to the 1950s; Plaintiff Johnny A. Davis claims exposure from 1968-1973; Plaintiff Judy Partain, individually and as Representative of the Estate of Mavis Kelly, claims exposure by her decedent from 1940-1960; and, Plaintiff Penelope Perakis claims exposure from 1949-1952. As such, any claims for personal injury would have been time-barred at the time of the decedent's accruing before May 19, 1979 are time-barred. See generally *Garrett v. Raytheon Co.*, 368 So. 2d 516 (Ala. 1979).

Finally, in Count Four of their Complaint, Plaintiffs rely upon 42 U.S.C. § 9658 with regard to important statute of limitations issues. However, this reliance on this federal statute is apparently misplaced to the extent that any Plaintiffs' alleged exposure occurred indoors; on the face of the Complaint, it is unclear whether Plaintiffs' are alleging exposure indoors or outdoors in the environment, as contemplated by 42 U.S.C. § 9658. Decisional authority from other federal courts and agreed with by the Alabama Supreme Court find that only exposures outdoors are impacted by the cited statute. See *Chestang, Jr. v. W.R. Grace, et al.*, 790 So.2d 470 (Ala. 1998)(citing *Becton v. Rhone-Poulenc, Inc.*, 706 So.2d 1134 (Ala. 1997)(relying on *Covalt v. Carey-Canada, Inc.,* 860 F. 2d 1434 (7th Cir. 1988)). To the extent that the Plaintiffs rely on 42 U.S.C. § 9658 to modify Alabama's statute of limitations with regard to alleged, unsubstantiated exposure to asbestos containing products indoors, their reliance is inappropriately placed.

Accordingly, Plaintiffs' Complaint, on its face, fails to state a cause of action for which any Plaintiff may obtain relief from Movants and as such, is due to be dismissed for failure to state a valid claim for which relief can be granted. In the alternative, Movants respectfully request this Court enter an Order directing the Plaintiffs to file a more definite statement of their claims, repleading the allegations of their Complaint with more specificity to conform with the dictates of the *Federal Rules of Civil Procedure* outlined herein and other applicable law and to permit Movants to fully and properly defend this matter without being prejudiced.

## IMPROPER VENUE AND IMPROPER JOINDER

28 U.S.C. §1391(a) provides that a civil action based on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the

subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. Plaintiffs' Complaint fails to include any venue averment. Furthermore, the Complaint does not demonstrate that venue is proper under any provision of §1391(a)[3]. Plaintiffs do not identify in any meaningful way where the alleged exposures occurred, any aspect of the nature and extent of alleged exposure, or the specific products to which they were allegedly exposed. It is impossible to determine from the Complaint whether venue is proper in this Court. On information and belief, only 3 of the 15 Plaintiffs reside in the Middle District of Alabama, specifically in the Eastern Division[4], and it does not appear that a "substantial part of the events or omissions giving rise to. . ." any of the 15 claims transpired in the Middle District. The remaining Plaintiffs, on information and belief, resided either in the Northern District of the United States District Court for Alabama or in another state's federal court jurisdiction.

Additionally, Rule 20 of the *Federal Rules of Civil Procedure* provides, in pertinent part, that "(a)ll persons may join in one action as Plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege, generally, exposure to asbestos and asbestos containing products. However, Plaintiffs wholly and completely fail to allege facts establishing their right to relief arises out of the same

---

[3] It appears that Plaintiffs may have relied upon §1391(a)(3) to improperly fix venue in the Middle District. This defendant respectfully submits that §1391(a)(2) is the more appropriate venue provision. As such, these cases should be severed into the separate and distinct actions that they are and transferred to an appropriate federal court district pursuant to §1391(a)(2).

[4] Based on the Plaintiffs Complaint, Plaintiff Issac L. Gibson resides in Chambers County, Alabama; Sara Jones, individually and as estate representative of Charles R. Jones, deceased, resides in Randolph County, Alabama; and, Barbara Jones, individually and as estate representative of Walter Jones, deceased, resides in Russell County, Alabama. Each of these counties fall within the Eastern Division of the United States District Court for the Middle District of Alabama.

transaction(s) or occurrence(s). Instead, Plaintiffs require this defendant, and this Honorable Court, to presume that a common set of facts, or questions of law, forms the basis for their claims. Movants submit that Rule 20 of the *Federal Rules of Civil Procedure* requires more than mere presumptions for two or more Plaintiffs to join in an action for relief. As such, Weil-McLain, Borg-Warner, and Exteco seek severance of the individual claims improperly and prejudicially joined together in the Plaintiffs' Complaint.

In this case, while the Plaintiffs attempt to meet the commonality requirement with their "shotgun" Complaint[5], this is not a case proper for permissive joinder given the varying number of alleged employers, worksites, employment periods, exposure periods, diseases, and products that are claimed to have caused the Plaintiffs harm.

Accordingly, the action is due to be dismissed for improper venue, this case severed into separate and distinct lawsuits, and each severed lawsuit transferred to an appropriate venue with an Order that Plaintiffs should file a more definite statement in each severed and transferred Complaint complying with all of the pleading requirements of the *Federal Rules of Civil Procedure*. See also *Harold's Auto Parts, Inc. v. Mangialardi*, 899 So.2d 493 (Miss. 2004).

WHEREFORE, Defendants Weil-McLain, Borg-Warner, and Exteco respectfully move this Court to dismiss Plaintiffs' Complaint against it for the reasons set forth herein. Alternatively, Movants respectfully request an Order directing the Plaintiffs to re-plead the allegations of their Complaint to comply with the *Federal Rules of Civil Procedure*. Finally, Weil-McLain, Borg-Warner, and Exteco move in the further alternative for an Order, pursuant to Rule 21 of the *Federal Rules of Civil Procedure*, severing the improperly

---

[5] "Shotgun" complaints are not favored. See generally *United States ex rel. Atkins v. McInteer*, 04-16167 (11th Cir., December 1, 2006); 2006 U.S. App. LEXIS 29507 (n6); *Byrne v. Nezhat*, 261 F. 3d 1075, 1128-34 (11th Cir. 2001); *Magluta v. Samples*, 256 F. 3d 1282,1284 (11th Cir. 2001).

joined claims of the Plaintiffs as set forth above and for transfer to each claims proper venue.

  REPSECTFULLY SUBMITTED, this the 22nd day of December, 2006.

              THE MARLEY-WYLAIN
              COMPANY D/B/A WEIL-MCLAIN
              COMPANY, INC.

              BORG-WARNER, BY AND
              THROUGH ITS SUCCESSOR IN
              INTERST, BORGWARNER
              MORSE TEC, INC.

              EXTECO, INC., F/K/A THERMO
              ELECTRIC CO., INC.

              BY s/ Chadwick L. Shook

OF COUNSEL:

AULTMAN, TYNER, & RUFFIN, LTD.
POST OFFICE DRAWER 750
HATTIESBURG, MISSISSIPPI 39403-0750
TELEPHONE:  601-583-2671
FACSIMILE:  601-583-2677
E-MAIL:  CSHOOK@AULTMANTYNER.COM

## CERTIFICATE OF SERVICE

  I, Chadwick L. Shook, do hereby certify that I have this day served a copy of the above and foregoing by electronic means via the CM/ECF system.

              s/ Chadwick L. Shook

| NAME | STATE OF RESIDENCE | STATUS | ALLEGED DIAGNOSIS | DATE OF ALLEGED DIAGNOSIS | WORK SITE(S) | RANGE OF WORK YEARS |
|---|---|---|---|---|---|---|
| Robert D. Belue | Alabama | Living | Asbestosis | 10/13/06 | General Motors (Cleveland, Ohio); National Carven (Cleveland, Ohio); Monsanto Corporation (Decatur, Alabama); Amoco (Decatur, Alabama) | 1956- 1999 |
| Jack Boyer | Pennsylvania | Living | Asbestosis | 01/01/05 | Ted Smith Appliances (Reading, Pennsylvania); Carpenters Local 492 (Reading, Pennsylvania); WN Moyer (Quakertown, Pennsylvania); Johns Mansville (Reading, Pennsylvania); Reading School District (Reading, Pennsylvania); U.S. Navy (USS Hydrus) | 1942 - 1950s |
| Harold W. Cox, Sr. | Alabama | Deceased | Lung Cancer | Not Provided; DOD: February 2, 2005 | U.S. Air Force (Trenton, New Jersey and the Country of Lybia); Bama Demolition (Birmingham, Alabama); Hancock Hauling (Birmingham, Alabama); W.J. Bullock (Fairfield, Alabama); self-employed truck driver; Landspan Trucklines (Atlanta, Georgia); G&B Trucking (Clanton, Alabama); Crow Bus Lines (Dothan, Alabama); Bama Wrecking Company (Birmingham, Alabama); Southern States Demo (Birmingham, Alabama); Gaston Energy Resources (Birmingham, Alabama; Salvage One Demolition (Birmingham, Alabama); E&L Bus Leasing (Alabaster, Alabama) | 1964- 1994 |
| Johnny A. Davis | Alabama | Living | Asbestosis | 07/13/06 | Johns Manville (Waukegan, Illinois); U.S. Army (Virginia, Alaska, and Texas) | 1968-1973 |
| Melvin Evans | Alabama | Deceased | Cancer | 11/12/05 | MW Smith Lumber Company (Jackson, Alabama); McMillan Bloedell (Pine Hill, Alabama) | 1960-1987 |
| Issac L. Gibson | Alabama | Living | Other Cancer | 09/28/05 | Lanier Mill (Fairfax, Alabama); Riverdale Mill (Riverdale, Alabama); | 1957-2006 |
| Charles R. Jones | Alabama | Deceased | Lung Cancer | Not Provided; DOD: December 12, 2004 | Amoco Fabrics and Fibers (Roanoke, Alabama); Sharmet Mills, (Valley, Alabama); Haney Mills (Roanoke, Alabama); Laynette Mills(Valley, Alabama); South Carolina National Guard | 1958-68; 1980; 1990-2004 |
| Walter Jones | Alabama | Deceased | Lung Cancer | Not Provided; DOD: December 25, 2004 | U.S. Air Force (Georgia); Uniroyal Tire (Opelika, Alabama) | 1960-1991 |

| NAME | STATE OF RESIDENCE | STATUS | ALLEGED DIAGNOSIS | DATE OF ALLEGED DIAGNOSIS | WORK SITE(S) | RANGE OF WORK YEARS |
|---|---|---|---|---|---|---|
| Mavis Kelly | Alabama | Deceased | Lung Cancer | Not provided; DOD: December 18, 2004 | U.S. Army (Georgia and North Carolina); Raybestos (Manheim, Pennsylvania); Hayes Aircraft (Birmingham, Alabama); Harrington Grocery (Warrior, Alabama) | 1940-1960 |
| Ronald Norris | Utah | Living | Pleural Disease | 11/22/04 | Kennecott (Magna, Utah); Utah Pizza Crust Company (Salt Lake City, Utah); Davis Lumber & Hardware (Hunterm, Utah); Lewis Brothers Stage (Hunter, Utah); Phil Marine(Big Pine Wyoming); Salt-Air Highway (Utah); Stokematic (Salt Lake City, Utah); Wester Paper (Salt Lake City, Utah); Kedman Company (Salt Lake City, Utah); Phillips Oil Company (Ft. Briger, Wyoming); Salmon National Forrest (Salmon, Idaho); Midwest (Murray, Utah) | 1951-1987 |
| Penelope Perakis | Massachusetts | Living | Pleural Disease | 01/01/05 | Navy Yard (Charleston,MA); General Electric(Lynn MA) | 1949-1952 |
| Walter Powell | Georgia | Living | Lung Cancer | 11/19/04 | U.S. Army(Ft. Leonardwood, Missouri, Vietnam, Ft. Benning, GA, Ft. Knox, KY); Columbus Foundries (Columbus, GA) | 1970-2006 |
| James R. Pruitt | Alabama | Living | Asbestosis | 12/20/04 | Shiticher Construction (Guntersville, Alabama); Yancy & Yancy (Albertville, Alabama); Invesco (Ider, Alabama); Georgia Rendering (Rome Georgia); Pendergrass Construction (Decatur, Alabama); Garwood Industries(Wayne, MI and Nova, MI); Murray Bodies (Detroit, MI); U.S. Army (Arlington, VA); Colonial Poultry (Albertville, Alabama); A.J. Stove Foundry (Gadsden, AL); Burgreen Construction (Crossville, Alabama); Geraldine Rendering (Geralding, Alabama); self-employed cutter/welder | 1952-1987 |

| NAME | STATE OF RESIDENCE | STATUS | ALLEGED DIAGNOSIS | DATE OF ALLEGED DIAGNOSIS | WORK SITE(S) | RANGE OF WORK YEARS |
|---|---|---|---|---|---|---|
| Edwin Semevolos | Alabama | Deceased | Lung Cancer | Not Provided; DOD: February 11, 2005 | U.S. Army (Ft. Sheriden, IL); Midas Muffler (Huntsville, Alabama); DePaul Hospital (New Orleans, LA); St. Vincent's Infant Hospital (New Orleans, LA); Sara Mayo Hospital (New Orleans, LA); National Gypsum (New Orleans, LA); Goodyear Tire (Minot, ND); Trinity Medical Center (Minot, ND); self-employed sheet metal worker (Huntsville, Alabama) | 1958-2002 |
| Frank Walther | Texas | Living | Lung Cancer | 01/04/05 | National Valve Manufacturing(Pittsburgh, PA); Heritage Healthcare(Bountiful, Utah) | 1960-1990; 1992-2005 |