**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

**ROBERT E. BELUE, et al.,**                    *
                                                *
        **Plaintiffs,**                         *
                                                *
**v.**                                          *        **CIVIL ACTION NO.:**
                                                *        **2:06-CV-1034-WKW**
**A. O. SMITH ELECTRICAL PRODUCTS,**            *
**COMPANY, et al.,**                            *
                                                *
                                                *
        **Defendants.**                         *
                                                *

<u>**MOTION TO DISMISS, OR IN THE ALTERNATIVE,**</u>
<u>**MOTION FOR MORE DEFINITE STATEMENT OR TO SEVER,**</u>
<u>**AND MEMORANDUM IN SUPPORT THEREOF**</u>

COMES NOW Defendant, GOULDS PUMPS, INC., and moves this Honorable Court to

dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim upon which relief may be granted and for failure to state claims of fraud with

particularity as required by Federal Rule of Civil Procedure 9(b).  Defendant further moves this

Court to dismiss some of Plaintiffs' claims for failure to comply with Alabama's statute of

limitations.  Additionally, Plaintiffs' claims are due to be dismissed for failing to comply with Rule

8 of the Federal Rules of Civil Procedure.  In the alternative, Defendant moves for an Order

requiring Plaintiffs to provide a more definite statement of their claims or for an order severing the

claims of the Plaintiffs.  In support thereof, Defendant would show unto the Court the following:

**I.        History and Procedural Background.**

This personal injury action involves the claims of fifteen (15) plaintiffs against no less than

sixty-three (63) defendants, including Goulds Pumps, Inc. (hereinafter "Goulds Pumps").  The

Plaintiffs contend that they or their decedents have been "continually exposed to asbestos containing products produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants" which exposure resulted in the contraction of "one or more asbestos related diseases." (Complaint, ¶¶ 1-15). Plaintiffs further contend that such exposure resulted in either injury to themselves or to the death of their decedents. (Id.)

## II. Plaintiffs' Complaint Fails to State a Claim Upon Which Relief May Be Granted Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted. The allegations contained therein are inadequate and essentially comprised of a series of broad statements directed at all defendants without any clarification. Such "blanket pleadings" deprive Goulds Pumps of any meaningful opportunity to investigate the Plaintiffs' claims and prepare a meaningful response. A complaint which on its face is vague and ambiguous does not constitute a well-plead complaint. The Complaint in this case fails to specify where, when or how the Plaintiffs and/or their Decedents were allegedly exposed to asbestos or which of the numerous defendants are responsible for the alleged exposure and resulting injuries. Simply stating where each Plaintiff or each Plaintiffs' Decedent worked and the dates of employment is not enough. As such, the Complaint fails to state a claim upon which relief may be granted and is due to be dismissed. A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Adams v. Franklin*, 111 F.Supp. 2d 1255, 1259 (M.D. Ala. 2000)(citations omitted). "However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997)(citations omitted).

### III.    Plaintiffs' Complaint is Due to be Dismissed for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief must contain a plain statement of the claim showing that the pleader is entitled to relief. Additionally, each averment in a complaint must "be simple, concise and direct." Id.  Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action.  In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. See *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  In *Magluta*, the Court described a shotgun complaint as one that ignores the requirement of a "short and plain statement." Id.  Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." Id.  The Complaint in this matter does exactly the same thing that the Eleventh Circuit has repeatedly condemned.

In *Sidney Chancellor, et al. v. Air Liquide America Corp., et al.*, Case No. CV-04-BE-2554-S (N.D. Ala., Oct. 8, 2004), Judge Karon O. Bowdre *sua sponte* dismissed a similar shotgun complaint, without prejudice, due to the plaintiffs' failure to state a claim upon which relief could be granted and failure to plead with the required particularity. The court stated that the complaint, "[a]t best ... suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica during all or part of [their] working lives ... while working at various worksites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry." Id. at 2. Furthermore, "the complaint forces the defendants to guess at what they each may have done to injure the plaintiffs, and when, where and how." Id.  In holding that dismissal was the correct approach, the court stated, "[t]he court is acutely aware of its duty to

dispose of shotgun complaints at the earliest opportunity ... Rather than wait until justice has been

obstructed by the inadequacies of this complaint and 'scarce judicial and parajudicial resources' are

further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and

with leave to refile a complaint that complies with all of the requirements of the Federal Rules of

Civil Procedure." Id. at 2-3. The Order of Dismissal, entered on the court record on October 8,

2004, is attached hereto as Exhibit "1."

Chief Judge U. W. Clemon in the Northern District of Alabama ordered the *sua sponte*

dismissal of *Skip Palmer, et al, v. Aearo Corp., et al*., Case No. 7.04-CV-3262-UWC (N.D. Ala.,

May 31, 2005) on similar grounds. Chief Judge Clemon noted:

> Neither the Defendants nor the Court can discern from Plaintiff's Complaint
> a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the
> Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while
> working at various work-sites in Alabama," and that all twenty-three (23) Defendants
> in some way participated in the sand blasting industry. However, it is not clear what
> Defendants produced which products, and the resulting causes of action related to
> those products.

> The Complaint alleges that different groups of Defendants negligently
> manufactured equipment, failed to inform of possible danger, *etc.* However, the
> Complaint does not state when, where, or how the Defendants have injured the
> Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply
> to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to
> adequately defend themselves in response to the Complaint.

Id. The Order of Dismissal, entered on the court record on May 31, 2005, is attached hereto as

Exhibit "2."

In this case, the Plaintiffs name numerous products allegedly manufactured by sixty-three

(63) defendants, which might have caused, directly or indirectly, harm to the Plaintiffs or their

Decedents. Like *Chancellor*, the vague nature of the Complaint forces all of the defendants,

including Bondex, to guess "what each may have done to injure the plaintiffs, and when, where and

how." (*Chancellor*, Ex. "1" at p. 2). And though the Complaint lists vague descriptions of products produced or distributed by the Defendants, including Bondex, the Complaint fails to make clear "the resulting causes of action related to those products." (*Palmer*, Ex. "2" at p.2). In short, the Plaintiff has failed to give sufficient detail "so that the defendant[s], and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." Id. Because Plaintiffs' Complaint fails to provide a short and plain statement of Plaintiff's claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The Plaintiffs' shotgun approach to pleading is even more evident beginning with paragraph 18 of the Complaint wherein the Plaintiff uses the label "Producer Defendants" to refer to all of the defendants named therein, stating, "The asbestos-containing products produced by each defendant that have been identified at plaintiffs' workplace, during **his** employment years there, are set out hereinbelow." First, defendants have no idea to which plaintiff the word "his" refers to in the Complaint. Second, there are 15 named plaintiffs, not just one. (Complaint, ¶ 18). Plaintiff then proceeds to list generic product types for each of the defendants, including the allegation that Goulds Pumps produced "Asbestos containing products including but not limited to ITE electrical products including breakers…..Century motors." (Complaint, ¶ 50). However, there is absolutely no information to apprise Goulds Pumps as to which "workplace," let alone the period of employment, the Plaintiffs are referring to nor how, when or where the Plaintiffs or their Decedents were allegedly exposed to Goulds Pumps products. Further, the remaining paragraphs of the Complaint proceed to allege four causes of action against the defendants. All causes of action are generically linked to all of the defendants named therein. Chief Judge U.W. Clemon of the Northern District of Alabama previously dismissed the case of *Vera Beavers, et al. v. A.O. Smith Electrical Products*

5

*Company, et al.,* Civil Action No. 2:06-CV-899-UWC (N.D. Ala. May 8, 2006), on several grounds, including the fact that the Plaintiffs' Complaint did "not specifically link specific causes of action to a specific Defendant." [1]  See *Order of Dismissal* (N.D. Ala. August 31, 2006) and *Memorandum Opinion on Motions to Dismiss* (N.D. Ala. August 31, 2006) attached hereto collectively as Exhibit "3."   Likewise, the Plaintiffs in this case have failed to link specific causes of action to specific Defendants, and as a result thereof, their claims are due to be dismissed.

## IV.    Plaintiffs' Complaint is Due to be Dismissed for Failure to Plead Fraud with Particularity as Required by Rule 9(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 9 (b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  It has been said that this rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Associates*, 847 F.2d 1511 (11th Cir. 1988)(citation omitted).   The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of FRCP 9(b).  See e.g., *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1210 (11th Cir. 2001); *Hendley v. American National Fire Ins., Co.*, 842 F.2d 267, 269 (11th Cir. 1988); *Friedlander v. Nims*, 755 F.2d 810, 813 (11 Cir. 1985); *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 970 (5th Cir. 1981).

To satisfy the particularity requirement, a plaintiff must aver "(1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time

---

[1] Plaintiff appealed the District Court's dismissal of this action to Eleventh Circuit.  Prior to the appeal, Plaintiff filed a Motion for Reconsideration with the District Court.  After the appeal had been filed, the District Court set a hearing on Plaintiffs' Motion for Reconsideration which is currently set for a hearing on January 9, 2007.  In response to the hearing, Plaintiff filed a Motion to Abate the Appeal pending the outcome of the January 9, 2007 hearing.  The Eleventh Circuit has not issued a ruling on Plaintiffs' Motion to Abate to date.

and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff[], and (4) what the defendant[] obtained as a consequence of the fraud." *United States ex rel Clausen v. Lab Corp. of America*, 290 F.3d 1301, 1310 (11th Cir. 2002)(citations omitted). In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which form the basis of plaintiff's claim against that particular defendant. See *Brooks v. Blue Cross and Blue Shield of Fla.,* 116 F.3d 1364, 1381 (11th Cir. 1997); see *also Friedlander v. Nims*, 755 F.2d at 813.

Here, Plaintiffs generally allege that the Defendants misrepresented, concealed, and or destroyed scientific evidence regarding alleged health hazards of asbestos. However, Plaintiffs fail to identify the precise statements made, the time, place, and individual responsible for the statements, and what the defendant[s] gained by the alleged misrepresentation. Not only do Plaintiffs fail to plead any particularities as to the alleged fraudulent conduct of Bondex, but they also fail to plead with particularity as to any of the named defendants.

Moreover, the averments in Plaintiff's Complaint at paragraphs 98 through 110 are identical to the fraud allegations contained in *Vera Beavers, et al. v. A.O. Smith Electrical Products Company, et al.,* Civil Action No. 2:06-CV-899-UWC (N.D. Ala. May 8, 2006)[2]. Judge Clemon dismissed the fraud allegations in *Beavers* stating, "Moreover, to the extent that fraud allegations are made, they are not pled with the specificity required by the Federal Rules of Civil Procedure." See *Memorandum Opinion on Motions to Dismiss* (N.D. Ala. August 31, 2006)(Exhibit "3" at p. 2). Given Plaintiffs' failure to set forth specific facts alleging fraud as to each named defendant, their Complaint is due to be dismissed for failure to comply with FRCP 9(b).

---

[2] See Footnote 1 for the current status of this case.

7

**V.    The Claims of Plaintiffs, Johnny A. Davis and Penelope Perakis, should be Dismissed for Failure to Comply with Alabama's Statute of Limitations.**

Under Ala. Code § 6-2-39 (repealed in 1980), Alabama had a one year statute of limitations for personal injury actions not resulting in death.   Under this law, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to danger. This rule was changed in 1980, but the Alabama Supreme Court has declared that the change did not apply retroactively.   See *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263 (Ala. 1981) and *Johnson v. Garlock, Inc.*, 682 So.2d 25, 26-28 (Ala. 1996).   Accordingly, a personal injury plaintiff who was last exposed to asbestos before May 19, 1979, must bring suit within one year of the last date of exposure.   Id.   The claims of plaintiffs Johnny A. Davis and Penelope Perakis, are due to be dismissed because they were not brought within one year of the last date of exposure to asbestos based on the information contained in the Complaint.   The Complaint alleges that Johnny A. Davis worked as a Laborer at the Johns-Mansville facility from 1968-1973.   (Complaint, ¶ 4.)   It also alleges he worked as a Laborer in the U.S. Army on cargo ships (*Id.*).   However, no dates are provided for this period of employment.   On the face of the Complaint, his claims are barred for failing to bring suit within the applicable statute of limitations.   As such, his claims are due to be dismissed.

According to the allegations of the Complaint, plaintiff Penelope Perakis was last exposed to asbestos in 1952 while working as a Taper of Pipes at General Electric.   (Complaint, ¶ 11). Likewise, her claims are due to be dismissed for failing to bring suit within the prescribed time period.

Plaintiffs' rely on *Kowlaski v. The Goodyear Tire and Rubber Company*, 841 F. Supp 104, 107 (W.D.N.Y 1994) for the proposition that Alabama's statute of limitations is pre-empted by 42

U.S.C. § 9658 (CERCLA). Plaintiffs' reliance on *Kowlaski* is improper. The Alabama Supreme Court has ruled that CERCLA does not preempt Alabama's statute of limitations in toxic exposure cases and in asbestos cases. *Becton v. Rhone-Poulenc, Inc.*, 706 So.2d 1134 (Ala. 1997) and *Chestang v. W.R. Grace & Co.-Conn.*, 709 So.2d 470, 471 (Ala. 1998). Moreover, the *Becton* Court criticized the decision in *Kowalski* for ignoring CERLCA's legislative history and the majority rule that CERCLA does not pre-empt state statutes of limitation when a CERCLA cause of action is not present. Id. at 1137-1141. See also *Knox v. A C & S, Inc.*, 690 F.Supp. 752 (S.D.Ind.1988); *Electric Power Board of Chattanooga v. Westinghouse Electric Corp.*, 716 F.Supp. 1069 (E.D.Tenn.1988), *aff'd,* 879 F.2d 1368 (6th Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 724, 107 L.Ed.2d 743 (1990); *First United Methodist Church v. United States Gypsum Co.*, 882 F.2d 862 (4th Cir.1989), *cert. denied,* 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990); *Covalt v. Carey Canada Inc.*, 860 F.2d 1434 (7th Cir.1988); *A.S.I., Inc. v. Sanders,* 835 F.Supp. 1349, 1355 n. 1 (D.Kan.1993); and *Burlington Northern & Santa Fe Rwy. Co. v. Poole Chemical Co., Inc.*, WL 1926322, 10 -13 (N.D.Tex., 2004). Furthermore, CERCLA only applies with respect to a prior owner, operator, or transporter of hazardous substances 42 U.S.C.A. § 9607(a)(1-4). Plaintiffs have not alleged that Goulds Pumpsfalls into any of these categories of responsible parties under CERCLA. Instead Plaintiffs have alleged that Goulds Pumpsproduced "Paper Products" and "Drywall Products". "To infer that Congress, by enacting CERCLA, intended to preempt state statutes of repose as applied to manufactures/sellers sued in products liability actions, is to stretch the statute far beyond its intended reach." *Burlington Northern*, at 13. Accordingly, Plaintiffs Johnny A. Davis and Penelope Perakis may not rely on 42 U.S.C. § 9658 to pre-empt Alabama's statute of limitations, and their claims must be dismissed.

**VI.    Plaintiffs are Not Properly Joined Pursuant to Rule 20 of the Federal Rules of Civil Procedure and Their Claims Should be Severed.**

Rule 20 of the Federal Rules of Civil Procedure, provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege generally that they or their Decedents have been exposed to asbestos and asbestos-containing products. However, Plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrences[s]. Rather, Plaintiffs require defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. Goulds Pumps submits that FRCP 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, Goulds Pumps seeks severance of the Plaintiffs' Complaint.

Moreover, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. *Cherokee Elec. Coop. v. Cochran*, 706 So.2d 1188, 11193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

**VII.    Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e) of the Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 12(e) provides that "[if]a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing a responsive

pleading." The law requires specificity such that a defendant is aware of the claims brought against it and is able to file responsive pleadings in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. See *Sisk v. Texas Park and Wildlife Dept.,* 644 F.2d 1056, 1059 (5th Cir. 1981).

As discussed above, Plaintiffs' Complaint fails to put Goulds Pumps on notice as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, places, or other facts surrounding their alleged use of a Goulds Pumps product or how the use of such a product contributed to their alleged injuries. Goulds Pumps cannot properly respond to such bare allegations. As such, Goulds Pumps alternatively moves this Court for an Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e).

## VIII.   Conclusion.

For the foregoing reasons, Plaintiffs have not alleged the basic facts necessary to state a claim for which relief can be granted as to Goulds Pumps, Inc. in violation of Rule 8 of the Federal Rules of Civil Procedure. Moreover, Plaintiffs have failed to specify their claims of fraud in accordance with Rule 9(b) of the Federal Rules of Civil Procedure Accordingly, Bondex's Rule 12(b)(6) motion should be granted, dismissing all of the Plaintiffs' claims against Bondex, with prejudice and at Plaintiffs' cost. Further, Plaintiffs have attempted to join their claims in violation of Federal Rule of Civil Procedure 20 without any justifiable assertion that their claims arise out of the same series of transactions or occurrences and despite the fact that common relief can not be had among the Plaintiffs. As such, Plaintiffs claims are due to be severed.

Alternatively, should this Honorable Court deny Goulds Pumps Inc.'s Motion to Dismiss, Goulds Pumps, Inc. respectfully submits that its Rule 12(e) motion for more definite statement should be granted and the Plaintiffs ordered to amend their Complaint to provide sufficient particulars, including: (i) Plaintiffs and Plaintiffs' Decedents occupation and/or trade for all job sites; (ii) Plaintiffs' and Plaintiffs' Decedents' employers, period of employment and job description; (iii) the approximate time and locations where Plaintiff was allegedly exposed to asbestos-containing products allegedly manufactured by Goulds Pumps, Inc.; (iv) the brand of products to which Plaintiffs or Plaintiffs' Decedents were allegedly exposed; (v) the specific Defendants' products to which the Plaintiffs and Plaintiffs' Decedents were allegedly exposed; (vi) sufficient particulars to sustain Plaintiffs' fraud allegations; and (vii) Plaintiffs' basis, if any, for linking Goulds Pumps, Inc. to Plaintiffs' and Plaintiffs' Decedents' alleged asbestos exposure.

Respectfully submitted,

/s/  Timothy A. Clarke
F. GREY REDDITT (REDDF5142)
TIMOTHY A. CLARKE (CLART1440)
**Attorneys for Defendant Goulds Pumps, Inc.**

**OF COUNSEL:**
VICKERS, RIIS, MURRAY AND CURRAN, L.L.C.
P. O. Drawer 2568
Mobile, AL 36652-2568
Telephone:     (251) 432-9772
Facsimile:     (251) 432-9781
Email: gredditt@vickersriis.com
       tclarke@vickersriis.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants.

/s/ Timothy A. Clarke

FILED
2006 Dec-06  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT   1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

04 OCT -8  PM 2: 37

`. . . . . . COURT`
`. .D. OF ALABAMA`

**ENTERED**
OCT - 8 2004

SIDNEY S. CHANCELLOR,

    Plaintiff,

and

JOHN L. PARKER,

    Plaintiff,

vs.

AIR LIQUIDE AMERICA CORP.,
et al.,

    Defendants.

Case No. CV-04-BE-2554-S

---

## ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing that the pleader is entitled to relief' .... 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

1

19

that there is some legal basis for recovery.'" *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice 1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives...while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry.

Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims against them, it also contains numerous other inadequacies-among them, failure to state with particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court would have jurisdiction over this diversity action. Furthermore, the court finds that it will be impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dismiss or shotgun complaints at the earliest

opportunity. *Byrne*, 261 F.3d at 1130.[1] Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement. Many are even now heroically struggling to answer the complaint. Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32. The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[1] In *Byrne*, the Eleventh Circuit detailed the many evils a court would countenance by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court—among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in this queue waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131. The Eleventh Circuit observed in *Byrne*: "Why...would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id.* at 1130.

3

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are

MOOT.

Done and ordered this _8th_ day of October, 2004.

Karon O. Bowdre
United States District Judge

# EXHIBIT 2

Case 2:06-cv-01655-WMA   Document 66-3   Filed 12/08/2006   Page 2 of 4
Case 2:06-cv-01655-WMA   Document 3   Filed 08/07/2006   Page 7 of 14
Case 2:06-cv-00899-UWC   Document 106   Filed 08/09/2008   Page 2 of 4

FILED

2005 May-31  PM 05:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

SKIP PALMER, *et al.*,                    )
                                          )
    Plaintiffs,               )
                                          )
vs.                                       )          Civil Action Number
                                          )          7:04-cv-3262-UWC
AEARO CORPORATION, *et al.*,              )
                                          )
    Defendants.               )
                                          )
                                          )

## ORDER OF DISMISSAL

Based upon the gross inadequacies of the Plaintiff's Complaint, the Court *sua sponte* DISMISSES this case without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing the pleader is entitled to relief' . . .. "The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief;' it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal

1

Case 2:06-cv-01034-WKW-WC   Document 115-5   Filed 12/27/2006   Page 8 of 14
Case 2:06-cv-01855-WMA   Document 80-3   Filed 12/06/2006   Page 3 of 4
Case 2:06-cv-00899-UWC   Document 106   Filed 08/09/2006   Page 3 of 4

basis for recovery." *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)(quoting Fed. R. Civ. P. 8 (a); James Wm. Moore *et al.*, Moore's Federal Practice 1653 (2d ed.).

Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining.  The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry.  However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.

The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.*  However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants.  Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

Many Defendants have moved this Court to dismiss the Plaintiffs' claims for failure to state a claim for which relief can be granted, or in the alternative a more definite statement.  Some Defendants answered the complaint.  Rather than rely on the inadequacies of this Complaint, the Court *sua sponte* dismisses this case as to all Defendants with leave to refile a Complaint that complies with all of the requirements of

2

Case 2:06-cv-01034-WKW-WC   Document 115-2   Filed 12/27/2006   Page 9 of 14
Case 2:06-cv-01555-WMA   Document 60-3   Filed 12/06/2006   Page 4 of 4
Case 2:06-cv-00899-UWC   Document 106   Filed 08/09/2006   Page 4 of 4

the Federal Rules of Civil Procedure within thirty (30) days of the date of this order.

Done this 31ˢᵗ day of May, 2005.

U.W. Clemon
Chief United States District Judge

3

FILED

2006 Dec-06 AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT  3

FILED

2006 Aug-31  PM 05:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| VERA . BEAVERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **2:06-cv-899-UWC** |
| A. O. SMITH ELECTRICAL | ) | |
| PRODUCTS COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

Consistent with the accompanying Memorandum Opinion, this case is hereby DISMISSED, without prejudice.

The costs of this action are hereby taxed against the Plaintiffs.

_____
U.W. Clemon
**Chief United States District Judge**

**Page 1 of 1**

Case 2:06-cv-01034-WKW-WC   Document 15-2   Filed 12/27/2006   Page 12 of 14
Case 2:06-cv-01855-WMA   Document 60-4   Filed 12/06/2006   Page 3 of 5
Case 2:06-cv-00899-UWC   Document 122   Filed 08/31/2006   Page 1 of 3

FILED

2006 Aug-31  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VERA . BEAVERS, et al.,              )
                                     )
        Plaintiffs,                  )
                                     )
vs.                                  )        Civil Action Number
                                     )        2:06-cv-899-UWC
A. O. SMITH ELECTRICAL               )
PRODUCTS COMPANY, et al.,            )
                                     )
        Defendants.                  )

## MEMORANDUM OPINION ON MOTIONS TO DISMISS

Presently before the Court are numerous motions to dismiss.[1] Upon review of the complaint and the motions to dismiss, the Court finds this action should be dismissed for lack of jurisdiction

The nearly 100 individual Plaintiffs allege that they have been injured by exposure to asbestos manufactured or utilized by the various Defendants. Jurisdiction is premised on diversity of citizenship.

The motions to dismiss raise several issues, several of them having

---

[1] Docs. 24, 37, 40, 45, 48, 49, 50, 56, 57, 58, 61, 63, 66, 69, 75, 80, 81, 91, 97.

Case 2:06-cv-01034-KW-WC    Document 115-2    Filed 12/07/2006    Page 13 of 14
Case 2:06-cv-01855-WMA    Document 60-4    Filed 12/06/2006    Page 4 of 5
Case 2:06-cv-00899-UWC    Document 122    Filed 08/31/2006    Page 2 of 3

substantial merit.  First, it does not appear that all of claims arise out of the same transaction or occurrence.  Further, the complaint does not specifically link specific causes of action to a specific Defendant.  Moreover, to the extent that fraud allegations are made, they are not pled with the specificity required by the Federal Rules of Civil Procedure.  Finally, the complaint does not allege the dates of exposure to asbestos, or the dates on which the Plaintiffs discovered their injuries – allegations quite probative in a statute of limitations defense.[2]

But the most compelling reason requiring the dismissal of this action is the simple fact that diversity jurisdiction is absent.  It is clear that at least one Plaintiff and at least one Defendant are citizens of the state of California. (*See* Compl. §§ 16, 113.)  Additionally, at least one Plaintiff and one Defendant are citizens of the state of Georgia. (*See* Compl. §§ 15, 133.)

For want of diversity jurisdiction, the Complaint must be dismissed.


_____
U.W. Clemon
Chief United States District Judge

---

[2] These deficiencies could probably be cured by a severance of the Plaintiffs and an amended complaint in each of the new cases.

Case 2:06-cv-01034-WKW-WC    Document 115-2    Filed 12/27/2006    Page 14 of 14
Case 2:06-cv-01655-WMA    Document 60-4    Filed 12/06/2006    Page 5 of 5
Case 2:06-cv-00899-UWC    Document 122    Filed 08/31/2006    Page 3 of 3

Page 3 of 3