THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT D. BELUE, et al. | ) |
| | ) |
| Plaintiffs, | ) CASE NO. 2:06-cv-01034-WKW-WC |
| | ) |
| vs. | ) |
| | ) **JURY DEMANDED** |
| A.O. SMITH ELECTRICAL PRODUCTS | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND DEFENSES OF METROPOLITAN LIFE INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT

Comes now Metropolitan Life Insurance Company ("Metropolitan Life"), one of the Defendants in the above-styled and numbered cause, by and through counsel, and answers the Plaintiffs' Complaint and each and every Cross-Claim filed hereafter by any other Defendant or Third-Party Defendant as follows:

1.     The allegations contained in the unnumbered paragraph following the heading "JURISDICTION" of the Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed at Metropolitan Life, except that Metropolitan Life admits that it is a life insurance company with its home office located in New York County, New York. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph following the heading "JURISDICTION" to the extent said allegations relate to others.

1

2.     The allegations contained in the unnumbered paragraph following the heading "STATUTE OF LIMITATIONS" of the Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed at Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

3.     Metropolitan Life denies the allegations contained in paragraph 1 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

4.     Metropolitan Life denies the allegations contained in paragraph 2 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

5.     Metropolitan Life denies the allegations contained in paragraph 3 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

6.     Metropolitan Life denies the allegations contained in paragraph 4 of the

Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

7.    Metropolitan Life denies the allegations contained in paragraph 5 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

8.    Metropolitan Life denies the allegations contained in paragraph 6 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

9.    Metropolitan Life denies the allegations contained in paragraph 7 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

10.    Metropolitan Life denies the allegations contained in paragraph 8 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a

3

belief as to the truth of the allegations contained in paragraph 8 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

11.    Metropolitan Life denies the allegations contained in paragraph 9 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

12.    Metropolitan Life denies the allegations contained in paragraph 10 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

13.    Metropolitan Life denies the allegations contained in paragraph 11 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

14.    Metropolitan Life denies the allegations contained in paragraph 12 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

4

15.    Metropolitan Life denies the allegations contained in paragraph 13 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

16.    Metropolitan Life denies the allegations contained in paragraph 14 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

17.    Metropolitan Life denies the allegations contained in paragraph 15 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

18.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of the Complaint, inclusive, as though fully set forth herein in response to paragraph 16 of the Complaint.

19.    Metropolitan Life denies the allegations contained in paragraph 17 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint to the extent said allegations relate to others.

20.    Metropolitan Life denies the allegations contained in paragraph 18 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint to the extent said allegations relate to others.

21.    The allegations of paragraphs 19-61 of the Complaint are not directed to Metropolitan Life, so Metropolitan Life makes no response to them. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19-61 of the Complaint, including all of their subparts. To the extent the allegations of paragraphs 19-61 of the Complaint are directed at Metropolitan Life, said allegations are denied.

22.    Metropolitan Life denies the allegations contained in paragraph 62 of the Complaint, including its subpart, except that Metropolitan Life admits that it is a life insurance company with its home office located in New York County, New York.

23.    The allegations of paragraphs 63-78 of the Complaint are not directed to Metropolitan Life, so Metropolitan Life makes no response to them. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63-78 of the Complaint, including all of their subparts. To the extent the allegations of paragraphs 63-78 of the Complaint are directed at Metropolitan Life, said allegations are denied.

24.    Metropolitan Life denies the allegations contained in paragraph 79 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 79 of the Complaint to the extent said allegations relate to others.

25.    Metropolitan Life denies the allegations contained in paragraph 80 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint to the extent said allegations relate to others.

26.    Metropolitan Life denies the allegations contained in paragraph 81 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint to the extent said allegations relate to others.

27.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

28.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, including all of its subparts.

29.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

30.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, including all of its subparts.

31.    The allegations contained in paragraph 86 of the Complaint, including all of its subparts, are Plaintiffs' characterization of their case and conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Metropolitan Life denies

them insofar as the allegations are directed at Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

32.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of the Complaint, inclusive, as though fully set forth herein in response to paragraph 87 of the Complaint.

33.    The allegations contained in paragraph 88 of the Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed at Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

34.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

35.    Metropolitan Life denies the allegations contained in paragraph 90 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint to the extent said allegations relate to others.

36.    The allegations contained in paragraph 91 of the Complaint, including its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed at Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

37.    The allegations contained in paragraph 92 of the Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed at Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

### AS TO COUNT ONE

38.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of the Complaint, inclusive, as though fully set forth herein in response to paragraph 93 of the Complaint.

39.    The allegations contained in paragraph 94 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

40.    The allegations contained in paragraph 95 of the Complaint, including its subparts, are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

41.    The allegations contained in paragraph 96 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against

Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

42.    The allegations contained in paragraph 97 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

AS TO COUNT TWO

43.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of the Complaint, inclusive, as though fully set forth herein in response to paragraph 98 of the Complaint.

44.    The allegations contained in paragraph 99 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

45.    The allegations contained in paragraph 100 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

46.    Metropolitan Life denies the allegations contained in paragraph 101 of the Complaint.

47.    The allegations contained in paragraph 102 of the Complaint are

conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

48.    The allegations contained in paragraph 103 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

49.    The allegations contained in paragraph 104 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

50.    Metropolitan Life denies the allegations contained in paragraph 105 of the Complaint.

51.    The allegations contained in paragraph 106 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

52.    Metropolitan Life denies the allegations contained in paragraph 107 of the Complaint, including all of its subparts.

53.    The allegations contained in paragraph 108 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

54.    The allegations contained in paragraph 109 of the Complaint, including its

11

subparts, are conclusions of law, for which no response is required; to the extent they may be

deemed allegations of fact, Metropolitan Life denies them.

55.    The allegations contained in paragraph 110 of the Complaint are

conclusions of law, for which no response is required; to the extent they may be deemed

allegations of fact, Metropolitan Life denies them.

AS TO COUNT THREE

56.    Metropolitan Life reasserts and incorporates by reference its responses to

all of the averments and allegations set forth in the preceding paragraphs of the Complaint,

inclusive, as though fully set forth herein in response to paragraph 111 of the Complaint.

57.    The allegations contained in paragraph 112 of the Complaint are

conclusions of law, for which no response is required; to the extent they may be deemed

allegations of fact, Metropolitan Life denies them insofar as they are directed against

Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their

truth to the extent said allegations relate to others.

58.    Metropolitan Life denies the allegations contained in paragraph 113 of the

Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 113 of the Complaint to the extent said allegations relate to others.

59.    The allegations contained in paragraph 114 of the Complaint are

conclusions of law, for which no response is required; to the extent they may be deemed

allegations of fact, Metropolitan Life denies them insofar as they are directed against

Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their

12

truth to the extent said allegations relate to others.

60.    Metropolitan Life denies the allegations contained in paragraph 115 of the Complaint, including all its subparts, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

61.    Metropolitan Life denies the allegations contained in paragraph 116 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint to the extent said allegations relate to others.

62.    Metropolitan Life denies the allegations contained in paragraph 117 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint to the extent said allegations relate to others.

AS TO COUNT FOUR

63.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of the Complaint, inclusive, as though fully set forth herein in response to paragraph 118 of the Complaint.

64.    The allegations contained in paragraph 119 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their

13

truth to the extent said allegations relate to others.

65.    The allegations contained in paragraph 120 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

66.    The allegations contained in paragraph 121 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

67.    The allegations contained in the paragraph following the heading "JURY DEMAND AND AD DAMNUM" of the Complaint are Plaintiffs' prayer for relief, request for a jury trial and conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

## GENERAL DENIAL

68.    Metropolitan Life denies each allegation not heretofore controverted and demands strict proof thereof.

## FIRST DEFENSE

69.    The allegations of the Complaint and each Count thereof fail to state a claim against Metropolitan Life upon which relief can be granted.

## SECOND DEFENSE

70.    The claims in the Complaint and each Count thereof are barred by the appropriate statute of limitations.

## THIRD DEFENSE

71.    The claims in the Complaint and each Count thereof are barred by the statute of repose.

## FOURTH DEFENSE

72.    Plaintiffs and/or decedents were contributorily negligent.

## FIFTH DEFENSE

73.    Plaintiffs' claims are barred by the operation of the doctrine of laches.

## SIXTH DEFENSE

74.    Plaintiffs' claims are barred by the operation of the doctrine of estoppel.

## SEVENTH DEFENSE

75.    Plaintiffs' claims are barred by the operation of the doctrine of waiver.

## EIGHTH DEFENSE

76.    Plaintiffs and/or decedents assumed the risk of any injuries allegedly sustained as a result of exposure to asbestos-containing products used by or near Plaintiffs and/or decedents.

## NINTH DEFENSE

77.    Whatever damages were incurred by Plaintiffs were the result of intervening and/or superseding acts or omissions of parties over whom this Defendant had no control.

15

### TENTH DEFENSE

78.    At all times relevant hereto, the knowledge of Plaintiffs' and/or decedents' employers was superior to that of Metropolitan Life with respect to possible health hazards associated with Plaintiffs' and/or decedents' employment, and, therefore, if there was any duty to warn Plaintiffs and/or decedents or provide protection to them, it was the duty of said employers, not of Metropolitan Life, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiffs and/or decedents.

### ELEVENTH DEFENSE

79.    In the event that it be shown that Plaintiffs and/or decedents used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

### TWELFTH DEFENSE

80.    Plaintiffs and/or decedents and their employers were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

### THIRTEENTH DEFENSE

81.    The claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against Metropolitan Life upon which relief can be granted.

### FOURTEENTH DEFENSE

82.    Plaintiffs and/or decedents should have taken action to minimize or eliminate damages, and therefore Plaintiffs and/or decedents are precluded from recovering

damages, or their damages are reduced, by operation of the doctrine of avoidable consequences
and mitigation of damages.

## FIFTEENTH DEFENSE

83.     Metropolitan Life did not authorize, approve, or ratify the acts or
omissions attributed to it in the Complaint.

## SIXTEENTH DEFENSE

84.     Metropolitan Life states that it cannot be held liable as a matter of law for
injuries or damages allegedly sustained as a result of exposure to asbestos-containing products
allegedly used by or near the Plaintiffs and/or decedents to the extent such exposure was to
asbestos-containing products manufactured and distributed by others pursuant to and in strict
conformity with specific regulations and specifications set forth by the United States
Government.  Metropolitan Life avers further that at all times relevant to the allegations
contained in the Complaint, the products allegedly containing asbestos substantially conformed
to those specifications set forth and approved by the United States Government, and the United
States Government had actual knowledge of the hazards, if any, associated with exposure to
asbestos.

## SEVENTEENTH DEFENSE

85.     Metropolitan Life is entitled to a set-off or credit in the amount of any
settlement or compromise heretofore or hereafter reached by Plaintiffs and/or decedents with any
other person for any of Plaintiffs' alleged damages.

## EIGHTEENTH DEFENSE

86.     The Complaint should be dismissed in that it fails to comply with Rule

9(b) of the Federal Rules of Civil Procedure.

## NINETEENTH DEFENSE

87.    Plaintiffs' alleged injuries and damages, if any, were proximately caused by or contributed to by exposure or inhalation of noxious and deleterious fumes and residues from industrial products or by-products prevalent on their job sites, by the cumulative effects of exposure to all types of environmental and industrial pollutants of air and water, and/or by substances, products, or other causes not attributable to or connected with Metropolitan Life.

## TWENTIETH DEFENSE

88.    There is no casual connection between any action or inaction of this Defendant and the injuries and damages allegedly sustained by Plaintiffs.

## TWENTY-FIRST DEFENSE

89.    The Complaint fails to name both necessary and indispensable parties in whose absence complete relief cannot be accorded among those already parties.  Therefore, this action must be dismissed, or, alternatively, the action should be stayed pending other appropriate relief by the Court.

## TWENTY-SECOND DEFENSE

90.    The claims of Plaintiffs' or his/her representative are barred by Plaintiffs' and/or decedents' contributory and/or comparative negligence and/or assumption of risk and/or any defenses asserted herein.

## TWENTY-THIRD DEFENSE

91.    Defendant Metropolitan Life would show unto the Court that the events which allegedly form the basis for the Plaintiffs' alleged causes of action against Defendant

Metropolitan Life arose prior to the elimination of the common law privity requirement in negligence and strict liability actions. As such, the Plaintiffs are subject to the common law requirement that they be in privity with Defendant Metropolitan Life. Inasmuch as no such privity existed, Defendant Metropolitan Life is not a proper party to this action.

TWENTY-FOURTH DEFENSE

92.    The Complaint should be dismissed because of lack of jurisdiction over the person, and/or insufficiency of process, and/or insufficiency of service of process.

TWENTY-FIFTH DEFENSE

93.    Venue is either improper and/or more convenient in another forum.

TWENTY-SIXTH DEFENSE

94.    An award of mental anguish or emotional distress damages in this case will violate the Defendant's Due Process and Equal Protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

TWENTY-SEVENTH DEFENSE

95.    To award the Plaintiffs damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Defendant avers that such an award in this case would violate the safeguards provided to Defendant under both the Alabama Constitution and the United States Constitution.

19

## TWENTY-EIGHTH DEFENSE

96.     Defendant denies that it has been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

## TWENTY-NINTH DEFENSE

97.     Any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

## THIRTIETH DEFENSE

98.     Any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## THIRTY-FIRST DEFENSE

99.     No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## THIRTY-SECOND DEFENSE

100.    Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## THIRTY-THIRD DEFENSE

101.    Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the

proportionality principles contained in the Eighth Amendment to the Constitution of the United

States; the due process clause of the Fourteenth Amendment to the Constitution of the United

States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of

1901, and is improper under the common law and public policies of the State of Alabama and

under applicable court rules and statutes for the following reasons, jointly and separately:

(a)    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b)    The procedures to be followed would permit an award of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)    The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendant under present Alabama law;

(e)    The standards of conduct upon which punitive damages are sought against Defendant are vague and ambiguous;

(f)    The procedures used by courts under Alabama law and the guidelines

given by the jurors, jointly and severally, are vague and ambiguous;

(g)     The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(h)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)     Present Alabama procedures fail to provide a constitutionally

reasonable limit on the amount of any punitive damage award against Defendant;

(m)    Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)    Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

(o)    An award of punitive damages would compensate the plaintiff for elements of damage not otherwise recognized by Alabama law.

THIRTY-FOURTH DEFENSE

102.    Plaintiffs' claims for the recovery of punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

(a)    Article 1, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b)    the Contracts Clause of Article 1, Section 10 of the United States Constitution;

(c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)    the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)    the constitutional prohibition against vague and overbroad laws;

(f)     the prohibition against ex post facto law in Article 1, Section 22 of the Alabama Constitution;

(g)     the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

(h)     the Due Process Clause of Article 1, Section 6 and/or 13 of the Constitution of Alabama.

## THIRTY-FIFTH DEFENSE

103.    An award of punitive damages in the circumstances of this case would clearly be violative of Defendant's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

(a)     There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

(b)     No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c)     An award of punitive damages in this case would be penal in nature and thus, would be violative of Defendant's constitutional rights under the United States Constitution and/or the Alabama Constitution

24

unless Defendant is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d)     The award of punitive damages on the basis of vicarious liability for the conduct of others violates Defendant's constitutional rights.

### THIRTY-SIXTH DEFENSE

104.    The imposition of punitive damages in this case would be in denial of Defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, Defendant is treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

### THIRTY-SEVENTH DEFENSE

105.    The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

### THIRTY-EIGHTH DEFENSE

106.    The imposition of punitive damages in this case would violate Defendant's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the

contractual obligations of parties to this litigation.

## THIRTY-NINTH DEFENSE

107.    With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of State Farm Mutual Automobile Insurance Co. v. Campbell, ____ U.S. _____, No. 01-1289 (April 7, 2003);  Cooper Industries, Inc. v. Leatherman Tool Group, Inc., ___ U.S. ___, No. 99-2035 (May 15, 2001); and BMW of No. America v. Gore, 116 U.S. 1589 (1996).

## FORTIETH DEFENSE

108.    To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Defendant, this award contravenes Defendant's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution.  In addition, such awards would infringe upon Defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

## FORTY-FIRST DEFENSE

109.    The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ I and 6 of the Alabama Constitution.

### FORTY-SECOND DEFENSE

110.    The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said defendant's exercise of the right to a judicial resolution of this dispute.

### FORTY-THIRD DEFENSE

111.    Old Code Section 6-11-21 of the Code of Alabama bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### FORTY-FOURTH DEFENSE

112.    To the extent the Plaintiffs have suffered no physical injury, § 6-11-21 of the Code of Alabama bars his claim for punitive damages insofar as said claim exceeds the greater of three times Plaintiffs' compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. To the extent Plaintiffs claim that they have suffered physical injury, § 6-11-21 of the Code of Alabama bars their claim for punitive damages insofar as said claim exceeds the greater of three times Plaintiffs' compensatory damages or $1,500,000,

27

which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

## FORTY-FIFTH DEFENSE

113.    The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of accord and satisfaction.

## FORTY-SIXTH DEFENSE

114.    The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of release and settlement.

## FORTY-SEVENTH DEFENSE

115.    The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of payment.

## FORTY-EIGHTH DEFENSE

116.    Defendant hereby adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action, to the extent such affirmative defense applies to this Defendant.

## DEFENSES RESERVED

117.    Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during discovery and hereby reserves its right to amend this answer to assert any such defense. Following the conclusion of discovery, Defendant reserves the right to withdraw any defenses where appropriate as well as to assert any/all cross-claims and/or counterclaims dictated by the facts of this case at any time.

ANSWER TO CROSS-CLAIMS

118. Metropolitan Life denies every allegation of each and every Cross-Claim insofar as said allegations apply to Metropolitan Life.

119. Metropolitan Life denies any liability with respect to each and every count of each and every Cross-Claim insofar as said counts apply to Metropolitan Life.

120. Metropolitan Life denies that it is liable to indemnify any other Defendant or Third-Party Defendant in this action.

121. Metropolitan Life denies that any Defendant or Third-Party Defendant is entitled to contribution from Metropolitan Life in this action.

122. In response to each and every Cross-Claim, Metropolitan Life adopts by reference all denials listed above, as though fully set forth herein.

123. In response to each and every Cross-Claim, Metropolitan Life adopts by reference all Defenses set forth above, as though fully set forth herein, as Defenses to each and every Cross-Claim.

WHEREFORE, Metropolitan Life demands that:

(a) the Complaint be dismissed with prejudice as to Metropolitan Life;

(b) Plaintiffs' demand for relief be denied in every respect;

(c) Metropolitan Life be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) the Court grant such other and further relief as may be just, proper, and equitable.

(e) Metropolitan Life requests a trial by jury.

Michael A. Vercher
Bar Number: ASB-4976-H32M
One of the Attorneys for Defendant
Metropolitan Life Insurance Company

OF COUNSEL:

CHRISTIAN & SMALL, LLP
505 North Twentieth Street
1800 Financial Center
Birmingham, AL 35203
Telephone:    (205) 795-6588
Facsimile:    (205) 328-7234

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants. I have also served a copy of the foregoing pleading by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

Troy R. King, Esq.
Attorney General
11 S. Union Street, Floor 4
Montgomery, AL  36130-2102

Of Counsel