IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT D. BELUE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) Civil Action No. 2:06-CV-1034-WKW | |
| ) | |
| v. ) | |
| ) | |
| A.O. SMITH ELECTRICAL ) | |
| PRODUCTS COMPANY, a division ) | |
| of A.O. SMITH CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**STANDARD EQUIPMENT COMPANY, INC.'S MOTION TO DISMISS
AND/OR FOR MORE DEFINITE STATEMENT**

COMES NOW, STANDARD EQUIPMENT COMPANY, INC. (hereinafter "STANDARD EQUIPMENT"), one of the Defendants in the above-styled cause, and pursuant to Rules 12(b)(6) and 12(e) of the *Federal Rules of Civil Procedure,* moves the Court to enter an Order dismissing the Complaint against it or, in the alternative, to enter an Order directing the Plaintiffs to re-plead the vague and ambiguous allegations asserted in the Complaint in a manner that complies with Rule 8 of the *Federal Rules of Civil Procedure*. In support of this Motion, STANDARD EQUIPMENT shows as follows:

1.    The Complaint in this case is brought on behalf of fifteen (15) Plaintiffs who are or were residents of Alabama, Georgia, Texas, Massachusetts, Pennsylvania, South Carolina, South Dakota, Mississippi and Utah against sixty-four (64) Defendants. (Complaint, pp. 1-7) The Plaintiffs allege that they or their decedents contracted one or more asbestos-related diseases as a result of exposure to products allegedly produced, manufactured, specified for use, installed, etc. by the Defendants at numerous work sites throughout the United States and abroad. (Complaint, ¶¶ 1-15)

2.      The Plaintiffs fail to allege with any specificity whatsoever to which particular products associated with any of the Defendants the Plaintiffs allegedly worked with or around. Furthermore, the Plaintiffs fail to allege when, during the course of their long and varied work histories, they worked with or around particular asbestos containing product or products.

3.      These allegations are vague and ambiguous and fail to meet the minimum pleading requirements of Rule 8 of the *Federal Rules of Civil Procedure* in as much as the Complaint is devoid of any specific allegations of wrongdoing levied against this Defendant at any specific point in time. Furthermore, the Complaint fails to adequately provide the identity of any specific products manufactured or sold by this Defendant which the Plaintiffs purportedly worked with or around, when or where the Plaintiffs purportedly did so, and/or any circumstances related to any alleged "exposure."

4.      Venue is also improper and/or inconvenient in this Court as to at least some of the Plaintiffs and these Plaintiffs' claims should be dismissed.

5.      The claims brought on behalf of at least some of the Plaintiffs are barred by the applicable statute of limitations and should be dismissed.

6.      The Complaint as presently pled, is so vague and ambiguous that this Defendant cannot reasonably be required to frame a responsive pleading. Therefore, in the alternative, the Plaintiffs should be required to re-plead their Complaint pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure* to allege with specificity, at a minimum, to which of this Defendant's products the Plaintiffs allegedly worked with or around and to allege when and where the Plaintiffs purportedly did so.

WHEREFORE, premises considered, Defendant, STANDARD EQUIPMENT, respectfully requests that this Honorable Court enter an Order dismissing the Complaint

2

against it or, alternatively, to enter an Order directing the Plaintiffs to re-plead the Complaint and provide specific factual allegations which would put this Defendant on notice of the wrongdoing alleged against it and the time and place at which any alleged wrongdoing occurred.

                                               s/Edward B. McDonough, Jr.
                                               EDWARD B. McDONOUGH, JR. (MCDOE0149)
                                               GARY W. FILLINGIM (FILLG1161)
                                               Attorneys for Defendant,
                                               STANDARD EQUIPMENT COMPANY, INC.

OF COUNSEL:
EDWARD B. McDONOUGH, JR., P.C.
POST OFFICE BOX 1943
MOBILE, ALABAMA  36633
Telephone:  251-432-3296
Facsimile:  251-432-3300
Email:      EBM@emcdonoughlaw.com
            GWF@emcdonoughlaw.com


## CERTIFICATE OF SERVICE

     I hereby certify that on 29th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                               s/Edward B. McDonough, Jr.
                                               EDWARD B. McDONOUGH, JR.