**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROBERT E. BELUE, et al.** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Civil Action No:** |
| ) | **2:06-cv-01034-WKW-WC** |
| ) | |
| **A. O. SMITH ELECTRICAL PRODUCTS** ) | |
| **COMPANY, a Division of A.O.** ) | |
| **SMITH CORPORATION, et al.** ) | |
| ) | |
|     **Defendants.** ) | |

**DEFENDANT OWENS-ILLINOIS, INC.'S RESPONSE**
**TO PLAINTIFFS' MOTION TO STAY**

Comes the defendant, Owens-Illinois, Inc. ("OI"), by and through counsel, and respectfully submits this Response to Plaintiffs' Motion to Stay. Defendant OI would show this Court that plaintiffs' Motion should be denied for the following reasons.

**ARGUMENT**

**I. PLAINTIFFS HAVE FAILED TO PROVIDE THIS COURT WITH ANY BASIS FOR GRANTING THE REQUESTED STAY.**

Plaintiffs have not carried their burden of demonstrating a basis for staying the case. To the contrary, plaintiffs do not cite to a statute, rule, case law, or any other authority to establish that this Court should stay this case pending a decision by the Judicial Panel in the Multidistrict Litigation for the actual transfer of the case. Moreover, as demonstrated by the actions of the other United States District Court in the State of Alabama discussed in Defendants' Motions to Dismiss, it serves to promote judicial efficiency and avoid the waste of valuable judicial resources for this Court to consider the many Motions to Dismiss, or in the alternative, Motions for More Definite Statement or for Severance that have been filed with the Court that clearly

538635.1

demonstrate the numerous deficiencies contained in the Complaint.  See Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement or to Sever, Memorandum in Support Thereof filed by Bondex International, Inc. and joined by numerous defendants, including Owens-Illinois, Inc., attached hereto as Exhibit A.

II. ASSUMING THE FACTS AS ALLEGED IN THE COMPLAINT, THIS COURT SHOULD RULE UPON THE PENDING MOTIONS TO DISMISS RELATING TO THE CLAIMS OF PLAINTIFFS, JOHNNY A. DAVIS AND PENELOPE PERAKIS, BECAUSE THEY ARE CLEARLY TIME BARRED BY ALABAMA'S STATUTE OF LIMITATIONS.

Rule 1 of the Federal Rules of Civil Procedure provides in part that "all suits of a civil nature . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.  Fed. R. Civ. P. 1.  This Court is in a position to consider threshold questions arising under Alabama law which based upon indisputable facts should lead to the dismissal of certain claims in this action.  Specifically, the claims of plaintiffs, Johnny A. Davis and Penelope Perakis, should be dismissed for failure to comply with Alabama's statute of limitations for personal injury actions.

Prior to May 19, 1980, Alabama had a one-year statute of limitations for personal injury actions not resulting in death.  Ala. Code § 6-2-39 (repealed 1980).  Under the law as it existed prior to May 19, 1980, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger, whether or not the full amount of damages or injuries was apparent.  Garrett v. Raytheon Co., 368 So. 2d 516, 520 (Ala. 1979); Cazalas v. Johns-Manville Sales Corp., 435 So. 2d 55, 57 (Ala. 1983).

Effective May 19, 1980, the Alabama legislature repealed § 6-2-39 and prospectively enacted a new "discovery rule" which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should

2

have reason to discover the alleged injury. Ala. Code § 6-2-30(b). However, the Alabama Supreme Court held in Tyson v. Johns-Manville Sales Corp., 399 So. 2d 263 (Ala. 1981), that the "discovery rule" statute of limitations that was enacted in 1980 does not apply retroactively.[1] Therefore, a personal injury plaintiff who last was exposed to asbestos prior to May 19, 1979 must bring suit within one year of the date of last exposure. See Johnson v. Garlock, Inc., 682 So. 2d 25, 26-28 (Ala. 1996).

The claims of plaintiffs, Johnny A. Davis and Penelope Perakis, are due to be dismissed because they were not brought within one year of the last date of exposure to asbestos based on the information contained in the Complaint. The Complaint alleges that Johnny A. Davis worked as a laborer at the Johns-Manville facility from 1968-1973. Complaint, ¶ 4. It also alleges he worked as a laborer in the U. S. Army on cargo ships Id. However, no dates are provided for this period of employment. On the face of the Complaint, plaintiff Davis' claims are barred for failing to bring suit within the applicable statute of limitations. As such, his claims are due to be dismissed.

Likewise, according to the allegations of the Complaint, plaintiff Penelope Perakis was last exposed to asbestos in 1952 while working as a taper of pipes at General Electric. Complaint, ¶ 11. As a result, plaintiff Perakis' claims are due to be dismissed for failing to bring suit within the prescribed time period as required by Alabama law. For these reasons, which are undisputed because they are based entirely upon the allegations contained in the plaintiffs'

---

[1] While the Garrett and Tyson decisions may be partially superseded by § 6-2-30, these cases are still controlling with regards to claims based on a date of last exposure prior to May 19, 1979. See Johnson v. Garlock, Inc., 682 So. 2d 25, 26-28 (Ala. 1996).

3

Complaint, this Court should grant defendant OI's Motion to Dismiss based upon the applicable statute of limitations as it relates to the Davis and Parakis claims.

### III. THE COURT SHOULD DENY THE PLAINTIFFS' MOTION TO STAY BECAUSE THIS COURT IS IN THE BEST POSITION TO REQUIRE PLAINTIFF TO COMPLY WITH THE THRESHOLD PLEADING REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE BEFORE TRANSFERRING THIS CASE TO THE MDL.

This Court is in the unique position to consider certain threshold issues that are pending before it based upon filings by numerous defendants before this case is transferred to the MDL. For example, plaintiffs' Complaint fails to state a claim upon which relief may be granted pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. See Argument II set forth in the Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement or to Sever, Memorandum in Support Thereof filed by Bondex International, Inc. and joined by numerous defendants, including Owens-Illinois, Inc., attached hereto as Exhibit A.

Additionally, plaintiffs' Complaint is due to be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Id. at p. 3. Moreover, plaintiff's Complaint is due to be dismissed for failure to plead fraud with particularity as required by Rules 9(b) of the Federal Rules of Civil Procedure. Id. at p.6. Furthermore, plaintiffs are not properly joined under Rule 20 of the Federal Rules of Civil Procedure and their claims should therefore be severed into individual cases. Id. at p.10.

In the alternative, plaintiffs should be required to provide a more definite statement of their claims in accordance with Rule 12 (e) of the Federal Rules of Civil Procedure. The claims made in the current pleading are vague and ambiguous such that a party cannot reasonably be required to frame a responsive pleading at this time. Rather than simply transferring this case to the MDL in its current state, it is important for the parties to have a fair understanding of the

538635.1

claims being made and that can only be assured if there is a proper Complaint filed in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, for the above-stated reasons, defendant OI respectfully requests that this Court deny plaintiffs' Motion to Stay.

Respectfully submitted this 23rd day of January, 2007.

By: __/s/ Anthony C. Harlow_____

Anthony C. Harlow – Bar Number: ASB-5692-W474
Attorneys for Owens-Illinois, Inc.
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512
Email: ach@starneslaw.com
(205) 868-6000

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/     Anthony C. Harlow
Anthony C. Harlow – Bar Number: ASB-5692-W474
Attorneys for Owens-Illinois, Inc.
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512
Email: ach@starneslaw.com
(205) 868-6000

5

538635.1

EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT E. BELUE, et al.    )
                           )
    Plaintiffs,             )
                           )
vs.                        )    Civil Action No:
                           )    2:06-cv-01034-WKW-WC
                           )
A. O. SMITH ELECTRICAL PRODUCTS    )
COMPANY, a Division of A.O.        )
SMITH CORPORATION, et al.          )
                           )
    Defendants.             )

**DEFENDANT OWENS-ILLINOIS, INC. JOINDER IN DEFENDANT BONDEX INTERNATIONAL, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT OR SEVER, AND MEMORANDUM IN SUPPORT THEREOF**

Comes the defendant, Owens-Illinois, Inc. ("OI"), by and through counsel and respectfully moves this Court to dismiss this case pursuant to Rules 8, 9(b), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, OI moves this Court for an Order requiring plaintiffs to file a more definite statement as to the basis for the claims against OI pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and for severance pursuant to Rule 21 of the Federal Rules of Civil Procedure. As grounds for this motion, OI expressly incorporates by reference as if set forth herein the factual and legal arguments contained in the Motion to Dismiss, or in the Alternative, Motion for More Definite Statement or Severance filed by Defendant Bondex International, Inc. on December 19, 2006.

Respectfully submitted this 16th day of January, 2007.

By: __/s/ Anthony C. Harlow_____

Anthony C. Harlow – Bar Number: ASB-5692-W474
Attorneys for Owens-Illinois, Inc.

{B0666124}    1

STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512
Email: ach@starneslaw.com
(205) 868-6000

### CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2007, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Anthony C. Harlow
Anthony C. Harlow – Bar Number: ASB-5692-W474
Attorneys for Owens-Illinois, Inc.
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512
Email: ach@starneslaw.com
(205) 868-6000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROBERT E. BELUE, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | 2:06-CV-1034-WKW |
| A. O. SMITH ELECTRICL PRODUCTS, | * | |
| COMPANY, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT OR TO SEVER,
AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Defendant, BONDEX INTERNATIONAL, INC., and moves this Honorable Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and for failure to state claims of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Defendant further moves this Court to dismiss some of Plaintiffs' claims for failure to comply with Alabama's statute of limitations. Additionally, Plaintiffs' claims are due to be dismissed for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. In the alternative, Defendant moves for an Order requiring Plaintiffs to provide a more definite statement of their claims or for an order severing the claims of the Plaintiffs. In support thereof, Defendant would show unto the Court the following:

I.    **History and Procedural Background.**

This personal injury action involves the claims of fifteen (15) plaintiffs against no less than sixty-three (63) defendants, including Bondex International, Inc. (hereinafter "Bondex"). The Plaintiffs contend that they or their decedents have been "continually exposed to asbestos containing

products produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants" which exposure resulted in the contraction of "one or more asbestos related diseases." (Complaint, ¶¶ 1-15). Plaintiffs further contend that such exposure resulted in either injury to themselves or to the death of their decedents. (Id.)

## II.     Plaintiffs' Complaint Fails to State a Claim Upon Which Relief May Be Granted Pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted. The allegations contained therein are inadequate and essentially comprised of a series of broad statements directed at all defendants without any clarification. Such "blanket pleadings" deprive Bondex of any meaningful opportunity to investigate the Plaintiffs' claims and prepare a meaningful response. A complaint which on its face is vague and ambiguous does not constitute a well-plead complaint. The Complaint in this case fails to specify where, when or how the Plaintiffs and/or their Decedents were allegedly exposed to asbestos or which of the numerous defendants are responsible for the alleged exposure and resulting injuries. Simply stating where each Plaintiff or each Plaintiffs' Decedent worked and the dates of employment is not enough. As such, the Complaint fails to state a claim upon which relief may be granted and is due to be dismissed. A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Adams v. Franklin*, 111 F.Supp. 2d 1255, 1259 (M.D. Ala. 2000)(citations omitted). "However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997)(citations omitted).

### III. Plaintiffs' Complaint is Due to be Dismissed for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief must contain a plain statement of the claim showing that the pleader is entitled to relief. Additionally, each averment in a complaint must "be simple, concise and direct." Id. Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action. In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. See *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). In *Magluta*, the Court described a shotgun complaint as one that ignores the requirement of a "short and plain statement." Id. Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." Id. The Complaint in this matter does exactly the same thing that the Eleventh Circuit has repeatedly condemned.

In *Sidney Chancellor, et al. v. Air Liquide America Corp., et al.*, Case No. CV-04-BE-2554-S (N.D. Ala., Oct. 8, 2004), Judge Karon O. Bowdre *sua sponte* dismissed a similar shotgun complaint, without prejudice, due to the plaintiffs' failure to state a claim upon which relief could be granted and failure to plead with the required particularity. The court stated that the complaint, "[a]t best ... suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica during all or part of [their] working lives ... while working at various worksites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry." Id. at 2. Furthermore, "the complaint forces the defendants to guess at what they each may have done to injure the plaintiffs, and when, where and how." Id. In holding that

3

dismissal was the correct approach, the court stated, "[t]he court is acutely aware of its duty to dispose of shotgun complaints at the earliest opportunity ... Rather than wait until justice has been obstructed by the inadequacies of this complaint and 'scarce judicial and parajudicial resources' are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure." Id. at 2-3. The Order of Dismissal, entered on the court record on October 8, 2004, is attached hereto as Exhibit "1."

Chief Judge U. W. Clemon in the Northern District of Alabama ordered the *sua sponte* dismissal of *Skip Palmer, et al, v. Aearo Corp., et al.*, Case No. 7.04-CV-3262-UWC (N.D. Ala., May 31, 2005) on similar grounds. Chief Judge Clemon noted:

> Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry. However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.
>
> The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

Id. The Order of Dismissal, entered on the court record on May 31, 2005, is attached hereto as Exhibit "2."

In this case, the Plaintiffs name numerous products allegedly manufactured by sixty-three (63) defendants, which might have caused, directly or indirectly, harm to the Plaintiffs or their Decedents. Like *Chancellor*, the vague nature of the Complaint forces all of the defendants,

4

including Bondex, to guess "what each may have done to injure the plaintiffs, and when, where and how." (*Chancellor*, Ex. "1" at p. 2). And though the Complaint lists vague descriptions of products produced or distributed by the Defendants, including Bondex, the Complaint fails to make clear "the resulting causes of action related to those products." (*Palmer*, Ex. "2" at p.2). In short, the Plaintiff has failed to give sufficient detail "so that the defendant[s], and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." Id. Because Plaintiffs' Complaint fails to provide a short and plain statement of Plaintiff's claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The Plaintiffs' shotgun approach to pleading is even more evident beginning with paragraph 18 of the Complaint wherein the Plaintiff uses the label "Producer Defendants" to refer to all of the defendants named therein, stating, "The asbestos-containing products produced by each defendant that have been identified at plaintiffs' workplace, during **his** employment years there, are set out hereinbelow." First, defendants have no idea to which plaintiff the word "his" refers to in the Complaint. Second, there are 15 named plaintiffs, not just one. (Complaint, ¶ 18). Plaintiff then proceeds to list generic product types for each of the defendants, including the allegation that Bondex produced "Asbestos containing products including but not limited to Paper Products; ... Drywall Products." (Complaint, ¶ 29). However, there is absolutely no information to apprise Bondex as to which "workplace," let alone the period of employment, the Plaintiffs are referring to nor how, when or where the Plaintiffs or their Decedents were allegedly exposed to the "Paper Products" and "Drywall Products." Further, the remaining paragraphs of the Complaint go on to allege four causes of action against the defendants. All causes of action are generically linked to all of the defendants named therein. Chief Judge U.W. Clemon of the Northern District of Alabama

previously dismissed the case of *Vera Beavers, et al. v. A.O. Smith Electrical Products Company, et al.*, Civil Action No. 2:06-CV-899-UWC (N.D. Ala. May 8, 2006), on several grounds, including the fact that the Plaintiffs' Complaint did "not specifically link specific causes of action to a specific Defendant."[1] See *Order of Dismissal* (N.D. Ala. August 31, 2006) and *Memorandum Opinion on Motions to Dismiss* (N.D. Ala. August 31, 2006) attached hereto collectively as Exhibit "3." Likewise, the Plaintiffs in this case have failed to link specific causes of action to specific Defendants, and as a result thereof, their claims are due to be dismissed.

## IV. Plaintiffs' Complaint is Due to be Dismissed for Failure to Plead Fraud with Particularity as Required by Rule 9(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 9 (b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It has been said that this rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Associates*, 847 F.2d 1511 (11th Cir. 1988)(citation omitted). The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of FRCP 9(b). See e.g., *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1210 (11th Cir. 2001); *Hendley v. American National Fire Ins., Co.*, 842 F.2d 267, 269 (11th Cir. 1988); *Friedlander v. Nims*, 755 F.2d 810, 813 (11 Cir. 1985); *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 970 (5th Cir. 1981).

---

[1] Plaintiff appealed the District Court's dismissal of this action to Eleventh Circuit. Prior to the appeal, Plaintiff filed a Motion for Reconsideration with the District Court. After the appeal had been filed, the District Court set a hearing on Plaintiffs' Motion for Reconsideration which is currently set for a hearing on January 9, 2007. In response to the hearing, Plaintiff filed a Motion to Abate the Appeal pending the outcome of the January 9, 2007 hearing. The Eleventh Circuit has not issued a ruling on Plaintiffs' Motion to Abate to date.

To satisfy the particularity requirement, a plaintiff must aver "(1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff[], and (4) what the defendant[] obtained as a consequence of the fraud." *United States ex rel Clausen v. Lab Corp. of America*, 290 F.3d 1301, 1310 (11th Cir. 2002)(citations omitted). In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which form the basis of plaintiff's claim against that particular defendant. See *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1381 (11th Cir. 1997); see also *Friedlander v. Nims*, 755 F.2d at 813.

Here, Plaintiffs generally allege that the Defendants misrepresented, concealed, and or destroyed scientific evidence regarding alleged health hazards of asbestos. However, Plaintiffs fail to identify the precise statements made, the time, place, and individual responsible for the statements, and what the defendant[s] gained by the alleged misrepresentation. Not only do Plaintiffs fail to plead any particularities as to the alleged fraudulent conduct of Bondex, but they also fail to plead with particularity as to any of the named defendants.

Moreover, the averments in Plaintiff's Complaint at paragraphs 98 through 110 are identical to the fraud allegations contained in *Vera Beavers, et al. v. A.O. Smith Electrical Products Company, et al.*, Civil Action No. 2:06-CV-899-UWC (N.D. Ala. May 8, 2006)[2]. Judge Clemon dismissed the fraud allegations in *Beavers* stating, "Moreover, to the extent that fraud allegations are made, they are not pled with the specificity required by the Federal Rules of Civil Procedure." See

---

2 See Footnote 1 for the current status of this case.

7

*Memorandum Opinion on Motions to Dismiss* (N.D. Ala. August 31, 2006)(Exhibit "3" at p. 2). Given Plaintiffs' failure to set forth specific facts alleging fraud as to each named defendant, their Complaint is due to be dismissed for failure to comply with FRCP 9(b).

V.   **The Claims of Plaintiffs, Johnny A. Davis and Penelope Perakis, should be Dismissed for Failure to Comply with Alabama's Statute of Limitations.**

Under Ala. Code § 6-2-39 (repealed in 1980), Alabama had a one year statute of limitations for personal injury actions not resulting in death. Under this law, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to danger. This rule was changed in 1980, but the Alabama Supreme Court has declared that the change did not apply retroactively. See *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263 (Ala. 1981) and *Johnson v. Garlock, Inc.*, 682 So.2d. 25, 26-28 (Ala. 1996). Accordingly, a personal injury plaintiff who was last exposed to asbestos before May 19, 1979, must bring suit within one year of the last date of exposure. Id. The claims of plaintiffs Johnny A. Davis and Penelope Perakis, are due to be dismissed because they were not brought within one year of the last date of exposure to asbestos based on the information contained in the Complaint. The Complaint alleges that Johnny A. Davis worked as a Laborer at the Johns-Mansville facility from 1968-1973. (Complaint, ¶ 4.) It also alleges he worked as a Laborer in the U.S. Army on cargo ships (*Id.*). However, no dates are provided for this period of employment. On the face of the Complaint, his claims are barred for failing to bring suit within the applicable statute of limitations. As such, his claims are due to be dismissed.

According to the allegations of the Complaint, plaintiff Penelope Perakis was last exposed to asbestos in 1952 while working as a Taper of Pipes at General Electric. (Complaint, ¶ 11). Likewise, her claims are due to be dismissed for failing to bring suit within the prescribed time

8

period.

Plaintiffs' rely on *Kowlaski v. The Goodyear Tire and Rubber Company*, 841 F. Supp 104, 107 (W.D.N.Y 1994) for the proposition that Alabama's statute of limitations is pre-empted by 42 U.S.C. § 9658 (CERCLA). Plaintiffs' reliance on *Kowlaski* is improper. The Alabama Supreme Court has ruled that CERCLA does not preempt Alabama's statute of limitations in toxic exposure cases and in asbestos cases. *Becton v. Rhone-Poulenc, Inc.*, 706 So.2d 1134 (Ala. 1997) and *Chestang v. W.R. Grace & Co.-Conn.*, 709 So.2d 470, 471 (Ala. 1998). Moreover, the *Becton* Court criticized the decision in *Kowalski* for ignoring CERLCA's legislative history and the majority rule that CERCLA does not pre-empt state statutes of limitation when a CERCLA cause of action is not present. Id. at 1137-1141. See also *Knox v. A C & S, Inc.*, 690 F.Supp. 752 (S.D.Ind.1988); *Electric Power Board of Chattanooga v. Westinghouse Electric Corp.*, 716 F.Supp. 1069 (E.D.Tenn.1988), *aff'd*, 879 F.2d 1368 (6th Cir.1989), *cert. denied*, 493 U.S. 1022, 110 S.Ct. 724, 107 L.Ed.2d 743 (1990); *First United Methodist Church v. United States Gypsum Co.*, 882 F.2d 862 (4th Cir.1989), *cert. denied*, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990); *Covalt v. Carey Canada Inc.*, 860 F.2d 1434 (7th Cir.1988); *A.S.I., Inc. v. Sanders,* 835 F.Supp. 1349, 1355 n. 1 (D.Kan.1993); and *Burlington Northern & Santa Fe Rwy. Co. v. Poole Chemical Co., Inc.*, WL 1926322, 10 -13 (N.D.Tex., 2004). Furthermore, CERCLA only applies with respect to a prior owner, operator, or transporter of hazardous substances 42 U.S.C.A. § 9607(a)(1-4). Plaintiffs have not alleged that Bondex falls into any of these categories of responsible parties under CERCLA. Instead Plaintiffs have alleged that Bondex produced "Paper Products" and "Drywall Products". "To infer that Congress, by enacting CERCLA, intended to preempt state statutes of repose as applied to manufactures/sellers sued in products liability actions, is to stretch the statute far beyond its intended

9

reach." *Burlington Northern*, at 13. Accordingly, Plaintiffs Johnny A. Davis and Penelope Perakis may not rely on 42 U.S.C. § 9658 to pre-empt Alabama's statute of limitations, and their claims must be dismissed.

### VI. Plaintiffs are Not Properly Joined Under Rule 20 of the *Federal Rules of Civil Procedure* and Their Claims Should Therefore be Severed.

Rule 20 of the *Federal Rules of Civil Procedure*, provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege generally that they or their Decedents have been exposed to asbestos and asbestos-containing products. However, Plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrences[s]. Rather, Plaintiffs require defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. Bondex submits that FRCP 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, Bondex seeks severance of the Plaintiffs' Complaint.

Moreover, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. *Cherokee Elec. Coop. v. Cochran*, 706 So.2d 1188, 11193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

### VII. Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e) of the *Federal Rules of Civil Procedure*.

Federal Rule of Civil Procedure 12(e) provides that "[if]a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing a responsive pleading." The law requires specificity such that a defendant is aware of the claims brought against it and is able to file responsive pleadings in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. See *Sisk v. Texas Park and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).

As discussed above, Plaintiffs' Complaint fails to put Bondex on notice as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, places, or other facts surrounding their alleged use of a Bondex product or how the use of such a product contributed to their alleged injuries. Bondex cannot properly respond to such bare allegations. As such, Bondex alternatively moves this Court for an Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e).

### VIII. Conclusion.

For the foregoing reasons, Plaintiffs have not alleged the basic facts necessary to state a claim for which relief can be granted as to Bondex International, Inc. in violation of Rule 8 of the Federal Rules of Civil Procedure. Moreover, Plaintiffs have failed to specify their claims of fraud in accordance with Rule 9(b) of the Federal Rules of Civil Procedure Accordingly, Bondex's Rule 12(b)(6) motion should be granted, dismissing all of the Plaintiffs' claims against Bondex, with prejudice and at Plaintiffs' cost. Further, Plaintiffs have attempted to join their claims in violation of

Federal Rule of Civil Procedure 20 without any justifiable assertion that their claims arise out of the same series of transactions or occurrences and despite the fact that common relief can not be had among the Plaintiffs. As such, Plaintiffs claims are due to be severed.

Alternatively, should this Honorable Court deny Bondex's motion to dismiss, Bondex respectfully submits that its Rule 12(e) motion for more definite statement should be granted and the Plaintiffs ordered to amend their Complaint to provide sufficient particulars, including: (i) Plaintiffs and Plaintiffs' Decedents occupation and/or trade for all job sites; (ii) Plaintiffs' and Plaintiffs' Decedents' employers, period of employment and job description; (iii) the approximate time and locations where Plaintiff was allegedly exposed to asbestos-containing products allegedly manufactured by Bondex; (iv) the brand of products to which Plaintiffs or Plaintiffs' Decedents were allegedly exposed; (v) the specific Defendants' products to which the Plaintiffs and Plaintiffs' Decedents were allegedly exposed; (vi) sufficient particulars to sustain Plaintiffs' fraud allegations; and (vii) Plaintiffs' basis, if any, for linking Bondex to Plaintiffs' and Plaintiffs' Decedents' alleged asbestos exposure.

Respectfully submitted,

/s/ Timothy A. Clarke
F. GREY REDDITT (REDDF5142)
TIMOTHY A. CLARKE (CLART1440)
*Attorneys for Defendant, Bondex International, Inc.*

**OF COUNSEL:**
VICKERS, RIIS, MURRAY AND CURRAN, L.L.C.
P. O. Drawer 2568
Mobile, AL 36652-2568
Telephone:   (251) 432-9772
Facsimile:   (251) 432-9781
Email: gredditt@vickersriis.com
       tclarke@vickersriis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants.

/s/ Timothy A. Clarke
TIMOTHY A. CLARKE