## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROBERT D. BELUE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION CASE NO.: |
| | ) | |
| | ) | 2:06-CV-1034-WKW |
| ASBESTOS DEFENDANTS: | ) | |
| | ) | |
| A.O. SMITH ELECTRICAL PRODUCTS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF BECHTEL CONSTRUCTION COMPANY

Defendant, Bechtel Construction Company (hereinafter "Bechtel"), as its Answer to Plaintiffs' Complaint ("Plaintiff" herein referred to singularly or in the plural, living or deceased, possessively and/or in any such capacity as may apply) herein, states and alleges as follows:[1]

1.    Bechtel denies all material averments, allegations, counts, and claims contained in Plaintiffs' Complaint as they pertain to Bechtel, and demands strict proof thereof.

2.    By way of further response, Bechtel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to any other Defendant, and therefore denies the same and demands strict proof thereof.

---

[1]  Plaintiffs' Complaint amounts to a "shotgun pleading," in that it is virtually impossible to know which allegations of fact are intended to support which claims for relief, against which Defendants.  Plaintiffs should be required to re-plead their Complaint to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. This Answer is made subject to and without waiving Bechtel's right to move for a more definite statement.

3.    Bechtel denies that Plaintiffs are entitled to the relief sought.

## ADDITIONAL DEFENSES

4.    This Court lacks subject matter jurisdiction over each and every Count, cause of action, and claim for relief contained in Plaintiffs' Complaint.

5.    This Court lacks personal jurisdiction over Bechtel with respect to each and every Count, cause of action, and claim for relief contained in Plaintiffs' Complaint.

6.    Each count, cause of action, and claim for relief in Plaintiffs' Complaint is barred by the applicable statute or statutes of limitation.

7.    Each count, cause of action, and claim for relief in Plaintiffs' Complaint is barred by the statute or rule of repose.

8.    Each count, cause of action, and claim for relief in Plaintiffs' Complaint is barred by the doctrine of estoppel.

9.    Each count, cause of action, and claim for relief in Plaintiffs' Complaint is barred by the doctrine of laches.

10.    Each count, cause of action, and claim for relief in Plaintiffs' Complaint is barred by the doctrines of collateral estoppel and *res judicata*.

11.    Each count, cause of action, and claim for relief in Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

12.    For each count, cause of action, and claim for relief in Plaintiffs' Complaint, Bechtel pleads the general issue and says that it is not liable for the matters alleged therein.

13.    Venue of this action is improper.

14.    Bechtel pleads insufficiency of process.

15.    Service of process on Bechtel was improper.

16.    Plaintiffs and Defendants are not properly joined.

17.    Plaintiffs have failed to join indispensable parties.

18.    Bechtel did not commit any acts of negligence for which Plaintiffs are entitled to relief.

19.    Bechtel did not breach any duty owed to Plaintiffs.

20.    There is a lack of causal relationship between Bechtel and the damages complained of by the Plaintiffs.

21.    Plaintiffs' injuries were caused by the intervening, superceding and direct, proximate acts of entities or individuals other than Bechtel.

22.    Plaintiffs are guilty of contributory negligence.

23.    Plaintiffs are guilty of assumption of the risk.

24.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then said products were not used in a foreseeable manner.

25.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a

product (though Bechtel denies such allegations), then Plaintiffs did not use the products in the manner designed and intended by the manufacturer.

26.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then Plaintiffs' misuse of any such product caused, in full or in part, the physical harm alleged in the Complaint.

27.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then Plaintiffs' employers' misuse of any such product caused, in full or in part, the physical harm alleged in the Complaint.

28.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then an unforeseeable modification or alteration of any such product to which Plaintiffs were exposed was the proximate cause of the physical harm alleged in the Complaint.

29.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible

for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then said products were substantially changed or modified after they left the control of the manufacturer, and said changes were not foreseeable.

30.     Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then said products were not unreasonably dangerous at any time.

31.     Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then said products were in conformity with the generally recognized state of the art at the time they were designed, manufactured, inspected, packaged, labeled, and sold.

32.     Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a

product (though Bechtel denies such allegations), then said products complied with industry standards.

33.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then any such product to which Plaintiffs were exposed complied with applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States or by the State of Alabama, or by an agency of the United States or the State of Alabama.

34.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then at the relevant time period, practical and technically feasible alternative designs for the products were not available for said products that would have prevented the harm for which Plaintiffs seek to recover without substantially impairing the usefulness or intended purpose of the product.

35.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a

product (though Bechtel denies such allegations), then Plaintiffs' claims are barred by the sophisticated user or learned intermediary doctrine.

36.    Bechtel was not in privity of contract with any Plaintiff.

37.    Plaintiffs failed to notify Bechtel of any breach of warranty within a reasonable time after Plaintiffs discovered or should have discovered any alleged breach of warranty and is therefore barred from recovery for such claims.

38.    There was no conspiracy or concert of action between Bechtel and any other Defendant.

39.    Bechtel did not authorize, approve or ratify the acts or omissions attributed to it.

40.    Bechtel did not participate in any of the alleged activities for which the subject Complaint asserts that punitive damages may be assessed.

41.    Plaintiffs' damages, if any, were caused by a pre-existing medical or physical condition.

42.    Plaintiffs' damages, if any, were caused by an intervening and/or superseding cause(s).

43.    Bechtel alleges that any damages that Plaintiffs may have sustained were proximately caused by the acts, omissions, or fault of persons or entities over whom Bechtel exercised no control and for whose acts, omissions, or fault Bechtel cannot be held liable.

44.    Plaintiffs' damages are mitigated, satisfied, or set off by their right and entitlement to insurance benefits.

45.    Plaintiffs have failed to mitigate their damages.

46.     Bechtel contends that if Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims herein, then, accordingly, said claims are barred.

47.     Bechtel contends that if the claims stated in Plaintiffs' Complaint have been settled, compromised, or otherwise discharged, then Bechtel is due a set off.

48.     Plaintiffs' Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates each Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a claim under which either punitive or exemplary damages can be awarded.

49.     Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates each Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates each Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

50.     Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to each Defendant under the Constitution of the United States of America.

51.     Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to each Defendant under the Due Process

Clause of the Fourteenth Amendment of the Constitution of the United States, in that punitive damages are vague and are not rationally related to legitimate government interests.

52.    Any award of punitive damages to Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

53.    Any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to each Defendant under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and consequently, each Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

54.    It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Bechtel punitive damages, which are penal in nature, yet compel Bechtel to disclose potentially incriminating documents and evidence.

55.    It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Bechtel punitive damages, which are penal in nature, yet compel Bechtel to disclose potentially incriminating documents and evidence.

56.    It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive

damages against Bechtel which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

57.     Any award of punitive damages to Plaintiffs in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

58.     The imposition of punitive damages in this case would violate the Due Process Clause of Amendments Five and Fourteen to the United States Constitution and Article I, Sections 1, 2, 6, 13, 15, 27, and 35 of the Alabama Constitution of 1901, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts.  Among other things, the present procedures and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for

10

punitive damages; and, (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

59.    The imposition of punitive damages in this case would violate the Equal Protection Clause of Amendments Five and Fourteen to the United States Constitution and would deprive each Defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

60.    The imposition of a punitive damages award in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution, the commerce clause thereof, the equal protection clause thereof, and the privileges and immunities clause thereof, because such punishment would be the product of a state-enforced policy that unconstitutionally discriminates against defendants in punitive damages cases based on the status of those defendants, such as the corporate Defendant in the case at bar, as large, out-of-state, corporate entities.

61.    Plaintiffs' claims for punitive damages are limited by the statutory caps contained in § 6-11-21 of the Alabama Code.

62.    Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

63.    Bechtel did not make, sell or distribute any asbestos-containing products to which Plaintiffs claim exposure herein, and therefore should not be liable or responsible for any product under negligence principals or under Alabama's Extended Manufacturer's Liability Doctrine; however, if Bechtel is somehow held responsible for a product (though Bechtel denies such allegations), then Plaintiffs' claims are barred to the extent that such products which were designed and manufactured pursuant to and in accordance with the standards of, or specifications mandated by, the United States Government and its agencies, and that the knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of Bechtel, and by reason thereof Bechtel is entitled to assume any immunity from liability which exists in favor of the United States Government or its agencies.

64.    Bechtel pleads that it is immune from civil liability of any form or nature in this matter under Alabama's workers' compensation law if any Plaintiff was an employee of Bechtel during the period of alleged exposure.  The said workers' compensation law provides worker's compensation benefits for the disability of an employee if such resulted from injury or occupational disease incurred or sustained in the course of employment as an exclusive remedy.

65.    Bechtel adopts all defenses and affirmative defenses plead by other defendants.

66.    Bechtel reserves all other applicable defenses and reserves its right to amend this Answer in accordance with the provisions of the Federal Rules of Civil Procedure.

                                        s/James A. Harris, III
                                        James A. Harris, III
                                        Bar Id # ASB-0683-R74J
                                        Nicole M. Hardee
                                        Bar Id# ASB-0073-P71G
                                        2501 20th Place South
                                        Suite 450
                                        Birmingham, AL  35209
                                        FAX:  (205) 871-0029
                                        TEL:  (205) 871-5777
                                        Email: jamey@harris-harris.com
                                        Email: nicole@harris-harris.com

OF COUNSEL:

Harris & Harris, LLP                    Attorneys for Bechtel


## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        s/James A. Harris, III
                                        OF COUNSEL