IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT D. BELUE, et al., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | |
| : | FILE NO. 2:06-CV-1034-WKW |
| ASBESTOS DEFENDANTS: : | |
| A.O. SMITH ELECTRICAL : | |
| PRODUCTS COMPANY, et al., : | |
| : | |
| Defendants. : | |

DEFENDANT OAKFABCO, INC.'S, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

COMES NOW, Oakfabco, Inc., f/k/a Kewanee Boiler Corporation ("Oakfabco, Inc."), incorrectly named herein as Oakfabco, Inc., successor-in-interest to Kewanee Boiler, and hereby files its Motion to Dismiss, or in the alternative, Motion for a More Definite Statement.

Reserving all rights and defenses, Oakfabco, Inc., respectfully moves this Court for an Order dismissing the Plaintiffs' Complaint. In the alternative, Oakfabco, Inc., moves for an Order requiring Plaintiffs to provide a more definite statement of their claims. In support thereof, Oakfabco, Inc., offers the following:

I.  Plaintiffs' Complaint is Due to be Dismissed for Failure to Comply with Rules 8 and 10(b) of the Federal Rules of Civil Procedure.

The Plaintiffs' Complaint is due to be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. FRCP 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a

pleading shall be simple, concise, and direct." Rule 8(e), Federal Rules of Civil Procedure. "It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining ...." Hoshman v. Esso Standard Oil Co., 63 F.2d 499, 501 (5th Cir. 1959) (citations omitted).  A plaintiff may not merely "label his other claims" to survive a motion to dismiss, but must give the defendant fair notice of the claims and the grounds upon which they rest. Veltman v. Walpole Pharmacy, Inc., 928 F.Supp. 1161 (M.D. Fla. 1996); see also, Williams v. Lear Operations Corporation, 73 F.Supp.2d 1377 (N.D. Ga. 1999).

Here, Plaintiffs have made general claims under the auspices of "products liability," "combined and concurring negligence," "intentional tort," and "conspiracy." Plaintiffs have also fail to identify Oakfabco, Inc., in the body of the Complaint.  Thus, Oakfabco, Inc., is without knowledge as to why they were served in this matter. Moreover, Plaintiffs have failed to identify which product each Plaintiff allegedly used; when they allegedly used such product; where they allegedly used such product; and under what circumstances they used such product. Simply stating where each Plaintiff worked and the dates of the employment is not enough. As stated, the bare allegations in Plaintiffs' Complaint wholly fail to put Oakfabco, Inc., on notice as to the transactions or occurrences which form the basis of Plaintiffs' claims.

Not only do Plaintiffs fail to put Oakfabco, Inc., on notice as to the circumstances forming the basis of their Complaint, but they also fail to inform Oakfabco, Inc., as to whether any claims are brought against it.  FRCP 10(b) requires that "each claim founded upon a separate transaction or occurrence or defense other

than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." In Plaintiffs' Complaint, however, there is no mention of any claims brought against Oakfabco, Inc. Plaintiffs' Complaint fails to measure up to the standard set by FRCP 10(b); thus, it is due to be dismissed.

Additionally, Plaintiffs' Complaint fails to set forth facts sufficient for Oakfabco, Inc., to frame a proper defense. FRCP 8(c) requires defendants to plead all affirmative defenses in the responsive pleading or risk losing the defense. Plaintiffs' Complaint, as served, forces Oakfabco, Inc., to guess what it has allegedly done to injure each plaintiff. As such, the Complaint is due to be dismissed.

II. <u>Plaintiffs' Complaint is Due to be Dismissed for Failure to Plead Fraud with Particularity as Required by Rule 9(b) of the Federal Rules of Civil Procedure.</u>

FRCP 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It has been said that this rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged" and protecting defendants "against spurious charges of immoral and fraudulent behavior."' <u>Durham v. Business Management Associates</u>, 847 F.2d 1505, 1511 (11th Cir. 1988)(citation omitted). The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of FRCP 9(b). <u>See, e.g., Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1210 (11th Cir. 2001); <u>Hendley v. American National Fire Ins. Co.</u>, 842 F.2d 267, 269 (11th Cit. 1988); <u>Friedlander v. Nims</u>, 755 F.2d 810, 813 (11th Cir.

1985); and Summer v. Land & Leisure, Inc., 664 F.2d 965, 970 (5th Cir. 1981).

To satisfy the particularity requirement, a plaintiff must aver "(1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." United States ex rel Clausen v. Lab Corp. of America, 290 F.3d 1301, 1310 (11th Cir. 2002)(citations omitted).  In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which form the basis of a plaintiff's claim against a particular defendant. See, Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1381 (11th Cir. 1997); see also, Friedlander v. Nims, 755 F.2d at 813.

Here, Plaintiffs generally allege that Defendants misrepresented, concealed, and/or destroyed scientific evidence regarding alleged health hazards of asbestos. Plaintiffs fail to plead any particularities as to the alleged fraudulent conduct of Oakfabco, Inc., if, in fact, this allegation is directed to Oakfabco, Inc. Given Plaintiffs' failure to set forth specific facts as to any alleged fraud, their Complaint is due to be dismissed for failure to comply with FRCP 9(b).

III.    Affirmative Defenses

As additional defenses, Oakfabco, Inc., asserts that the filing of Plaintiffs' Complaint fails to set forth causes of action upon which relief may be granted.

Oakfabco, Inc., asserts that this Court lacks personal jurisdiction.

Oakfabco, Inc., asserts insufficiency of process.

Oakfabco, Inc., asserts insufficiency of service of process.

Oakfabco, Inc., asserts venue is improper.

Oakfabco, Inc., asserts that the Plaintiffs' Complaint is bared by *res judicata*.

Oakfabco, Inc., asserts that some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

Oakfabco, Inc., asserts any and all affirmative defenses and arguments asserted by other named defendants, as if more fully set out herein.

IV.  <u>Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e) of the Federal Rules of Civil Procedure.</u>

Rule 12(e) of the Federal Rules of Civil Procedure provides: [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party can not reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." As discussed, <u>supra</u>, Plaintiffs' Complaint fails to identify any allegations against Oakfabco, Inc., or to put Oakfabco, Inc., on notice as to the transactions or occurrences that form the basis of their claims. Plaintiffs fail to aver any dates, places, or other facts surrounding their alleged use of a Oakfabco, Inc., product and how the use of such product contributed to their alleged injuries. Oakfabco, Inc., cannot properly respond to what amounts to no allegations against it. As such, Oakfabco, Inc., alternatively moves for this Court's

1

Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to FRCP 12(e).

V.    Conclusion

In consideration of the foregoing premises, Oakfabco, Inc., respectfully requests that the Court dismiss Plaintiffs' Complaint for failure to comply with the Federal Rules of Civil Procedure. Oakfabco, Inc., further adopts and incorporates by reference all other arguments set forth by the other named defendants in their respective motions to dismiss. Alternatively, Oakfabco, Inc., moves this Court for its Order requiring Plaintiffs to provide a more definite statement of their claims.

Respectfully submitted this 6th day of February, 2008.

/s/ S. Christopher Collier
S. Christopher Collier
Alabama Bar No. ASB-2343-C56S

HAWKINS & PARNELL, LLP
303 Peachtree St. NE, #4000
Atlanta, GA 30308
404-614-7400
Fax 404-614-7500
E-mail: ccollier@hplegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROBERT D. BELUE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | FILE NO. 2:06-CV-1034-WKW |
| ASBESTOS DEFENDANTS: | : | |
| A.O. SMITH ELECTRICAL | : | |
| PRODUCTS COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2008. I have electronically filed the foregoing with the Clerk of Court via the CM/ECF system.

Respectfully submitted,

/s/ S. Christopher Collier
S. Christopher Collier
Alabama Bar No. ASB-2343-C56S

HAWKINS & PARNELL, LLP
303 Peachtree St. NE, #4000
Atlanta, GA 30308
404-614-7400
Fax 404-614-7500
E-mail: ccollier@hplegal.com

10367636v.1