## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**IN RE: ASBESTOS PRODUCTS**
**LIABILITY LITIGATION (NO. VI)**                **MDL DOCKET NO. 875**

**This Document Relates To:**
**ROBERT D. BELUE, et al. vs.**
**A. O. SMITH ELECTRICAL**
**PRODUCTS, ET AL.**

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **ROBERT D. BELUE, ET AL.** | ) | |
| | ) | |
| **PLAINTIFFS** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **VS.** | ) | **2:06CV1034-WKW** |
| | ) | |
| **A. O. SMITH ELECTRICAL** | ) | |
| **PRODUCTS, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

**BP AMOCO CHEMICAL COMPANY'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR IN THE ALTERNATIVE MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e); AND MOTION TO REQUIRE PARTICULARITY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE  9(b)**

Defendant BP Amoco Chemical Company [hereinafter BP Amoco], by and through its attorneys

of record, Forman Perry Watkins Krutz & Tardy LLP, hereby moves this Honorable Court as follows:

1.      The complaint in this cause was filed on November 17, 2006. A copy of the complaint

is attached hereto as Exhibit "A."

2.      The summons was issued by the court on January 18, 2008, some four hundred twenty-seven (427) days after the filing of the complaint. A copy of the summons and complaint was served on BP Amoco by certified mail from the attorney for the plaintiffs on January 24, 2008, four hundred thirty-eight (438) days after the filing of the complaint. A copy of the summons and acknowledgment is attached hereto as Exhibit "B."

3.      Pursuant to Fed. R. Civ. P. Rule 4(m), this action should be dismissed as to BP Amoco due to plaintiffs' failure to serve this defendant with the summons and complaint within one hundred twenty (120) days after filing of the complaint. Dismissal without prejudice is proper if service of the summons and complaint is not effectuated within one hundred twenty (120) days after filing of the complaint and no good cause for lack of service is shown.

4.      Good cause has not and cannot be shown as to why service was not had upon BP Amoco within one hundred twenty (120) days after the filing of the instant complaint. Plaintiffs' service of the summons and complaint in this action on BP Amoco is clearly untimely, as this complaint was served more that thirteen (13) months after the filing of this action.

5.      BP Amoco reserves all defenses it may have in this cause, and the filing of this Motion to Dismiss shall not be considered a waiver thereof.

WHEREFORE, PREMISES CONSIDERED, BP Amoco Chemical Company moves this Honorable Court to dismiss this claim with all costs assessed to plaintiffs.

In the alternative:

2

6.       BP Amoco submits that the allegations of the Complaint filed in this matter, a copy of which is attached as Exhibit "A," fails to state a claim upon which relief can be granted.

7.       Specifically, the Complaint fails to allege which specific products manufactured, distributed or "contracted" by which particular defendant to which the plaintiffs and/or plaintiffs' decedents were allegedly exposed, at which particular worksite(s) during which time period(s) of their approximately seventy-three (73) year work histories.

8.       Moreover, no specific allegations are made against any particular defendant, rather the complaint broadly alleges that the defendants were negligent, grossly negligent or otherwise manufactured defective products. Plaintiffs' Complaint in this matter consists of nothing more than a series of conclusory allegations of law. *See* Complaint at paragraphs 74 - 124. It is well-established that such allegations should be dismissed for failure to state a claim. See *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 124 (Ala. 2003) ("Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.") (citing *Next Century Communications Corp. v. Ellis*, 318 F. 3d 1023, 1025 (11th Cir, 2003)); *Marsh v. Butler County, Ala.*, 268 F 3d 1014, 1036, n. 16 (11th Cir. 2001) ("in light of the usual pleading requirements of Federal Rules of Civil Procedure 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.")

As Judge Bowdre explained in *Sidney S. Chancelor, et al. v. Air Liquide America Corp., et al.*, in the United States District Court for the Northern District of Alabama, Southern Division, Civil Action No.: CV-04-BE-2554-S, where:

3

> ... the Complaint alleges generally that different groups of Defendants
> negligently manufactured equipment, failed to inform of possible danger,
> etc., the Complaint forces the defendants to guess what they each may
> have done to injure the plaintiffs, and when, where or how. All seventy-
> five defendants must therefore answer with abandon, pleading every
> conceivable affirmative defense simultaneously risking the possibility that
> they may inadvertently fail to plead the one good defense relevant to
> whatever as-yet-unknown specific claims against them discovery may
> reveal.

Exhibit "C" [October 8 Order], p. 2.

9.    Generally speaking, the complaint fails to put BP Amoco, or any other defendant, on notice

as to the claims that they are to defend against. Accordingly, Plaintiffs' Complaint should be dismissed

unless and until they replead with specific facts as to which of the defendants' products injured the plaintiffs

and/or plaintiffs' decedents, as well as specific facts regarding work sites, locations, and how defendants'

products allegedly injured plaintiffs and/or plaintiffs' decedents.

WHEREFORE, PREMISES CONSIDERED, BP Amoco Chemical Company prays that this

Honorable Court will dismiss the Complaint filed against them, for failing to state a claim upon which relief

can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the alternative:

10.    Rule 12(e) of the Federal Rules of Civil Procedure requires that a party, who has filed a

pleading that is so vague or ambiguous that the opposing party cannot reasonably be required to frame a

responsive pleading, correct the details complained of and provide the details desired.

11.    BP Amoco would most respectfully show unto this Honorable Court that for all of the

4

reasons set forth and asserted above, it is impossible for BP Amoco to adequately prepare a defense of

the plaintiffs' claims without knowing, inter alia: (1) the products of BP Amoco, if any, which are claimed

to be defective; (2) when, where, and under what conditions the plaintiffs and/or plaintiffs' decedents were

allegedly exposed to such products; (3) the name of the plaintiffs and/or plaintiffs' decedents employers

at the time of alleged exposure; (4) the addresses of the work sites in issue; (5) the type of work being

performed by the plaintiffs and/or plaintiffs' decedents at the time of their alleged exposure to BP Amoco's

products; and, (6) when, how, and under what circumstances the plaintiffs and/or plaintiffs' decedents were

diagnosed with an asbestos-related condition.

12.     BP Amoco is entitled to be fairly apprized as to the nature of the claims against it, the nature

of the disease which the plaintiffs and/or plaintiffs' decedents contend they have incurred, as well as the

precise nature of the defects in the product(s) associated with BP Amoco or the specific acts of negligence

charged against it.

13.     In a similar case, *Charlotte Mae Fikes v. Aerofin Corporation, et al.*, in the United

States District Court for the Northern District of Alabama, Southern Division, Civil Action No.: 2:05-CV-

1864-RDP, Judge R. David Proctor issued an order on September 30, 2005, regarding this same issue

in which he ordered that the plaintiff:

> (1)     include a separate count for each cause of action that
> specifically delineates which claims are asserted against
> which Defendant;
>
> (2)     assert a proper factual basis for each claim with sufficient
> detail to put Defendants on notice of the claims against

5

them (e.g., identity of product(s), manufacturer(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, identification of how other Defendant(s) contributed to the alleged exposure(s));

(3)     plead with particularity any fraud claims in accordance with Rule 9(b) (e.g., identity of manufacture(s), purchaser(s) and any other party who allegedly concealed information, time frame of alleged concealment, and identity of person(s) who allegedly concealed information); and

(4)     ensure that each claim pled has a proper legal basis.

*See* Order attached as Exhibit "D."

WHEREFORE, PREMISES CONSIDERED, BP Amoco Chemical Company prays that this Honorable Court will order plaintiffs to file a new Amended Complaint, setting forth a more definite statement of their claims such that BP Amoco is placed on notice as to the charges being made against it so that it might adequately prepare a defense and responses to same, and to conduct meaningful discovery in order to appropriately frame the issues before this Honorable Court.

14.     Additionally, BP Amoco would respectfully show unto this Honorable Court that the plaintiffs make vague and uncertain allegations as to BP Amoco and/or other defendants concerning fraud, without stating the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, BP Amoco Chemical Company respectfully requests that this Honorable Court require the plaintiffs to amend their pleadings, in order to set forth specifically and in detail, with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, sufficient averments.

6

15.     BP Amoco specifically reserves and does not waive all other available defenses it may

have in this cause, and pray for such other relief as this court may deem appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 6th day of February, 2008.

//s// Laura D. Goodson
RICHARD M. CRUMP (CRUMR6839)
DONALD C. PARTRIDGE (PARTD6713)
LAURA D. GOODSON (GOODL0579)

ATTORNEYS FOR BP AMOCO CHEMICAL COMPANY

OF COUNSEL:
**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre, Suite 100
Post Office Box 22608
Jackson, MS 39225-2608
(601) 960-8600
(601) 960-8613 [facsimile]

7

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**IN RE: ASBESTOS PRODUCTS**
**LIABILITY LITIGATION (NO. VI)**                    **MDL DOCKET NO. 875**

**This Document Relates To:**
**ROBERT D. BELUE, et al. vs.**
**A. O. SMITH ELECTRICAL**
**PRODUCTS, ET AL.**

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT D. BELUE, ET AL.** ) | |
| ) | |
| **PLAINTIFFS** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| **VS.** ) | **2:06CV1034-WKW** |
| ) | |
| **A. O. SMITH ELECTRICAL** ) | |
| **PRODUCTS, ET AL.,** ) | |
| ) | |
| **DEFENDANTS** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: G. Patterson Keahey, Jr., Esq., counsel for the plaintiffs, and all defense counsel of record, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none at this time.

Respectfully submitted,

//s// Laura D. Goodson
RICHARD M. CRUMP (CRUMR6839)
DONALD C. PARTRIDGE (PARTD6713)
LAURA D. GOODSON (GOODL0579)

THE UNITED STATE DISTRICT COURT RECEIVED
MIDDLE DISTRICT OF ALABAMA

2006 NOV 17  P 4 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **ROBERT D. BELUE;** | ) |
| | ) |
| **JACK BOYER;** | ) |
| | ) |
| **BETTY COX,** Individually and as | ) |
| Representative of the Estate of **HAROLD W.** | ) |
| **COX, SR.;** | ) **CIVIL ACTION** |
| | ) Case No. |
| **JOHNNY A. DAVIS;** | ) |
| | ) |
| **ETHEL EVANS,** Individually and as | ) |
| Representative of the Estate of **MELVIN** | ) |
| **EVANS;** | ) |
| | ) |
| **ISSAC L. GIBSON;** | ) |
| | ) **JURY DEMAND** |
| **SARA JONES,** Individually and as | ) |
| Representative of the Estate of **CHARLES** | ) |
| **R. JONES;** | ) |
| | ) |
| **BARBARA JONES,** Individually and as | ) |
| Representative of the Estate of **WALTER** | ) |
| **JONES;** | ) |
| | ) |
| **JUDY PARTAIN,** Individually and as | ) |
| Representative of the Estate of **MAVIS** | ) |
| **KELLY;** | ) |
| | ) |
| **RONALD NORRIS;** | ) |
| | ) |
| **PENELOPE PERAKIS;** | ) |
| | ) |
| **WALTER POWELL;** | ) |
| | ) |
| **JAMES PRUITT;** | ) |
| | ) |

EXHIBIT

A

DONNA CAGLE, Individually and as )
Representative of the Estate of EDWIN )
SEMEVOLOS; )
)
FRANK WALTHER; )
)
Plaintiffs )
)
vs. )
)
ASBESTOS DEFENDANTS: )
)
A.O. SMITH ELECTRICAL )
PRODUCTS COMPANY, a division of )
A.O. SMITH CORPORATION; )
)
A.O. SMITH CORPORATION; )
)
ALBANY INTERNATIONAL; )
)
ALLIS-CHALMERS CORPORATION; )
)
AMERICAN STANDARD, INC.; )
)
ARVINMERITOR, INC.; )
)
ASTEN JOHNSON, INC., individually )
and as successor-in-interest to ASTEN, )
INC., successor-in-interest by way of name )
change to ASTEN GROUP, INC., formerly )
trading as ASTEN-HILLS )
MANUFACTURING CO.; )
)
BAYER CROPSCIENCE, INC., )
individual and as successor to AVENTIS )
CROPSCIENCE USA, INC. f/k/a )
RHONE-POULENCE AG CO., f/k/a )
AMCHEM, PRODUCTS, INC., )
BENJAMIN FOSTER CO.; )
)

2

BELL & GOSSETT, a subsidiary of ITT
INDUSTRIES;

BECHTEL CONSTRUCTION
COMPANY;

BONDEX INTERNATIONAL INC.;

BORG WARNER CORPORATION by
its successor in interest, BORGWARNER
MORSE TEC INC.;

BP AMERICA, as successor in interest to
AMOCO CHEMICAL COMPANY,
AMOCO CHEMICALS COMPANY,
PLASKON ELECTRONIC MINERALS,
AVISUNCORP., CARBORUNDUM,
ATLANTIC RICHFIELD
COMPANY/ARCO METALS, as
successor in interest to ANACONDA
AMERICAN BRASS COMPANY,
AMERICAN BRASS COMPANY, and
ANACONDA COMPANY;

BP AMOCO CHEMICAL COMPANY;

BUFFALO PUMP INC.;

CLARK-RELIANCE CORPORATION;

CLEAVER BROOKS, a division of
AQUA CHEM;

CONWED CORPORATION;

COOPER INDUSTRIES, LLC, f/n/a
COOPER INDUSTRIES, INC.,
individually and as successor-in-interest to
CROUSE-HINDS;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

3

CRANE CO., individually and as successor                )
in interest to DEMING PUMP,                             )
CYCLOTHERM, HYDRO-AIRE,                                 )
LEAR ROMEC, RESISTOFLEX,                                )
SWARTWOUT CO., STOCKHAM                                 )
VALVE COMPANY, WEINMAN PUMP                             )
COMPANY, CHEMPUMP, and BURKS                            )
PUMPS;                                                  )
                                                        )
CRANE PUMPS SYSTEMS, individually                      )
and as successor to all pump companies                  )
acquired by CRANE;                                      )
                                                        )
CUTLER HAMMER, currently referred to                    )
as EATON ELECTRICAL, INC.;                              )
                                                        )
EATON CORPORATION;                                      )
                                                        )
EMERSON ELECTRIC CO.;                                   )
                                                        )
EXTECO, INC., f/k/a THERMO                              )
ELECTRIC CO., INC.;                                     )
                                                        )
FMC CORPORATION, individually and                       )
on behalf of its former CONTRUCTION                     )
EQUIPMENT GROUP, and former                             )
PEERLESS PUMP DIVISION, COFFIN                           )
TURBO PUMPS, and CHICAGO PUMP,                           )
business;                                               )
                                                        )
FLAME REFRACTORIES, INC.;                               )
                                                        )
FOSECO, INC.;                                           )
                                                        )
FOSTER-WHEELER CORPORATION;                              )
                                                        )
GARLOCK SEALING                                         )
TECHNOLOGIES L.L.C.;                                    )
                                                        )
GENERAL ELECTRIC CO.;                                   )

4

GOODYEAR TIRE AND RUBBER CO.;                )
                                             )
GOULDS PUMPS INC.;                           )
                                             )
HARNISCHFEGER CORPORATION;                   )
                                             )
HOBART BROTHERS COMPANY;                     )
                                             )
HONEYWELL, INC., specifically                )
excluding liability for NARCO,               )
individually and as successor to ALLIED      )
SIGNAL, BENDIX, WHEELABRATOR,                )
RUST ENGINEERING, AND ALLIED                 )
CHEMICAL;                                    )
                                             )
IMO INDUSTRIES, INC., formerly IMO           )
DE LAVAL, formerly TRANSAMERICA              )
DE LAVAL TURBINE;                            )
                                             )
INDUSTRIAL HOLDINGS                          )
CORPORATION, f/k/a THE                       )
CARBORUNDUM COMPANY;                         )
                                             )
INGERSOLL-RAND COMPANY;                      )
                                             )
ITT INDUSTRIES INC.;                         )
                                             )
JOHN CRANE, INC., f/k/a JOHN                 )
CRANE PACKING COMPANY;                       )
                                             )
KAISER GYPSUM COMPANY, INC.;                 )
                                             )
KELLY-MOORE PAINT COMPANY,                   )
INC.;                                        )
                                             )
THE LINCOLN ELECTRIC                         )
COMPANY;                                     )
                                             )
MAREMONT CORPORATION;                        )
                                             )

METROPOLITAN LIFE INSURANCE
COMPANY;

NIKKO MATERIALS USA, INC., d/b/a
GOULD ELECTRONICS, INC.,
individually and as successor in interest to
GOULDS, INC., IMPERAL
CORPORATION, EASTMAN
CORPORATION, IMPERIAL
EASTMAN CORPORATION, ITE
CIRCUIT BREAKER COMPANY, and
CENTURY ELECTRIC;

OAKFABCO INC., successor-in-interest to
KEWANEE BOILER;

OGLEBAY NORTON COMPANY;

OWENS-ILLINOIS, INC.;

P&H CRANES;

PNEUMO ABEX LLC, successor in
interest to ABEX CORPORATION;

RAPID AMERICAN  CORPORATION;

ROCKWELL AUTOMATION, successor
by merger to ALLEN-BRADLEY CO.,
LLC;

SQUARE D COMPANY;

STANDARD EQUIPMENT COMPANY,
INC.;

SUNBEAM PRODUCTS
INCORPORATED, f/k/a SUNBEAM
CORPORATION;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

6

SURFACE COMBUSTION;                          )
                                             )
TH AGRICULTURE & NUTRITION,                  )
LLC;                                         )
                                             )
THE MARLEY-WYLAIN COMPANY,                   )
d/b/a WELL-MCLAIN COMPANY,                   )
INC.;                                        )
                                             )
UNION CARBIDE CORPORATION;                   )
                                             )
UNIROYAL FIBER AND TEXTILE &                 )
DIVISION OF UNIROYAL, INC.;                  )
                                             )
VIACOM INC., successor by merger to          )
CBS CORPORATION f/k/a                        )
WESTINGHOUSE ELECTRIC                        )
CORPORATION;                                 )
                                             )
            Defendants.                      )
                                             )

## COMPLAINT

Plaintiffs allege and complain against the above-named Defendants, and

each demands a jury trial of all issues and causes of actions:

## JURISDICTION

This Court has subject jurisdiction over this case pursuant to 28

U.S.C. § 1332. Plaintiffs are resident citizens of the State of Alabama, Georgia,

Texas, Massachusetts, Pennsylvania, South Carolina, South Dakota,

Mississippi, and Utah, and Defendants are corporations whose principal places

of business are in states other than those listed. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the Court.

## STATUTE OF LIMITATIONS

"Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit, and statutes of limitations are considered substantive" *Van Buskirk v Cary Canandian Mines, Ltd.*760 F.2d 481(3rd Cir. Pa., 1985). Therefore, the Alabama Statute of limitations, and other related statutes, apply to this case.

## BACKGROUND FACTS — THE PLAINTIFFS

1.    Plaintiff **ROBERT D. BELUE,** a resident of Rogersville, Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as a Laborer at General Motors in Cleveland, Ohio in 1956; as a Laborer at National Carven in Cleveland, Ohio in 1957; as an Electrician at

Monsanto Corporation in Decatur, Alabama from 1964-1966; as a Contractor

at Amoco in Decatur, Alabama from 1978-1999; around furnaces, boilers,

turbines, and other industrial equipment in his workplace, which contained

significant amounts of asbestos-containing products and materials.

   Plaintiff was diagnosed with Asbestosis on or about October 13, 2006.

   2.    Plaintiff **JACK BOYER,** a resident of Reading, Pennsylvania,

contracted one or more asbestos-related diseases including Asbestosis.

Plaintiff was continually exposed to asbestos-containing products, produced,

manufactured, specified for use, installed, distributed, sold and/or placed into

the stream of commerce by defendants as specified herein during his

employment, and in his environment while employed.

   During the course of his employment, Plaintiff worked, including but

not limited to, as an Unpacker at Ted Smith Appliances in Reading,

Pennsylvania from 1942-1945; as a Carpenter at Carpenters Local 492 in

Reading Pennsylvania in 1950; as a Carpenter at WN Moyer in Quakertown,

Pennsylvania in the 1950's; as a Carpenter at Johns Manville in Reading,

Pennsylvania in the 1950's; as a Maintenance person in the Reading School

District in Reading, Pennsylvania from 1960-1987; as a Laundryman in the

Navy aboard the USS Hydrus from 1944-1946; around furnaces, boilers,

turbines, and other industrial equipment in his workplace, which contained

significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Asbestosis on or about January 1, 2005.

3.    Plaintiff Betty Cox's Decedent, **HAROLD W. COX, SR.** a former

resident of Dora, Alabama, contracted one or more asbestos-related diseases

including Lung Cancer from which he died.  Decedent was continually exposed to

asbestos-containing products, produced, manufactured, specified for use, installed,

distributed, sold and/or placed into the stream of commerce by defendants as

specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked,

including but not limited to, U.S. Air Force in Trenton, New Jersey and Libya

as a Communications Expert; at Bama Demolition in Birmingham, Alabama

from 1964-1967 as a Foreman; at Hancock Hauling in Birmingham, Alabama

in 1968 as a Driver; at W.J. Bullock in Fairfield, Alabama from 1970-1971 as

a Smelter/Driver; as a Self-employed Truck Driver from 1995-1997; at

Landspan Truck Lines in Atlanta, Georgia in 1972 as a Truck Driver; at G&B

Trucking in Clanton, Alabama, from 1992-1994 as a Bus Driver; at Crow Bus

Lines in Dothan, Alabama in 1990 as a Tour Bus Driver; at Bama Wrecking

Company in Birmingham, Alabama from 1969-1970; at Southern States Demo

in Birmingham, Alabama from 1973-1975 as a Demolition Expert; at Gaston

Energy Resources in Birmingham, Alabama from 1976-1977 as a Loader; at

W.J. Bullock in Fairfield, Alabama from 1978-1982 as a Shipping Clerk; at

Salvage One Demolition in Birmingham, Alabama from 1984-1986 as a

Foreman; at E and L Bus Leasing in Alabaster, Alabama from 1987-1988 as a

Tour Bus Driver; around furnaces, boilers, turbines and other industrial

equipment in his workplace, which contained significant amounts of asbestos-

containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to

asbestos and asbestos-containing materials and products, on or about, February

2, 2005. This case is brought by his spouse, Betty Cox, a resident of Dora,

Alabama.

4.    Plaintiff **JOHNNY A. DAVIS,** a resident of Red Bay, Alabama

contracted one or more asbestos-related diseases including Asbestosis.

Plaintiff was continually exposed to asbestos-containing products, produced,

manufactured, specified for use, installed, distributed, sold and/or placed into

the stream of commerce by defendants as specified herein during his

employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but

not limited to, as a Laborer at Johns Manville in Waukegan, Illinois from

1968-1973; as a Laborer in the U.S. Army on Cargo Ships in Virginia, Alaska,

Texas; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Asbestosis on or about July, 13, 2006.

5.     Plaintiff Ethel Evans' Decedent **MELVIN EVANS** a former resident of Whatley, Alabama, contracted one or more asbestos-related diseases including Cancer from which he died.  Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, MW Smith Lumber in Jackson, Alabama from 1960-1968 as a Loader of Lumber; McMillan Bloedell in Pine Hill, Alabama from 1968-1987 as a Press Operator;  around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about,

November 12. 2005. This case is brought by his spouse, Ethel Evans, a resident of Whatley, Alabama.

6.    Plaintiff **ISAAC L. GIBSON,** a resident of Valley, Alabama, contracted one or more asbestos-related diseases including Other Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as a Worker at Lanier Mill in Fairfax, Alabama from 1989 - 2006; as a Laborer/Machinist at Riverdale Mill in Riverview, Alabama from 1957-1989; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Other Cancer on or about September 28, 2005.

7.    Plaintiff Sara Jones' Decedent **CHARLES R. JONES** a former resident of Wadley, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured,

13

specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, a Laborer at Amoco Fabrics and Fibers in Roanoke, Alabama from 1994-2004; as a Laborer at Sharmet Mills in Valley, Alabama from 1990-1994; as a Laborer at Hanley Mills in Roanoke, Alabama in 1980; as a Laborer at Laynette Mills in Valley, Alabama; in the U.S. national Guard in South Carolina from 1958-1968; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 12, 2004. This case is brought by his spouse, Sara Jones, a resident of Wadley, Alabama.

8.    Plaintiff, Barbara Jones's Decedent **WALTER JONES** a former resident of Phenix City, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, U.S. Airforce as a Welder and Truck Driver in Georgia; as a Plant Worker at Uniroyal Tire in Opelika, Alabama from 1960-1991; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 25, 2004. This case is brought by his spouse and personal representative Barbara Jones, a resident of Phenix City, Alabama.

9.     Decedent **MAVIS KELLY** a former resident of Warrior, Alabama, contracted one or more asbestos-related diseases including Lung Cancer from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

15

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, U.S. Army at Maryland, Georgia and North Carolina from 1940-1960 as a Major; at Raybestos in Manheim, Pennsylvania in 1944 as an Assembly Worker; at Hayes Aircraft in 1945 in Birmingham, Alabama from 1953-1960 as an Assembly Worker/Welder; at Harrington Grocery in Warrior, Alabama as the Owner and Remodeler; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 18, 2004. This case is brought by his Personal Representative, Judy Partain, a resident of Warrior, Alabama.

10.     Plaintiff **RONALD NORRIS**, a resident of Erda, Utah, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Inspector at Kennecott in Magna, Utah from 1955-1987; as a

Delivery Person at Utah Pizza Crust Company in Salt Lake City, Utah from
1957-1958; as a Yard Worker at Davis Lumber & Hardware in Hunterm, Utah
from 1951-1954; as a Hauler of Grain at Lewis Brothers Stage in Hunter, Utah
from 1952-1954; as a Ranch Hand at Phil Marine in Big Pine, Wyoming in
1954; as a Laborer at Salt-Air Highway in 1955; as a Laborer at Stokematic in
Salt Lake City, Utah in 1958; as a Press Operator at Western paper in Salt Lake
City, Utah in 1963; as a Machinist at Kedman Company in Salt Lake City, Utah
from 1963-1964; as a Ruffneck at Phillips Oil Drilling in Ft. Briger, Wyoming
in 1968; as a Sheetmetal Worker at Salmon National Forrest in Salmon, Idaho in
1968; as a Sheetmetal Worker at Midwest in Murray, Utah in 1968; around
furnaces, boilers, turbines, and other industrial equipment in his workplace,
which contained significant amounts of asbestos-containing products and
materials.

Plaintiff was diagnosed with Pleural Disease on or about November 22,
2004.

11.    Plaintiff **PENELOPE PERAKIS,** a resident of Medford,
Massachusetts, contracted one or more asbestos-related diseases including
Pleural Disease. Plaintiff was continually exposed to asbestos-containing
products, produced, manufactured, specified for use, installed, distributed,

17

sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Engraver at Navy Yard in Charlestown, Massachusetts in 1949; as a Taper of Pipes at General Electric in Lynn, Massachusetts from 1949-1952; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Pleural Disease on or about January 1, 2005.

12.    Plaintiff **WALTER POWELL,** a resident of Columbus, Georgia, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Engineer in the U.S. Army in Fort Leonardwood, Missouri from 1970-1973; as an Engineer in the U.S. Army in Vietnam from 1970-1973; as an Engineer in the U.S. Army at Fort Benning, Georgia from

1970-1973; as an Engineer in the U.S. Army at Fort Knox, Kentucky from 1970-1973; as a Machine Operator at Columbus Foundries in Columbus, Georgia from 1974-2006; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Lung Cancer on or about November 19, 2004.

13.    Plaintiff **JAMES R. PRUITT,** a resident of Crossville, Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as a Cutter/Welder at Shiticker Construction in Guntersville, Alabama from 1986-1987; as a Cutter Welder at Yancy & Yancy in Albertville, Alabama from 1982-1986; as a Cutter/Welder at Invesco in Ider, Alabama from 1981-1982; as a Cutter/Welder at Georgia Renduring in Rome, Georgia from 1962-1963; as a Builder of Roads at Pendergrass Construction in Decatur, Alabama from 1956-1958; as a Welder at Garwood Industries in

Wayne, Michigan from 1954-1956; as a Welder/Mad in Nova, Michigan for

six months; as a Drill Press Operator at Murray Bodies in Detroit, Michigan in

1953; as a Truck Driver in the US Army in Arlington, Virginia from 1958-

1960; as a Packing Person at Colonial Poultry in Albertville, Alabama in

1952; as a Grinder at A.J. Stove Foundry in Gadsden, AL from 1952-1953; as

a Mechanic at Burgreen Construction in Crossville, Alabama from 1956-1958;

as a Cutter/Welder at Geraldine Rendering in Geraldine, Alabama from 1963-

1975; as a Self-employed Cutter/Welder in Crossville, Alabama from 1976-

1981; around furnaces, boilers, turbines, and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing

products and materials.

Plaintiff was diagnosed with Asbestosis on or about December 20, 2004.

14.    Plaintiff, Donna Cagle's Decedent **EDWIN SEMEVOLOS** a

former resident of New Market, Alabama, contracted one or more asbestos-

related diseases including Lung Cancer from which he died.  Decedent was

continually exposed to asbestos-containing products, produced, manufactured,

specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, and in

his environment until his death.

20

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, U.S. Army at Ft. Sheriden, Illinois from 1958-1960 as an Installer of Missiles; at Midas Muffler in Huntsville, Alabama as a Specialist; at DePaul Hospital in New Orleans, Louisiana from 1960-1960 as a Boiler Room Operator; at St. Vincent's Infant in New Orleans, Louisiana from 1970-1972 as a Boilermaker; in Sara Mayo Hospital in New Orleans, Louisiana from 1971-1972 as a Boilermaker; at National Gypsum Company in New Orleans, Louisiana from 1972-1973 as a Boilermaker; at Goodyear Tire Company in Minot, North Dakota from 1973-1974 as an Installer; at Trinity Medical Center in Minot, North Dakota from 1973-1978; at Midas Muffler in Huntsville, Alabama from 1979-1983 as an Installer; as a Self-Employed Sheet Metal Worker in Huntsville, Alabama from 1983-2002; around furnaces, boilers, turbines and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, February 11, 2005. This case is brought by his personal representative Donna Cagle, a resident of New Market, Alabama.

15.    Plaintiff **FRANK WALTHER,** a resident of Coppell, Texas, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed.

During the course of his employment, Plaintiff worked, including but not limited to, as an Electrician at National Value Manufacturing in Pittsburg, Pennsylvania from 1960-1990; as a Maintenance Person at Heritage Health Care in Bountiful, Utah from 1992-2005; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff was diagnosed with Lung Cancer on or about January 4, 2005.

## BACKGROUND FACTS — THE DEFENDANTS

16.    The Plaintiffs adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

17.     The term "Producer Defendant" refers to each and every one of those defendants which produced and/or manufactured asbestos-containing products and/or materials and placed the asbestos-containing products and/or materials into the stream of commerce.

18.     The following defendants are "Producer Defendants". (The asbestos-containing products produced by each defendant that have been identified at plaintiffs workplace, during his employment years there, are set out hereinbelow).

19.     **A.O. SMITH ELECTRICAL PRODUCTS COMPANY**, a division of **A.O. SMITH CORPORATION** is a New York corporation whose principal place of business is 11270 West Park Place, 1 Park Plaza, Milwaukee, Wisconsin 53224

   - Asbestos containing products, including but not limited to Electrical Products including, but not limited to Motors.

20.     **A.O. SMITH CORPORATION** is a New York corporation whose principal place of business is 11270 West Park Place, 1 Park Plaza, Milwaukee, Wisconsin  53224.

   - Asbestos containing products, including but not limited to Electrical Products including, but not limited to Motors.

23

21.    **ALBANY INTERNATIONAL** is a New York corporation whose principal place of business is 1373 Broadway, Albany, New York 12204.

   - Asbestos containing products, including but not limited to Paper Machine Clothing.

22.    **ALLIS-CHALMERS CORPORATION** is a Delaware Corporation whose principle place of business is 1126 South 70th Street, West Allis, Wisconsin, 53214.

   - Asbestos containing products, including but not limited to Boilers.

23.    **AMERICAN STANDARD, INC.** is a Delaware corporation whose principal place of business is One Centennial Avenue, Piscataway, New Jersey 08855.

   - Asbestos containing products, including but not limited to Air Conditioning Systems;

   - Asbestos containing products, including but not limited to Plumbing Products;

   - Asbestos containing products, including but not limited to Automotive Breaking Systems.

24.    **ARVINMERITOR, INC.** is a Nevada Corporation whose principal place of business is 2135 West Maple Road, Troy, Michigan, 48084.

   - Asbestos containing products, including but not limited to Asbestos

brakeshoes;

- Asbestos containing products, including but not limited to Friction

  materials.

25.    **ASTEN JOHNSON, INC.**, individually and as successor-in-

interest to **ASTEN, INC.**, successor-in-interest by way of name change to

**ASTEN GROUP, INC.**, formerly trading as **ASTEN-HILLS**

**MANUFACTURING CO.** is a Delaware corporation whose principal place of

business is 1013 Centre Road, Wilmington, Delaware 19805.

- Asbestos containing products, including but not limited to Asbestos

  Felt;

- Asbestos containing products, including but not limited to Bestmesh

  Felt;

- Asbestos containing products, including but not limited to Calcot Felt;

- Asbestos containing products, including but not limited to Syncot Felt;

- Asbestos containing products, including but not limited to Synbest

  Felt;

- Asbestos containing products, including but not limited to Thermesh

  Felt;

- Asbestos containing products, including but not limited to Ventmesh

  Felt.

26.    **BAYER CROPSCIENCE, INC.,** individual and as successor to **AVENTIS CROPSCIENCE USA, INC.** f/k/a **RHONE-POULENCE AG CO.,** f/k/a **AMCHEM, PRODUCTS, INC., BENJAMIN FOSTER CO**. is a New York corporation whose principal place of business is 600 Madison Avenue, New York, NY  10022.

- Asbestos containing products, including but not limited to Benjamin Foster Products;

- Asbestos containing products, including but not limited to Roofing Products.

27.    **BECHTEL CONSTRUCTION COMPANY** is a Nevada Corporation whose principal place of business is 50Beale Street, San Francisco, California, 94105.

- Asbestos containing products, including but not limited to Contractor liability defendant.

28.    **BELL & GOSSETT**, a subsidiary of **ITT INDUSTRIES** is an Indiana corporation whose principal place of business is 4 West Red Oak Lane, White Plains, New York 10604.  8200 N. Austin Avenue, Morton Grove, Illinois 60053.

- Asbestos containing products, including but not limited to Compressors.

29.    **BONDEX INTERNATIONAL INC.** is an Ohio corporation

whose principal place of business is 20 Casey Street, Gilroy, California 95020.

- Asbestos containing products, including but not limited to Paper

  Products;

- Asbestos containing products, including but not limited to Drywall

  Products.

30.    **BORG WARNER CORPORATION** by its successor in interest,

**BORGWARNER MORSE TEC INC.** is an Ohio corporation whose principal

place of business is 200 S. Michigan Street, Chicago, Illinois 60604.

- Asbestos containing products, including but not limited to Brake

  Linings (1971 – 1975);

- Asbestos containing products, including but not limited to Clutch

  Linings (1928 – 1980's).

31.    **BP AMERICA**, as successor in interest to **AMOCO**

**CHEMICAL COMPANY, AMOCO CHEMICALS**

**COMPANY, PLASKON ELECTRONIC MINERALS, AVISUN**

**CORP., CARBORUNDUM, ATLANTIC RICHFIELD COMPANY/ARCO**

**METALS**, as successor in interest to **ANACONDA AMERICAN BRASS**

**COMPANY, AMERICAN BRASS COMPANY, AND ANACONDA**

COMPANY is a Delaware corporation whose principal place of business is 200 East Randolph Drive, Chicago, Illinois, 60601

- Asbestos containing products, including but not limited to Grinding products.

32.    **BP AMOCO CHEMICAL COMPANY** is a Delaware corporation whose principal place of business is 200 East Randolph Drive, Chicago, Illinois, 60601.

- Asbestos containing products, including but not limited to Grinding products.

33.    **BUFFALO PUMP INC.** is a Delaware corporation whose principal place of business is 874 Oliver Street, North Tonawanda, New York 14120.

- Asbestos containing products, including but not limited to Pumps.

34.    **CLARK-RELIANCE CORPORATION** is a Delaware corporation whose principal place of business is 16633 Foltz Industrial Parkway, Strongsville, Ohio 44149.

- Asbestos containing products, including but not limited to Electric Motors.

35.   **CLEAVER BROOKS,** a division of **AQUA CHEM** is a

Wisconsin corporation whose principal place of business is 7800 North 113th

Street, Milwaukee, Wisconsin 53201.

- Asbestos containing products, including but not limited to Boilers.

36.   **CONWED CORPORATION** is a Delaware corporation whose

principal place of business is 315 Park Avenue South, 20th Floor

New York, New York 10010.

- Asbestos containing products, including but not limited to Ceiling

tiles.

37.   **COOPER INDUSTRIES, LLC,** f/n/a **COOPER**

**INDUSTRIES, INC.,** individually and as successor-in-interest to **CROUSE-**

**HINDS** is an Ohio corporation whose principal place of business is Wolf & 7th

Streets, Syracuse, NY 13221.

- Asbestos containing products, including but not limited to Electrical

Products;

- Asbestos containing products, including but not limited to Chico

Belden wire and cable;

- Asbestos containing products, including but not limited to Crouse-

Hinds electrical products ;

- Asbestos containing products, including but not limited to Chico
  packing;

- Asbestos containing products, including but not limited to Arrow-Hart
  electrical products;

- Asbestos containing products, including but not limited to Bussman
  electrical products;

- Asbestos containing products, including but not limited to Cooper
  lighting products;

- Asbestos containing products, including but not limited to McGraw-
  Edson electrical products.

38.    **CRANE CO.,** individually and as successor in interest to
**DEMING PUMP, CYCLOTHERM, HYDRO-AIRE, LEAR ROMEC,
RESISTOFLEX, SWARTWOUT CO., STOCKHAM VALVE
COMPANY, WEINMAN PUMP COMPANY, CHEMPUMP,** and
**BURKS PUMPS** is an Alaska corporation whose principal place of business
is 100 Stamford Place, Stamford, Connecticut 06902.

- Asbestos containing products, including but not limited to Gaskets;

- Asbestos containing products, including but not limited to Hydraulic
  Packing;

- Asbestos containing products, including but not limited to Ring
  Packing;
- Asbestos containing products, including but not limited to Rope
  Packing;
- Asbestos containing products, including but not limited to Yarn.

39.    **CRANE PUMPS & SYSTEMS, INC.,** individually and as successor to all pump companies acquired by **CRANE** is a Delaware corporation whose principal place of business is 420 Third Street, Piqua, Ohio, 45356.

- Asbestos containing products, including but not limited to Pumps;
- Asbestos containing products, including but not limited to Valves.

40.    **CUTLER HAMMER**, currently referred to as **EATON ELECTRICAL, INC.** is a Delaware corporation whose principal place of business is 4201 N. 27th Street, Milwaukee, Wisconsin 53216.

- Asbestos containing products, including but not limited to Electrical Products.

41.    **EATON CORPORATION** is a Delaware corporation whose principal place of business is 1209 Orange Street, Wilmington, Delaware 19801.

- Asbestos containing products, including but not limited to Industrial
  Automation Products.

42.    **EMERSON ELECTRIC CO.** is a Missouri corporation whose
principal place of business is 8000 W. Florissant Avenue, Saint Louis,
Missouri 63136.

- Asbestos containing products, including but not limited to Motors;

- Asbestos containing products, including but not limited to Starters;

- Asbestos containing products, including but not limited to Electrical
  Products.

43.    **EXTECO, INC., f/k/a THERMO ELECTRIC CO., INC.** is a
Delaware corporation whose principal place of business is 109 North 5th
Street, Saddle Brook, New Jersey 07663.

- Asbestos containing products, including but not limited to Electrical
  Wire.

44.    **FLAME REFRACTORIES, INC.** is a Florida Corporation
whose principal place of business is 339 Park Street, Jacksonville, Florida,
32204-3000.

- Asbestos containing products, including but not limited to Hot Top
  Refractories.

32

45.    **FMC CORPORATION,** individually and on behalf of its former **CONTRUCTION EQUIPMENT GROUP,** and former **PEERLESS PUMP DIVISION, COFFIN TURBO PUMPS,** and **CHICAGO PUMP,** business is a Delaware corporation whose principal place of business is 200 E. Randolph Drive, Chicago, Illinois 60601.

- Asbestos containing products, including but not limited to Pumps;

- Asbestos containing products, including but not limited to Valves;

- Asbestos containing products, including but not limited to Cranes.

46.    **FOSECO, INC.** is a New York corporation whose principal place of business is 277 Park Avenue, New York, New York 10017.

- Asbestos containing products, including but not limited to "Hot Tops"
  Insulating cements.

47.    **GARLOCK SEALING TECHNOLOGIES L.L.C.** is a Delaware corporation whose principal place of business is 1666 Division Street, Palmyra, New York 14522.

- Asbestos containing products, including but not limited to Asbestos
  Cloth (1907 – 1980);

- Asbestos containing products, including but not limited to Gaskets
  (1907 – 1980);

33

- Asbestos containing products, including but not limited to Packing
  (1907 – 1980);

- Asbestos containing products, including but not limited to Ring Packing
  (1907 – 1980);

- Asbestos containing products, including but not limited to Rope
  Packing (1907 – 1980);

- Asbestos containing products, including but not limited to Sheet
  Packing (1907 – 1980);

- Asbestos containing products, including but not limited to Sheet
  Gaskets (1907 – 1980);

- Asbestos containing products, including but not limited to Valve
  Packing (1907 – 1980).

48.     **GENERAL ELECTRIC CO.** is a New York corporation whose

principal place of business is 1 River Road, Schnecectady, New York 12301.

- Asbestos containing products, including but not limited to Cable;

- Asbestos containing products, including but not limited to Furnaces;

- Asbestos containing products, including but not limited to Turbines;

- Asbestos containing products, including but not limited to Wire;

- Asbestos containing products, including but not limited to Welding
  Electrodes;

34

- Asbestos containing products, including but not limited to Welding
  Machines.

49.    **GOODYEAR TIRE AND RUBBER CO.** is a Delaware
corporation whose principal place of business is 1144 E. Market Street.
Department 616, Akron, Ohio  44316.

- Asbestos containing products, including but not limited to Gaskets.

50.    **GOULDS PUMPS INC.** is a Delaware corporation whose
principal place of business is 300 Willow Block Office Park, Fairport, New
York 14450.

- Asbestos containing products, including but not limited to ITE
electrical products including breakers

- Asbestos containing products, including but not limited to Century
motors.

51.    **HARNISCHFEGER CORPORATION** is a Wisconsin
corporation whose principal place of business is 4400 W. National Avenue,
Milwaukee, Wisconsin 53201.

- Asbestos containing products, including but not limited to Cranes.

52.    **HOBART BROTHERS COMPANY** is an Ohio corporation
whose principal place of business is 3600 W. Lake Avenue, Glenview, Illinois
60025-5811.

- Asbestos containing products, including but not limited to Welding

   Products

- Asbestos containing products, including but not limited to Welding

   Flux;

- Asbestos containing products, including but not limited to Welding

   Electrodes;

- Asbestos containing products, including but not limited to Welding

   Machines;

- Asbestos containing products, including but not limited to Welding

   Rods.

53.    **IMO INDUSTRIES, INC.,** is an Delaware corporation whose

principal place of business is 8730 Stony Point Parkway, #150, Richmond,

Virginia, 23235.

- Asbestos containing products, including but not limited to Turbines.

54.    **INDUSTRIAL HOLDINGS CORPORATION,** f/k/a **THE**

**CARBORUNDUM COMPANY** is a New York corporation whose principal

place of business is 101 Hudson Street, Jersey City, New Jersey 07302.

- Asbestos containing products, including but not limited to Grinding

   Mills.

55. **INGERSOLL-RAND COMPANY** is a New Jersey corporation whose principal place of business is 200 Chestnut Ridge Road, Woodcliff, New Jersey 070677.

- Asbestos containing products, including but not limited to Air Compressors;

- Asbestos containing products, including but not limited to Impact Wrenches;

- Asbestos containing products, including but not limited to Blowers;

- Asbestos containing products, including but not limited to Industrial Products;

- Asbestos containing products, including but not limited to Pumps.

56. **ITT INDUSTRIES INC.** is an Indiana corporation whose principal place of business is 4 West Red Oak Lane, West Plains, New York 10604.

- Asbestos containing products, including but not limited to Compressors.

57. **JOHN CRANE, INC.**, f/k/a **JOHN CRANE PACKING COMPANY** is a Delaware corporation whose principal place of business is 6400 West Oakton Street, Morton Grove, Illinois 60053.

- Asbestos containing products, including but not limited to Gaskets;

37

- Asbestos containing products, including but not limited to Packing.

58.    **KAISER GYPSUM COMPANY, INC.** is a Washington

corporation whose principal place of business is P. O. Box 8019

Walnut Creek, California 94596.

- Asbestos containing products, including but not limited to Cover-Tex

    Wall Texture;

- Asbestos containing products, including but not limited to Dual Purpose

    Joint Compound;

- Asbestos containing products, including but not limited to Finishing

    Compound;

- Asbestos containing products, including but not limited to Joint

    Compound;

- Asbestos containing products, including but not limited to Kaiser

    Mineral Fiberboard;

- Asbestos containing products, including but not limited to K-Spray

    Ceiling Texture (1961 – 1975);

- Asbestos containing products, including but not limited to Masonry

    Cement;

- Asbestos containing products, including but not limited to Null-A-Fire

    Board (1969 – 1978);

- Asbestos containing products, including but not limited to One-Day Joint Compound;

- Asbestos containing products, including but not limited to Plastic Cement;

- Asbestos containing products, including but not limited to Plastic Cement;

- Asbestos containing products, including but not limited to Plastic Gun Cement;

- Asbestos containing products, including but not limited to Premix Finishing Compound.

59.    **KELLY-MOORE PAINT COMPANY, INC.** is a California corporation whose principal place of business is 987 Commercial Street, San Carlos, California 94070.

- Asbestos containing products, including but not limited to Bedding Cement (1960 – 1970);

- Asbestos containing products, including but not limited to Deco-Tex Ceiling Texture (1964 – 1978);

- Asbestos containing products, including but not limited to Paco All-Purpose Joint Compound (1960 – 1978);

- Asbestos containing products, including but not limited to Paco Finishing Compound (1960 – 1977);

- Asbestos containing products, including but not limited to Paco Joint Cement;

- Asbestos containing products, including but not limited to Paco Joint Compound (1960 – 1978);

- Asbestos containing products, including but not limited to Paco Quik-Set Joint Compound (1963 – 1978);

- Asbestos containing products, including but not limited to Paco Ready Mix Joint Compound (1963 – 1978);

- Asbestos containing products, including but not limited to Paco Spray Texture;

- Asbestos containing products, including but not limited to Paco Taping Compound (1970 – 1977);

- Asbestos containing products, including but not limited to Paco Texture;

- Asbestos containing products, including but not limited to Paco Texture Paint;

- Asbestos containing products, including but not limited to Paco Topping Compound (1963 – 1977);

- Asbestos containing products, including but not limited to Paco Wall

   Texture (1960 – 1978);

- Asbestos containing products, including but not limited to Paco-Tex

   Wall Texture.

60.    **THE LINCOLN ELECTRIC COMPANY** is an Ohio

corporation whose principal place of business is 22801 St. Clair Avenue,

Cleveland, Ohio 44114.

- Asbestos containing products, including but not limited to Welding

   Rods;

- Asbestos containing products, including but not limited to Welding

   Flux.

61.    **MAREMONT CORPORATION** is an Illinois corporation

whose principal place of business is One Noblitt Plaza, Columbus, Indiana

47202.

- Asbestos containing products, including but not limited to Brake

   Linings;

- Asbestos containing products, including but not limited to Brake

   Shoes.

62.    **METROPOLITAN LIFE INSURANCE COMPANY** is a New York corporation whose principal place of business is 1 Madison Avenue, New York, New York 10010.

- Insurance company.

63.    **NIKKO MATERIALS USA, INC.,** d/b/a **GOULD ELECTRONICS INC.,** individually and as successor in interest to **GOULDS, INC., IMPERIAL CORPORATION, EASTMAN CORPORATION, IMPERIAL EASTMAN CORPORATION, ITE CIRCUIT BREAKER COMPANY, AND CENTURY ELECTRIC** is an Arizona Corporation whose principal place of business is 34929 Curtis Boulevard, Eastlake, Ohio, 449095.

- Asbestos containing products, including but not limited to Electrical;
- Asbestos containing products, including but not limited to Motors and breakers.

64.    **OGLEBAY NORTON COMPANY,** is a Delaware corporation whose principal place of business is North Point Tower, 1001 Lakeside Avenue, 15th Floor, Cleveland, Ohio, 44114.

- Asbestos containing products, including but not limited to Hot Top Refractories.

65.    **OWENS-ILLINOIS, INC.** is a Delaware corporation whose principal place of business is One Segate Tax 5, Toledo, Ohio 43666.

- Asbestos containing products, including but not limited to Kaylo Block Insulation (1944 – 1958);

- Asbestos containing products, including but not limited to Kaylo Pipe Covering (1944 – 1958).

66. **P&H CRANES** is a Wisconsin corporation whose principal place of business is 4400 W. National Avenue, Milwaukee, Wisconsin 53201.

- Asbestos containing products, including but not limited to Cranes.

67. **PNEUMO ABEX LLC,** successor in interest to **ABEX CORPORATION** is a Delaware corporation whose principal place of business is One Liberty Lane, Hampton, New Hampshire 03842.

- Asbestos containing products, including but not limited to Industrial Automotive;

- Asbestos containing products, including but not limited to Aerospace Segments.

68. **RAPID AMERICAN CORPORATION** is a Delaware corporation whose principal place of business is 888 Seventh Avenue, New York, New York 10106.

- Asbestos containing products, including but not limited to Cements;

- Asbestos containing products, including but not limited to Pipe Covering.

43

69.     **ROCKWELL AUTOMATION**, successor by merger to

**ALLEN-BRADLEY CO., LLC** is a Delaware corporation whose principal

place of business is 777 E. Wisconsin Avenue, Suite 1400, Milwaukee,

Wisconsin 53202.

- Asbestos containing products, including but not limited to Pumps;

- Asbestos containing products, including but not limited to Valves.

70.     **SQUARE D COMPANY** is a Michigan corporation whose

principal place of business is 1415 South Roselle Road

Palatine, Illinois 60067

- Asbestos containing products, including but not limited to Electrical

  Products;

- Asbestos containing products, including but not limited to Braker

  Boxes;

- Asbestos containing products, including but not limited to Braker

  Panels;

- Asbestos containing products, including but not limited to Crane

  Brakes.

71.     **STANDARD EQUIPMENT COMPANY, INC.** is a Maryland

corporation whose principal place of business is 876 Vance Avenue, Menphis,

Tennessee 38126.

- Asbestos containing products, including but not limited to Industrial
  Products;

- Asbestos containing products, including but not limited to Marine
  Products.

72.    **SUNBEAM PRODUCTS INCORPORATED**, fka **SUNBEAM CORPORATION** is a Delaware corporation whose principal place of business is 100 West Tenth Street, Wilmington, Delaware, 19801.

- Asbestos containing products, including but not limited to Furnaces.

73.    **SURFACE COMBUSTION** is an Ohio corporation whose principal place of business is 2375 Dorr Street, Toledo, Ohio, 43607.

- Asbestos containing products, including but not limited to Furnaces.

74.    **TH AGRICULTURE & NUTRITION, LLC** is a Delaware corporation whose principal place of business is 100 W. 10th Street, Wilmington, Delaware  19801.

- Asbestos containing products, including but not limited to Fiber.

75.    **THE MARLEY-WYLAIN COMPANY**, d/b/a **WELL-MCLAIN COMPANY, INC.** is an Iowa corporation whose principal place of business is 1900 Shawnee Mission Parkway, Mission Woods, Kansas 66205.

- Asbestos containing products, including but not limited to Boilers;

- Asbestos containing products, including but not limited to Fuel Oil

    Heaters.

76.    **UNION CARBIDE CORPORATION** is a New York

corporation whose principal place of business is 335 Madison Avenue, New

York, NY  10017.

- Asbestos containing products, including but not limited to Asbestos

    containing products, Bakelite Panels (1939 – 1974);

- Asbestos containing products, including but not limited to Panelboard

    (1939 – 1974);

- Asbestos containing products, including but not limited to Calidria –

    Raw Fiber;

- Asbestos containing products, including but not limited to Welding

    Flux.

77.    **UNIROYAL FIBER & TEXTILE DIVISION OF**

**UNIROYAL, INC.** is a New Jersey corporation whose principal place of

business is 70 Great Hill Road, Naugatuck, Connecticut, 06770.

- Asbestos containing products, including but not limited to Asbestos

    cloth.

78.    **VIACOM INC.**, successor by merger to **CBS CORPORATION**

f/k/a **WESTINGHOUSE ELECTRIC CORPORATION** is a Delaware

corporation whose principal place of business is 1515 Broadway, New York,

New York 10036

- Asbestos containing products, including but not limited to all kinds of
  electrical products;

- Asbestos containing products, including but not limited to Wire;

- Asbestos containing products, including but not limited to Cable;

- Asbestos containing products, including but not limited to Gaskets;

- Asbestos containing products, including but not limited to Packing;

- Asbestos containing products, including but not limited to Panels;

- Asbestos containing products, including but not limited to Paper;

- Asbestos containing products, including but not limited to Turbines;

- Asbestos containing products, including but not limited to
  Transformers;

- Asbestos containing products, including but not limited to Terminals;

- Asbestos containing products, including but not limited to Breakers;

- Asbestos containing products, including but not limited to Motors;

- Asbestos containing products, including but not limited to Micarta;

- Asbestos containing products, including but not limited to Welding
  Rods;

- Asbestos containing products, including but not limited to Welding Electrodes;

- Asbestos containing products, including but not limited to Welding Machines.

79.    The term "Specifying Defendant" refers to each and every one of those defendants which specified the use of asbestos-containing products and/or materials on equipment, including both equipment it produced, manufactured, distributed, sold, and/or placed into the stream of commerce and equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by others.

80.    The term "Distributor Defendant" refers to each and every one of those defendants which distributed, sold and/or placed into the stream of commerce asbestos-containing products and/or materials, including both their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

81.    The term "Contractor Defendant" refers to each and every one of those defendants which installed asbestos-containing products and/or materials at the worksites, including both their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

48

82.    The following defendant is both a "Producer Defendant" and a "Contractor Defendant":

83.    **FOSTER-WHEELER CORPORATION** is a New York corporation whose principal place of business is 110 Lookerman Square, Dover, Delaware 19904.

- Asbestos containing products, including but not limited to Boilers;

- Asbestos containing products, including but not limited to Contract Units;

- Asbestos containing products, including but not limited to Appartemart Boiler Parts;

84    The following defendants are both "Distributor Defendants" and "Contractor Defendants":

85.    **HONEYWELL, INC.**, specifically excluding liability for **NARCO**, individually and as successor to **ALLIED SIGNAL, BENDIX, WHEELABRATOR, RUST ENGINEERING,** AND **ALLIED CHEMICAL** is a Delaware corporation whose principal place of business is Honeywell Plaza, Minneapolis, Minnesota 55408.

- Asbestos containing products, including but not limited to Pumps and Valves;

- Asbestos containing products, including but not limited to Electrical Products (controls, wires, etc.).

86.   Each defendant is sued (a) in its individual capacity, (b) as a successor in interest to each of those entities specifically identified herein as the Defendant's predecessor in interest, (c) as a successor in interest to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's predecessor in interest, (d) as an alter ego to each of those entities specifically identified herein as the Defendant's adjunct or instrumentality, and (e) as an alter ego to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's adjunct or instrumentality.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

87.   The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

88.   The Defendants acted by and through their agents, servants, and employees, and are liable for the conduct of their agents, servants, and employees. Whenever this complaint refers to Defendants' actionable conduct, it includes the conduct of Defendants' agents, servants, and employees.

89.   Whenever this complaint refers to asbestos-containing products

and/or materials, it includes, without limitation, all products and/or materials containing any amount of any form of asbestos and/or any form of talc.

90    The Defendants, at all times relevant to this complaint, knew, or in the exercise of ordinary care should have known, that asbestos was poisonous and harmful to human beings and that asbestos-containing products and/or materials posed a serious health hazard to humans, particularly in connection with the human lungs and respiratory system but also in connection with other vital organs.

91.    Plaintiffs and or Plaintiffs' Decedents were injured and/or died as a direct and proximate consequence of the conduct of the Defendants, which were negligent in some or all of the following respects:

A.    Producing and/or manufacturing and placing into the stream of commerce asbestos-containing products and/or materials.

B.    Distributing, selling, and/or placing into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

C.    Installing asbestos-containing products and/or materials at the Worksites, including both their own asbestos-containing products and/or materials produced or manufactured by others.

D.    Specifying the use of asbestos-containing products and/or materials on equipment, including both, equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendants, and on equipment produced, manufactured, distributed, sold, and/or placed into the stream of commerce by others.

E.    Marketing asbestos-containing products and/or materials to industries which Defendants knew, or should have known, would expose workers and their families to dust from such asbestos-containing products and/or materials.

F.    Failing to properly design and manufacture asbestos-containing products and/or materials.

G.    Failing to properly test asbestos-containing products and/or materials before they were released for consumer use.

H.    Failing to develop and to utilize a substitute material for asbestos-containing products and/or materials.

I.    Failing to specify for use on equipment safe substitutes for asbestos-containing products and/or materials.

J.    Failing to timely and adequately warn Plaintiffs Decedent of the dangerous characteristics and serious health hazards associated with secondary exposure to asbestos-containing products and/or materials.

K.    Failing to provide Plaintiffs Decedent's with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect the Plaintiffs Decedent from being harmed and disabled by secondary exposure to asbestos-containing products and/or materials.

L.    Failing to take precautions to protect Plaintiffs Decedent from exposure to asbestos-containing products and/or materials while Plaintiffs Decedent was an invitee on premises occupied, controlled, and/or owned by the Defendants.

M.    Failing to place timely and adequate health warnings on the containers of asbestos-containing products and/or materials, and/or on the asbestos-containing products and/or materials themselves, and/or on equipment requiring or calling for the use of asbestos-containing products and/or materials.

N.    Failing to take reasonable precautions or to exercise reasonable care to publish, to adopt, and to enforce a safety plan and/or safe method of handling and installing asbestos-containing products and/or materials.

O.    Failing to recall and/or to remove from the stream of commerce asbestos-containing products and/or materials despite knowledge of their unsafe and dangerous nature.

P.    Engaging in a conspiracy or conspiracies to affirmatively misrepresent and/or to suppress material facts about the dangers of exposure to asbestos fibers and the seriousness of the health hazard posed by asbestos fibers.

Q.    Specifically disregarding the safety of Plaintiffs Decedent and fraudulently concealing from Plaintiffs Decedent the dangerous nature of the asbestos fibers to which Plaintiffs Decedent was exposed.

R.    Otherwise (a) causing and/or contributing to cause Plaintiffs Decedent to be exposed to asbestos-containing products and/or materials and/or (b) failing to prevent Plaintiffs Decedent from being secondarily exposed to asbestos-containing products and/or materials.

92.    The Defendants' actions were negligent, reckless, and willful and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including Plaintiffs Decedent, who was exposed to asbestos-containing products and/or materials in his workplace.

## COUNT ONE

93.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

94.    The initial cause of action for personal injury and wrongful death is

grounded in the Alabama Extended Manufacturer's Liability Doctrine.

95.    The asbestos-containing products and/or materials to which Plaintiffs Decedent was exposed were unreasonably dangerous when applied to their intended use in the usual and customary manner in that:

A.    The asbestos fibers contained in the asbestos-containing products and/or materials are highly carcinogenic and otherwise injurious to the tissue of the human body when inhaled into the respiratory system or ingested into the digestive system.

B.    The asbestos fibers contained in the asbestos-containing products and/or materials are fibrous by nature and increase in friability with exposure to heat or friction or by mere passage of time, so that such asbestos fibers are subject to being readily inhaled or ingested into the respiratory and digestive systems of person in the vicinity thereof.

96.    The Defendants caused the unreasonably dangerous asbestos-containing products and/or materials to enter the market, as a result of which Plaintiffs Decedent was exposed and suffered grave and progressive bodily injuries and death.

97.    The Defendants knew or should have known in the exercise of ordinary care and diligence that the asbestos-containing products and/or materials were unreasonably dangerous. Nevertheless, the Defendants made no

effort to recall the asbestos-containing products and/or materials from any buildings, including, without limitation, the Worksites. The Defendants thus allowed Plaintiffs Decedent to be exposed to the asbestos-containing products and/or materials without warning of the dangers thereof or taking preventive measures to protect Plaintiffs Decedent from asbestos exposure, as a proximate result of which Plaintiff's Decedent suffered grave and progressive bodily injury and death.

## COUNT TWO

98.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

99.    The second cause of action for personal injury and wrongful death is grounded in legal theories of negligence and intentional tort.

100.    The Defendants acted tortiously in concert with one another, and in some instances, intentionally, to advance, to pursue or to implement agreements concerning the misrepresentation, concealment, and/or destruction of scientific and legal evidence concerning the health hazards of asbestos.

101.    The Defendants reached an agreement or understanding to inflict a wrong against Plaintiffs Decedent and other similarly situated individuals. Moreover, the Defendants' minds met on the object or course of action,

amounting to some mutual mental action coupled with an intent to commit the acts which resulted in the injuries and death to Plaintiffs Decedent. In short, the Defendants hatched a preconceived plan with unity of design and purpose to misrepresent, conceal and/or destroy scientific and/or legal evidence concerning the health hazards of asbestos. They intended to engage in a course of conduct which resulted in injuries, and the course of conduct was known to them through their officers, directors, agents, servants, and managers.

102.   The Defendants' liability is joint for all of the tortious conduct and resultant injuries, as well as for the wanton behavior of each Defendant, including the wantonness of co-conspirators not sued herein.

103.   The Defendants acted in concert along with other co-conspirators not sued herein with the intent to deceive and to misinform Plaintiffs Decedents and others about the health hazards of asbestos.

104.   Plaintiffs Decedents and others similarly situated were the targets of the intentional acts of deception and misrepresentation.

105.   In particular, the Defendants, acting through their own medical departments and in conjunction with those of their co-conspirators, including their trade associations, investigated the health hazards faced by workers, thereby learning, or in the exercise of reasonable care, having to learn, of the hazards of asbestos.

106. Acting maliciously, the Defendants initially suppressed and misrepresented the results of investigations, actively concealing the information from customers, from the users of the asbestos-containing products and/or materials, from their own workers, from the employees of contractors working upon their premises, and from governmental and medical authorities. Ultimately, however, the Defendants conspired to destroy or to alter records of knowledge in order to prevent the scientific and medical evidence from being discovered by the victims of their conspiracy and to forestall regulatory efforts and legislation intended to protect innocent workers from the invisible dusty death.

107. Each Defendant either, (a) actively took part in the suppression, concealment, misrepresentation, and eventual destruction of data and evidence, and/or (b) furthered the plan or plans by cooperation, and/or (c) lent aid or encouragement to the actual wrongdoers, and/or (d) ratified and adopted the wrongdoers' acts done for their benefit.

108. The acts of the Defendants in furtherance of their plan of deception were done intentionally or negligently, and in concert, rendering them each jointly and severally liable for the wanton behavior of the other Defendants and coconspirators not sued herein with whom they acted in concert.

109. As a result of the conspiratorial acts described above, the dangers

of asbestos to the human respiratory and digestive systems were hidden from industry in particular and society in general, with the consequences (a) that asbestos-containing products and/or materials were installed in virtually every plant and building in the United States and a large part of the rest of the industrialized world, (b) that safe substitutes were not developed by industry until after plants and buildings had already been made hazardous by the application or installation of numerous asbestos-containing products and/or materials, and (C) that a large number of people who have come into contact with asbestos-containing products and/or materials have become ill or died as a result of the inhalation or ingestion of asbestos fibers.

110. Plaintiffs Decedent was among those who worked in the hidden danger of asbestos, sometimes unaware of the presence of asbestos and always unaware of the carcinogenic and other adverse properties of asbestos fibers. As a proximate consequence of the conspiratorial acts of the Defendants in affirmatively misrepresenting and/or suppressing evidence concerning the carcinogenic and other adverse properties of the asbestos-containing products and/or materials, some of which were installed in or applied to the Worksites, Plaintiffs Decedent was caused to be exposed to, and was unable to protect himself from the asbestos fibers, and consequently, Plaintiffs Decedent was exposed to asbestos in his work environment, and thereby suffered grave and

progressive bodily injuries and death.

## **COUNT THREE**

111.  The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

112.  The third cause of action for personal injury and wrongful death is grounded in a legal theory of negligence and intentional tort.

113.  Plaintiffs Decedents were exposed to dangerous and carcinogenic asbestos fibers.

114.  The Defendants knew or should have known that Plaintiffs Decedents, in the course of their employment, were being exposed to asbestos-containing products and/or materials which would injure Plaintiffs Decedents, and the Defendants owed a duty of care to Plaintiffs Decedents to protect them from the dangers of exposure to the asbestos-containing products and/or materials.

115.  The Defendants specifically disregarded the safety and health of Plaintiffs Decedents and failed to protect them from the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed by (a) failing to warn Plaintiffs Decedents that they was being exposed to dangerous asbestos-containing products, and by (b) failing to remove the dangerous asbestos-

containing products and/or materials promptly after the Defendants became aware of their presence and the dangers thereof.

116.  The Defendants further concealed from Plaintiffs Decedents the carcinogenic and other adverse effects of the asbestos fibers to which they were exposed in their work environment.

117.  As a proximate result of the conduct of the Defendants, Plaintiffs Decedents were exposed to dangerous and carcinogenic asbestos fibers which caused them grave bodily injury and death.

### COUNT FOUR

118.  The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

119.  The fourth cause of action for wrongful death is based on legal theories of product liability, combined and concurring negligence, intentional tort, and conspiracy.

120.  As a result of Defendants' actions, Plaintiffs Decedents were exposed to unreasonably dangerous, defective, negligently manufactured and marketed asbestos-containing products and/or materials, which caused grave and progressive bodily injury to Plaintiffs Decedents and which proximately caused the death of Plaintiffs Decedents.

121.  Plaintiffs assert that they have filed suit either within the applicable State statute of limitations period, and/or within the appropriate limitations period as its commencement date is modified by 42 U.S.C. § 9658 (a)(1), (b)(4)(A) (CERCLA) and as held in *Kowalski v. The Goodyear Tire & Rubber Company, 841 F. Supp. 104, 107 (W.D.N.Y. 1994).*

## JURY DEMAND AND AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs hereby demands a trial by struck jury on all of the issues which have been or may hereafter be raised in any of the pleadings, whether filed by or on behalf of the Plaintiffs or any of the Defendants, and further demands judgment jointly and severally against all of the Defendants in an amount to be assessed by the jury as proper and just, together with all special and general damages permitted under applicable law as the Court deems proper and just.

This 17th Day of November, 2006.

Respectfully submitted,

G. Patterson Keahey, Jr. ASB-6357-A64G
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
Telephone:  (205) 871-0707
Facsimile:  (205) 871-0801
E-mail: info@mesohelp.com

*cm 8:00*
*JAN 2 4 2008*

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | ALABAMA |
|---|---|---|

ROBERT D. BELUE, et al

*ALIAS*
**SUMMONS IN A CIVIL ACTION**

V.

A.O. SMITH ELECTRICAL PRODUCTS
COMPANY, ET AL

CASE NUMBER:   2:06-CV-1034-WKW

TO: (Name and address of Defendant)

BP AMOCO CHEMICAL COMPANY
c/o It's Registered Agent:The Corporation Company
120 N. Robinson, Suite 735
Oklahoma City, OK 73120

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

G. Patterson Keahey PC
Attorney at Law
One Independence Drive
Suite 612
Birmingham, AL  35209

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

*Debra P. Hackett*                                          *1/18/08*

CLERK
_____          DATE

(By) DEPUTY CLERK

EXHIBIT
B

✎AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
              Date                    *Signature of Server*

              _____
              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/25/2008
CT Log Number 513014048

**RECEIVED**

**JAN 28 2008**

MARON MARVEL BRADLEY
& ANDERSON, P.A.
COMPLAINT PROCESSING

**TO:**     Complaint Processing
Maron & Marvel
1201 North Market Street, Suite 900
Wilmington, DE 19801

**RE:**     **Process Served in Oklahoma**

**FOR:**    BP Amoco Chemical Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert D. Belue, et al., Pltfs. vs. A.O. Smith Electrical Products Company, et al., Dfts., including BP Amoco Chemical Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | United States District Court, Middle District of Alabama, AL Case # 06-CV-1034 |
| **NATURE OF ACTION:** | Asbestos Litigation - Plaintiffs pray for judgment jointly and severally against all Defendants in an amount to be assessed by the jury for acts of negligence that resulted in personal injuries and wrongful death |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Oklahoma City, OK |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/24/2008 postmarked on 01/10/2008 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | G. Patterson Keahey PC One Independence Drive, Suite 612 Birmingham, AL 35209 205-871-0707 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 798359758312 Image SOP - Page(s): 66 Email Notification, Complaint Processing lec@maronmarvel.com CC Recipient(s) William E Maseth, Jr., via Regular Mail |
| **SIGNED: ADDRESS:** | The Corporation Company 735 First National Building Oklahoma City, OK 73102 |
| **TELEPHONE:** | 405-235-1425 |

Page 1 of  1 / CB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

SIDNEY S. CHANCELLOR,                      ]

      **Plaintiff,**                          ]

                                             ]

**and**                                    ]

                                             ]

JOHN L. PARKER,                            ]

      **Plaintiff,**                          ]    Case No. CV-04-BE-2554-S

                                             ]

**vs.**                                    ]

                                             ]

AIR LIQUIDE AMERICA CORP.,                 ]
et al.,                                    ]

                                             ]

      **Defendants.**                         ]

                                             ]

                                             ]

                                             ]

04 OCT -8 PM 2: 37

DISTRICT COURT
D. OF ALABAMA

**ENTERED**
OCT -8 2004

## ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within **20 days of the date of this order**.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing that the pleader is entitled to relief'.... 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

1



EXHIBIT

*C*

that there is some legal basis for recovery.'" *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice 1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives...while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry.

Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims against them, it also contains numerous other inadequacies–among them, failure to state with particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court would have jurisdiction over this diversity action. Furthermore, the court finds that it will be impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

2

opportunity. *Byrne*, 261 F.3d at 1130.[1] Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement. Many are even now heroically struggling to answer the complaint. Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32. The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[1]In *Byrne,* the Eleventh Circuit detailed the many evils a court would countenance by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court–among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131. The Eleventh Circuit observed in *Byrne*: "Why. . .would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id*. at 1130.

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are

MOOT.

Done and ordered this _8th_ day of October, 2004.

Karon O. Bowdre
United States District Judge

FILED
2005 Sep-30 AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLOTTE MAE FIKES,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:05-cv-1864-RDP** |
| | } | |
| **AEROFIN CORPORATION, et al.,** | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

### ORDER

In accordance with the court's rulings during the September 30, 2005 telephone conference and the memorandum opinion issued contemporaneously herewith, the following motions are **GRANTED**:

    (1)    Aqua-Chem, Inc.'s Motion for More Definite Statement (Doc. # 15);[1]

    (2)    Cleaver Brooks Company, Inc.'s Motion for More Definite Statement (Doc. # 16); and

    (3)    The Austin Company's Motion for More Definite Statement (Doc. # 40).

Plaintiff is **ORDERED** to replead her complaint **on or before October 28, 2005**, in accordance with the Federal Rules of Civil Procedure and the following specific mandates:

    (1)    include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

    (2)    assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (*e.g.*, identity of product(s),

---

[1] The motions for more definite statement filed by Aqua-Chem and Cleaver Brooks Company, Inc. request that Plaintiff provide a more definite statement in accordance with Alabama Rule of Civil Procedure 12(e). (Docs. # 15, 16, at 3). The court assumes that Defendants intended to move on the authority of **Federal** Rule of Civil Procedure 12(e), and the motions are granted on that basis.



EXHIBIT

D

tabbies

manufacturer(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, identification of how other Defendant(s) contributed to the alleged exposure(s));

(3)    plead with particularity any fraud claims in accordance with Rule 9(b) (*e.g.*, identity of manufacturer(s), purchaser(s) and any other party who allegedly concealed information, time frame of alleged concealment, and identity of person(s) who allegedly concealed information); and

(4)    ensure that each claim pled has a proper legal basis.

Given that the court has ordered repleading of the complaint, the following motions are

**DENIED WITHOUT PREJUDICE:**

(1)    Aqua-Chem, Inc.'s Motion to Dismiss (Doc. # 15);

(2)    Cleaver Brooks Company, Inc.'s Motion to Dismiss (Doc. # 16);

(3)    Georgia Pacific Corporation's Motion to Dismiss (Doc. # 22);

(4)    John Crane, Inc.'s Motion to Dismiss (Doc. # 27);

(5)    Honeywell International, Inc.'s Motion to Dismiss (Doc. # 28);

(6)    The Austin Company's Motion to Dismiss (Doc. # 40); and

(7)    Saint-Gobain Abrasives, Inc.'s Motion to Dismiss (Doc. # 44).

Moreover, having found that a stay of this litigation would promote judicial efficiency and would prevent the possibility of inconsistent pretrial rulings, the court hereby **STAYS** all proceedings in this case (with the exception of the filing of Plaintiff's amended complaint, as outlined above) pending the potential transfer of this action to the MDL proceeding established in the Eastern District of Pennsylvania.[2]

_____

[2] With the exception of the requirement that Plaintiff replead her complaint, the court intends for the stay of this case to apply to **all filings**, including required responses under Fed. R. Civ. P. 12 and Fed. R. Civ. P. 15. Accordingly, Defendants are not required to respond to Plaintiff's amended complaint until after transfer to the MDL proceeding. Moreover, the stay of this case is also

**DONE** and **ORDERED** this ___30th___ day of September, 2005.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

applicable to responses due from Defendants who have been served with Plaintiff's original complaint, but for whom the response time has not yet expired, and Defendants served after the entry of this order. Counsel for Defendants who have not yet responded to Plaintiff's original complaint should file a notice of appearance in this court.

3