IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Asbestos Products Liability Litigation (No. VI); MDL 875

Regarding:
THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT D. BELUE, ET AL. ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| V. ) | CIVIL ACTION NO. 2:06-1034 |
| ) | |
| A.O. SMITH ELECTRICAL ) | |
| PRODUCTS, CO., ET AL. ) | |
| ) | |
| DEFENDANTS ) | |

**BRIEF SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Come now Borg-Warner Corporation by its Successor, BorgWarner Morse TEC, Inc.; Exteco, Inc. f/k/a Thermo Electric Co. Inc.; and the Marley-Wylain Company d/b/a Weil-McLain Company, Inc. (hereafter "Moving Defendants") by their respective counsel and submit their brief in support of their Motion for Partial Summary Judgment. As grounds thereof, Moving Defendants would show unto the Court the following:

**I. STATEMENT OF FACTS**

There are fifteen plaintiffs in this case. Moving Defendants seek summary judgment and dismissals of the claims of 10 Plaintiffs on six different grounds.

1.      As shown at Exhibit 1, pages 2-3, Plaintiff **Robert D. Belue** had his first B readings on September 13, 2004, more than two years prior to the filing of this lawsuit on November 17, 2006, making his claims for damages in this suit barred by the Alabama statute of limitations.

2. As shown at Exhibit 2, page 2, **Harold W. Cox, Sr.** died on February 2, 2005, in Alabama. As shown at Exhibit 3, page 2, no estate had been established for Harold W. Cox as of March 27, 2008. As now more than two years has expired since Mr. Cox's death, his claims for damages in this suit are barred by the Alabama statute of limitations.

3. As shown at Exhibit 1, pages 4-5, Plaintiff **Johnny A. Davis** had his first B readings on November 2, 2004, more than two years prior to the filing of this lawsuit on November 17, 2006, making his claims for damages in this suit barred by the Alabama statute of limitations. In addition, his last date of alleged exposure was in 1973. (See Complaint, Paragraph 4). Thus, the "discovery rule" of Ala. Code § 6-2-30(b) does not apply, since his alleged last exposure was prior to May 19, 1979 and his claims for damages in this suit are barred by the Alabama statute of limitations.

4. As shown at Exhibit 2, page 3, **Melvin Evans** died on November 12, 2005, in Alabama. As shown at Exhibit 3, page 3, no estate had been established for Melvin Evans as of March 27, 2008. As now more than two years has expired since Mr. Cox's death, his claims for damages in this suit are barred by the Alabama statute of limitations.

5. As shown at Exhibit 1, pages 17-19, Plaintiff **Issac L. Gibson** had a pathology report indicating his cancer on July 11, 2002, more than two years prior to the filing of this lawsuit on November 17, 2006, making his claims for damages in this suit barred by the Alabama statute of limitations.

6. As shown at Exhibit 2, page 4, **Charles R. Jones** died on December 28, 2004, in Alabama. As shown at Exhibit 3, pages 5-7, no estate was established for Charles R. Jones until March 18, 2008. Therefore, when the Complaint was filed regarding Mr. Jones' claim on November 17, 2006, Sara Jones was not his personal representative and the wrongful death claim was not

properly filed. As Sara Jones did not file her petition to become the personal representative until March 18, 2008, there is no relation back and the claims regarding Mr. Jones are due to be dismissed pursuant to Alabama's statute of limitations.

7. As shown at Exhibit 2, page 5, **Mavis Kelly** died on December 18, 2003, in Alabama, meaning that the last available date to file a claim for wrongful death was December 18, 2005. However, this lawsuit was not filed until November 17, 2006. Therefore, this claim is barred by Alabama's wrongful death statute. Also, as shown at Exhibit 3, page 4, no estate had been established for Mavis Kelly until October 16, 2007. Therefore, even if the lawsuit had been timely filed, Ms. Partain did not timely seek letters of administration.

8. As shown at Exhibit 1, pages 6-9, Plaintiff **Walter Powell** has produced pathology reports showing that he knew or should have known of his asbestos claim on February 10, 2004. In the Complaint it is alleged that Mr. Powell is a Georgia resident. Georgia has a two years statute of limitations for asbestos claims (see Ga. Stat. Ann. § 9-3-33). Mr. Powell's pathology report is dated February 10, 2004, more than two years prior to the filing of this lawsuit on November 17, 2006, making his claims for damages in this suit barred by the Georgia statute of limitations.

9. As shown at Exhibit 2, page 6, **James Pruitt** died on September 6, 2006 in Alabama. However, this lawsuit, filed after Mr. Pruitt's death, was brought in the name of James Pruitt, who was deceased, making the filing a nullity. In addition, in the disclosures made pursuant to Administrative Order number 12 in this case, Mr. Pruitt has produced medical records indicating he knew or should have known of his claim for injury allegedly caused by asbestos product on March 10, 1987. See Exhibit 1, pages 10-14. As Mr. Pruitt did not bring his claim on or before March 10, 1989, his claim is excluded by the Alabama statute of limitations.

10.     As shown at Exhibit 2, page 7, **Edwin Semevolos** died on February 11, 2005 in Alabama. In the disclosures made pursuant to Administrative Order number 12 in this case, Plaintiff has produced medical records indicating Mr. Semevolos knew or should have known of his claim for injury allegedly caused by asbestos product on December 13, 2002. See Exhibit 1, pages 16-16. As Mr. Semevolos did not bring his claim on or before December 13, 2004, his claim is excluded by the Alabama statute of limitations. Further, even if not excluded for failure to bring the claim before December 2004, as shown at page 8 of Exhibit 3, the estate for Mr. Semevolos was not established until November 28, 2006, after the filing of this lawsuit on November 17, 2006. Therefore, even if the lawsuit had been timely filed, Ms. Cagle did not timely seek letters of administration.

## II.  ARGUMENT AND AUTHORITY

**A.     Only Estate Representatives May Bring Claims for the Deceased; There Was No Estate Established for Three Workers Whose Claims Are Part of this Action.**

Ala. Code § 6-5-410 is the Wrongful Death Statute. Subsection (a) provides that only a personal representative may commence an action for wrongful death. The claims of the following four workers were not timely brought by a personal representative: Harold Cox, Melvin Evans Mavis, Kelly, and Charles Jones.

A cause of action under the wrongful death statute is vested in the personal representative alone, who acts as an agent of legislative appointment for the purpose of effectuating public policy. *Smith v. Lilley*, 252 Ala. 425, 41 So. 2d 175 (1949); *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465 (Ala. 1979), *cert. denied* 445 U.S. 930, 63 L. Ed. 2d 763, 100 S. Ct. 1318, (1980). "Personal representative" when used in the wrongful death statute means the executor or administrator of the

testator or intestate. *Hatas v. Partin*, 278 Ala. 65, 175 So. 2d 759 (1965); *Smith v. Tribble*, 485 So. 2d 1083 (Ala. 1986).

Except in certain cases involving the death of a minor, an individual cannot maintain a wrongful death action unless the individual has been appointed personal representative of the estate of the deceased whose death is the basis of the wrongful death action. *Buck v. City of Rainsville*, 572 So. 2d 419 (Ala. 1990). Where suit was filed in the names of the husband and child of the adult deceased instead of in the name of an executor or administrator of the estate of the deceased, and no proceedings had been filed in the probate court for the appointment of an executor or an administrator, summary judgment dismissing the action was proper. *Waters v. Hipp*, 600 So. 2d 981 (Ala. 1992).

As shown at Exhibit 2 Harold Cox died on February 2, 2005, Melvin Evans died on November 12, 2005; Charles Jones died on December 28, 2004; and Mavis Kelly died on December 18, 2003. However, until October 16, 2007 no estate has been established for any of these workers. On March 18, 2008, Sara Jones made application for representative of Charles Jones' estate; over three and half years after his death. See Affidavits at Exhibit 3. Similarly, on October 16, 2007, Judy Partain was appointed representative of Mavis Kelly's estate; over four years after her death. See Exhibit 3, page 4. Therefore, as more than two years have passed since these workers died without an estate being established and the personal representative bringing a proper action, their claims should be dismissed due to failure to comply with the statute of limitations.

    **B.**     **Plaintiffs' claims are untimely because the last alleged exposure to asbestos or asbestos-containing products was prior to May 19, 1979.**

Prior to May 19, 1980, Alabama had a one-year statute of limitations for personal injury actions not resulting in death. Ala. Code § 6-2-39 (repealed 1980). Under the law as it existed prior

to May 19, 1980, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger, whether or not the full amount of damages or injuries was apparent. *Garrett v. Raytheon Co.*, 368 So. 2d 516, 520 (Ala. 1979); *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 57 (Ala. 1983).

Effective May 19, 1980, the Alabama legislature repealed § 6-2-39 and prospectively enacted a new discovery rule which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should have reason to discover the alleged injury. Ala. Code § 6-2-30(b). However, the Alabama Supreme Court held in *Tyson v. Johns-Manville Sales Corp.*, 399 So. 2d 263 (Ala. 1981), that the "discovery rule" statute of limitations that was enacted in 1980 does not apply retroactively.[1] Therefore, a personal injury plaintiff who last was exposed to asbestos prior to May 19, 1979 must bring suit within one year of the date of last exposure. *See Johnson v. Garlock, Inc.*, 682 So. 2d 25, 28 (Ala. 1996).

In the present action, Plaintiff Johnny A. Davis' last date of alleged exposure was in 1973 in Birmingham, Alabama. (See Complaint, Paragraph 4). Thus, the "discovery rule" of Ala. Code § 6-2-30(b) does not apply, since his alleged last exposure was prior to May 19, 1979. Because suit was not filed until 2007, Plaintiff Johnny A. Davis' claims are untimely and due to be dismissed as a matter of law.

### C. Summary Judgment Is Appropriate for Those Plaintiffs Who Are Alive but Whose Claim in this Suit Is Barred by the Alabama Statute of Limitations

Alabama has a two year statute of limitations, see Ala. Code § 6-2-30. As shown above, Plaintiffs Robert Belue, Johnny Davis, Issac Gibson and Edwin Semevolos all had medical records

---

[1] While the *Garrett* and *Tyson* decisions may be partially superseded by § 6-2-30, these cases are still controlling with regards to claims based on a date of last exposure prior to May 19, 1979. *See Johnson v. Garlock, Inc.*, 682 So. 2d 25, 28 (Ala. 1996).

giving knowledge or should have imparted knowledge of their claims for injuries allegedly caused by asbestos product more than two years prior to the filing of this lawsuit on November 17, 2006, making their claims for damages in this suit barred by the Alabama statute of limitations. Also, Mr. Pruitt produced medical records indicating he knew or should have known of his claim for injury allegedly caused by asbestos product on March 10, 1987. See Exhibit 1, pages 10-14. As Mr. Pruitt did not bring his claim on or before March 10, 1989, his claim is excluded by the Alabama statute of limitations.

### D. Summary Judgment Is Appropriate for That Worker Who Died Prior to the Filing of this Lawsuit, and Whose Claims Are Barred by the Statute of Limitations Found in the Alabama Wrongful Death Act

The Alabama Wrongful Death Statute provides that a claim for wrongful death must be brought within two years of the death of Plaintiff's decedent. Ala. Code § 6-5-410. As shown above, the claim regarding Mavis Kelly was not brought withing two years of death and is barred by the applicable statute of limitations.

### E. Summary Judgment Is Appropriate for That Worker Who Failed to Comply with the Alabama Statute of Limitations and the Statute of Limitations for His Own State

As shown at Exhibit 1, pages 6-9, Plaintiff **Walter Powell** has produced pathology reports showing that he knew or should have known of his asbestos claim on February 10, 2004. In the Complaint it is alleged that Mr. Powell is a Georgia resident. Georgia has a two years statute of limitations for asbestos claims (see Ga. Stat. Ann. § 9-3-33). Mr. Powell's pathology report is dated February 10, 2004, more than two years prior to the filing of this lawsuit on November 17, 2006, making his claims for damages in this suit barred by the Georgia statute of limitations.

F.   **Summary Judgment Is Appropriate Regarding the Claim of the Worker in Whose Name the Lawsuit Was Filed but Who Was Dead at the Time of the Filing of the Lawsuit Making the Claim a Nullity**

As shown at Exhibit 2, page 6, **James Pruitt** died on September 6, 2006 in Alabama. However, this lawsuit, filed after Mr. Pruitt's death, was brought in the name of James Pruitt, who was deceased, making the filing a nullity. Persuasive authority from numerous other jurisdictions support Moving Defendants' contention that Pruitt's claim is a nullity and should be dismissed with prejudice:

- A judgment for or against a dead man is usually a nullity. Our statute directs that the death of the nominal plaintiff during the pendency of the suit, shall not cause its abatement. H. & H. 584. This constitutes perhaps the only exception. **But this cannot be construed to authorize the commencement of a suit, in the name of a person no longer in existence. It matters not at what time the fact of the death of a party is made known to the court; nor in what form. The objection rises above the mere technical rules of pleading, and goes to the right of the court to proceed. It stops the cause at whatever stage it may be, whenever made known to the court**. *Humphreys v. Coleman*, 14 Miss. 205, 1846 WL 2909, at *2 (Miss.Err. & App. 1846) (emphasis added).

- Appellants moved to substitute the heirs of Peter R. Buras as parties defendant. Rule 25(a)(1) F.R.Civ.Pro., allows substitution for a deceased party where the claim is not extinguished by his death. However, as the district court noted, the rule contemplates substitution for someone who had been made a party before his death. **It is not available to the appellants in the present case since Buras predeceased the filing of the action**. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (citations omitted, emphasis added).

- Since Holochuck was dead when the action for personal injuries was commenced, that action must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint. An action cannot be brought by a deceased. 2 Barron & Holtzoff, *Federal Practice and Procedure* (1961 ed.), p. 27; *Banks v. Employers' Liability Assur. Corporation*, 4 F.R.D. 179 (W.D.Mo.1944); *MacAffer v. Boston & Maine Railroad*, 268 N.Y. 400, 197 N.E. 328 (1935). The action being void at its inception, there were no claims capable of amendment. Nor can the suit, which was for personal injuries, be treated as if it had been instituted validly on behalf of the deceased for conscious pain and suffering and wrongful death. Under Rule 17(b) the capacity of an individual to sue is determined by the law of his domicile, in this case Massachusetts, which does not permit an action to be brought

>   in the name of a decedent. *Brooks v. Boston & N. St. Ry. Co.*, 211 Mass. 277, 97 N.E. 760 (1912).
>
>   *Banakus v. United Aircraft Corporation*, 290 F. Supp. 259, 260 (So. Dist. of N. Y. 1968).

- The federal court opinions limiting the application of the rule frequently state that the filing of a complaint in the name of a deceased or incompetent person is a nullity. *Automated Info. Processing, Inc. v. Genesys Solutions Group, Inc.*, 164 F.R.D. 1 (E.D.N.Y. 1995) (defunct corporation); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259 (S.D.N.Y. 1968)(named plaintiff died thirty-five minutes before action commenced); *Schwartz v. Metro. Life Ins. Co.*, 2 F.R.D. 167 (D. Mass. 1941)(guardian not permitted to substitute for ward who was incompetent when action was commenced by ward); 6 *Moore*, supra, § 25.20; Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1951 (2d ed. 2003).

  > *Black Canyon Citizens Coalition, Inc. v. Board of County Commissioners of Montrose County*, 80 P.3d 932, 934 (Colo. App. 2003)

- We are persuaded by the combination of § 7-122-103, *Bowers Building,* and the jurisprudence applying Fed. R. Civ. P. 25, that an action filed by a nonexistent person or entity is a nullity. Thus, here, no action was commenced on February 20, 2002. The complaint was void *ab initio*, jurisdiction over the dispute was never conferred on the court, and the attempt to cure the defect after the expiration of the thirty-day period specified in C.R.C.P. 106(a)(4) failed as a matter of law.

  > *Black Canyon Citizens Coalition, Inc. v. Board of County Commissioners of Montrose County*, 80 P.3d 932, 935 (Colo. App. 2003)

- "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." (Internal quotation marks omitted.) *Isaac v. Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024, *cert. denied,* 196 Conn. 807, 494 A.2d 904 (1985). "[A] dead person is a nonexistent entity and cannot be a party to a suit." (Internal quotation marks omitted.) *Noble v. Corkin*, 45 Conn.Sup. 330, 333, 717 A.2d 301 (1998). Also, "where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction . . . One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Eder Bros, Inc. v. Wine Merchants of Connecticut, Inc.*, 275 Conn. 363, 369, 880 A.2d 138 (2005). Therefore, the plaintiff, as a deceased person, cannot be a party to a lawsuit because she is a nonexistent entity and does not have standing.

  > *Elisa Diaz v. PARCC Health Care, Inc.*, 2006 Conn. Super. LEXIS 286 (Sup. Ct of Conn. 1/30/2006)

9

- "[I]t has been held that where an action is brought in the name of a plaintiff who is dead . . ., the complaint may not be amended by substituting a plaintiff having capacity to sue." 59 *AmJur2d, Parties*, § 219, p. 679. Such, we believe, is the rule in Georgia.

    "To all civil actions brought in the courts of this State there must be a proper party plaintiff . . ." *Turner v. Kelley*, 212 Ga. 175, 176 (91 S.E.2d 356) (1956). "The plaintiff . . . may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, it is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by. [Cits.]" *Smith v. Commissioners &c. of Glynn County*, 198 Ga. 322, 323 (31 S.E.2d 648) (1944). "A dead person cannot appear as a party, real or nominal, in any action." *Sirmans v. Banks*, 217 Ga. 64, 65 (121 S.E.2d 137) (1961). "A deceased person cannot be a party to legal proceedings." *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217, 218 (154 S.E.2d 638) (1967). If, in this state, all civil "actions" must have a "proper" party plaintiff and a deceased person cannot be a party in an action, it must follow that a complaint filed in the name of a deceased person cannot commence an "action." In other words, a suit commenced in the name of a deceased person is not brought in the name of a "natural person," a deceased person having no capacity to be a "proper" litigant in the courts of this state. If "no legal party plaintiff was named in the pleadings and shown to exist [Cit.], . . . the suit is a mere nullity . . ." *Orange County Trust Co. v. Estate of Takowsky*, 119 Ga. App. 366, 367 (166 S.E.2d 913) (1969). "An action can not be maintained in a name as plaintiff which is [not] that of a natural person, . . . A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion." *Western & Atlantic R. Co. v. Dalton Marble Works*, 122 Ga. 774, 50 S.E. 978 (1905). No "action" having been commenced in the instant case, it was error to allow appellee to be substituted as the party plaintiff therein, such "substitution" being the "mere making of a party plaintiff where none had theretofore existed." *Employers' Liability Assurance Corp. v. Keelin*, 132 Ga. App. 459, 462, 208 S.E,2d 328 (1974). *See also Banakus v. United Aircraft Corp.*, 290 F.Supp. 259 (S.D. N.Y. 1968).

    *Mathews v. Cleveland*, 284 S.E.2d 634, 636 (Ga. App. 1981)

### III. CONCLUSION

Based on the foregoing, Moving Defendants respectfully request that this Court enter an Order Granting Partial Summary Judgment to all Defendants, dismissing, with prejudice, the claims of ten Plaintiffs against them and as stated in the proposed order attached as Exhibit 5.

        Respectfully submitted,

        BORG-WARNER CORPORATION BY ITS SUCCESSOR, BORGWARNER MORSE TEC, INC.; EXTECO, INC. F/K/A THERMO ELECTRIC CO. INC.; and THE MARLEY-WYLAIN COMPANY D/B/A WEIL-MCLAIN COMPANY, INC.

        s/ Rocky W. Eaton
        COUNSEL FOR SAID DEFENDANTS

Of Counsel:

Rocky W. Eaton, EAT002

Aultman, Tyner, Ruffin & Swetman, Ltd.
315 Hemphill Street
P. O. Box 750
Hattiesburg, MS 39401
Phone: 601-583-2671
Facsimile: 601-583-2677

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 1st day of April, 2008 served a copy of the above and foregoing by electronic means via the CM/ECF to those registered with the CM/ECF.

        s/ Rocky W. Eaton