**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **ROBERT D. BELUE, et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| vs. | ) | 2:06-CV-1034-WKW |
| | ) | |
| **ASBESTOS DEFENDANTS; et al.**, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Allis-Chalmers Corporation Product Liability Trust (improperly identified in the Complaint as Allis-Chalmers Corporation) (hereafter "the Trust" or "Defendant"), hereby requests that this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted, or in the alternative, pursuant to Rule 12(e), to order Plaintiffs to set forth a more definite statement of their claims in this action. This motion is based upon the following grounds:

1. Despite its length, the Complaint in this action is so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. The Complaint fails to allege the conduct, transactions, or occurrences upon which any plaintiff bases his or her claim against any particular defendant. Thus, the Complaint fails to place this Defendant or any other defendant on notice, to which they are entitled, of the nature of the claims against them.

2. Specifically, fifteen Plaintiffs have joined together to bring this suit. Other than their status as Plaintiffs in this lawsuit, these Plaintiffs have no apparent connection. From the face of the complaint, the Plaintiffs have individual claims that are vastly different. Each of the Plaintiffs raise particularized claims about his or her alleged exposure and claimed injuries. Careful review of the

Complaint reveals little or no connection among the Plaintiffs' allegations of exposure or injury. More importantly, however, the Complaint contains no allegations of any kind relating the conduct of any given Defendant to the claims of any specific Plaintiff.

3. A more definite statement of the Plaintiffs' claims in this action is required. The Plaintiffs bring forth a variety of claims against sixty-three (63) defendants for personal injury and wrongful death including negligence, intentional tort, products liability, and conspiracy. *See* Complaint, ¶¶ 93-120. However, Plaintiffs fail to identify the specific products this Defendant or any other defendant is alleged to have manufactured, sold or distributed which injured particular plaintiffs. The Complaint states for each plaintiff, "Plaintiff [or Decedent] was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment while employed." *See* Complaint at ¶¶ 1-15  Plaintiffs made no attempt to allege which of the 63 Defendants manufactured or sold the asbestos-containing products to which each Plaintiff was allegedly exposed.

4. Plaintiffs simply claim this Defendant is a "Producer Defendant" which "produced and/or manufactured asbestos-containing products and/or materials and placed the asbestos-containing products and/or materials into the stream of commerce." Complaint, at ¶¶ 17-18, 22. However, the Complaint does not indicate which of the Plaintiffs was allegedly exposed to this Defendant's or any other Defendant's products. Absent some indication of the specific products to which each Plaintiff claims harmful exposure, this Defendant simply cannot formulate any rational responsive pleading to the Plaintiffs' claims. The Plaintiffs' Complaint is essentially nothing more than a list of Plaintiffs, defendants, and worksites. The Federal Rules of Civil Procedure require more.

5.   The failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F. 3d 1075, 1129-30 (11th Cir. 2001).[1]  Based on the foregoing, it is clear that the Plaintiffs' Complaint exemplifies a "shotgun" pleading, which causes disproportionately high transaction costs for the parties and impedes the Court's ability to administer justice by consuming inordinate amounts of the Court's time in inevitable discovery disputes.  *Byrne,* 261 F. 3d at 1129, 1134.  A "shotgun" pleading does not state sufficient facts to delineate the issues and set boundaries for discovery, therefore discovery disputes are inevitable.  When faced with such a pleading, the proper relief is to require the plaintiff to file a more definite statement.  *Anderson v. District Bd. Of Trs. Of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366-67 (11th Cir. 1996).  Unless the court requires a repleader under Rule 12(e) or on its own initiative, a shotgun complaint leads to a shotgun answer.  *Byrne*, 261 F. 3d at 1129.

6.   At least one court District Court in Alabama has recently dismissed, *sua sponte*, a similar complaint alleging injury and damages from harmful exposure to silica.  *See*, Order dated October 4, 2004; *Chancellor, et al. v. Air Liquide America Corp., et al.*, CV No. 04-BE-2554-S, attached as Exhibit A.  In *Chancellor*, the Plaintiffs' complaint did not provide a basis for determining what conduct by any given defendant was alleged to provide a basis for liability.  At best, the complaint suggested only that plaintiffs had respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their]

---

[1] In *Byrne*, the Eleventh Circuit discussed in detail the many evils a court would face by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court, among them, "obstruction of justice,"  the potential for extortion, "watering down the rights of parties…to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the quene waiting to be heard." *Byrne*, 261 F. 3d at 1130, 1131.  The Eleventh Circuit observed in *Byrne*:  "Why…would a lawyer engage in shotgun pleading?  Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claims; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims."  *Id*. at 1130.

working lives…while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry. The Order provided:

> The court is acutely aware of its duty to dispose of shotgun complaints at the earliest opportunity. Many defendants have already moved the court to dismiss the Plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement. Many are even now heroically struggling to answer the complaint. Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants…

*Id*. (internal citations omitted).

7. To require Defendant to respond with an answer would require Defendant to guess at which Plaintiffs actually allege exposure to some product at some worksite, and articulate for the record, out of an abundance of caution, every possible defense to every possible combination of claims. Such a response would defeat the fundamental principal stated in Federal Rule of Civil Procedure Rule 8(e)(1) that pleadings be simple, concise, and direct. Absent some indication of which Defendants' products, if any, each plaintiff was allegedly exposed, defendants simply cannot formulate any rational responsive pleading to the Plaintiffs' claims.

8. Plaintiffs' claims should be dismissed, or in the alternative, Plaintiffs should be required by this Court to replead this Complaint so as to allege with regard to each specific defendant (1) the specific product or products manufactured by that defendant to which each of the Plaintiffs claim alleged exposure, and (2) the period of alleged exposure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests this Court dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, enter an order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e), stating in detail the facts and circumstances of Plaintiffs' alleged exposure to each separate and specific product made the basis of this suit.

/s/ Haley Andrews Cox
One of the Attorneys for Defendant
Allis-Chalmers Corporation Product Liability Trust
(improperly identified in the Complaint as Allis-Chalmers Corporation)

OF COUNSEL:

W. Larkin Radney IV (RAD008)
Haley Andrews Cox (AND095)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
(205) 581-0700
(205) 581-0799 (fax)

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 3rd day of June, 2008, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Alabama using the CM/ECF system, which will provide notice to all counsel of record.

      I further certify that I mailed a copy of the foregoing, by United States Mail, to the following counsel of record:

G. Patterson Keahey, Jr., Esq.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza
Suite 612
Birmingham, AL  35209


/s/ Haley Andrews Cox
OF COUNSEL